DAVID T. HAYEK (SBN 144116)
dhayek@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

JOHN DeLASCIO (admitted *Pro Hac Vice*)
jdelascio@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile:  312-704-3001

Attorneys for Plaintiffs
REGENT INSURANCE COMPANY and
GENERAL CASUALTY COMPANY OF WISCONSIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, a Wisconsin Corporation; GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CAMBRIA ENTERPRISES, an entity of unknown form/domicile; CAMBRIA ENTERPRISES LLC; a Minnesota Limited Liability Company; CAMBRIA COMPANY LLC; a Minnesota Limited Liability Company and DOES 1-50 inclusive, <br><br> Defendants. | Case No.: 2:25-cv-4142-HDV-AJR <br><br> **OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASES** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 83-1.3.3 and General Order No. 24-04, plaintiffs REGENT INSURANCE COMPANY and GENERAL CASUALTY COMPANY OF WISCONSIN state as follows for their objection to Defendants' notice of related cases:

1

1. On May 23, 2025, Defendants filed a Notice of Related Cases ("Notice") asserting that this action is related to another action pending in this District captioned *Cambria Company LLC v. Philadelphia Indemnity Insurance Company*, No. 24-cv-01913 (the "Cambria/Philadelphia Action"). (*See* ECF No. 18.)

2. The Notice maintains that this action and the Cambria/Philadelphia Action "arise from the same or a closely related transaction, happening, or event" because they involve the same insured and some of the same underlying actions against that insured.

3. The Notice also asserts that this action and the Cambria/Philadelphia action "call for determination of the same or substantially related or similar questions of law and fact" because both cases concern whether similar pollution exclusions bar coverage.

4. Plaintiffs disagree. To start, Defendants' Notice only identifies "one similar question of law – whether silica is a 'pollutant' under the Plaintiff-Insurers' varying pollution exclusions." (ECF No. 18, PageID #4830.)

5. More specifically, the action and the Cambria/Philadelphia Action thus far only share one coverage exclusion—the "Total Pollution Exclusion." (*See Cambria Company LLC v. Philadelphia Indemnity Insurance Company*, No. 24-cv-01913, ECF No. 59, PageID #794-95.)

6. The Cambria/Philadelphia Action does not involve any of the other *independent* bases upon which Plaintiffs in this action maintain coverage for the underlying actions is either not triggered or precluded: (i) the absence of allegations of an "occurrence"; (ii) the "Silica Or Silica-Related Dust Exclusion"; (iii) the "Expected Or Intended Injury" exclusion; and (iv) the "Pollution" exclusion (distinct from the Total Pollution Exclusion). In other words, the Cambria/Philadelphia Action concerns only a fraction of the legal and factual questions presented in this action.

7. This disparity renders the fact that the cases share a common insured and some of the same underlying actions insignificant to the question of relatedness under

Local Rule 83.1.3 because their assignment to the same judge would not prevent the "substantial duplication of labor." L.R. 83-1.3.1(c).

8.   What's more, the substantial differences between this case and the Cambria/Philadelphia Action are underscored by the similarities between this case and the related cases that Plaintiffs have noticed, which do consider the other coverage defenses at issue in this case. (*See generally* ECF No. 12.) Like this action, these two actions concern whether there has been an "occurrence" such that coverage is triggered and whether the "Silica Or Silica-Related Dust Exclusion," the "Expected Or Intended Injury" exclusion, or the "Total Pollution Exclusion" preclude coverage. (*See Hanover American Insurance Company, et al. v. Francini, Inc.*, Case No. 2:23-cv-10047, ECF No. 1, PageID #4-8; *see also Surface Warehouse, LP v. The Charter Oak Fire Insurance Company, et al.*, Case No. 2:25-cv-03895, ECF No. 13, PageID #117; ECF No. 14, PageID #138-40.)

9.   Finally, even if this case was related to the Cambria/Philadelphia Case under Local Rule 83-1.3, as it is to *Francini* and *Surface Warehouse*, and the Court were inclined to reassign the case, Section II.I.1.b of General Order No. 24-04 requires that this case be assigned to the judge presiding over *Francini* as the earlier-filed related action. *See* General Order No. 24-04, § II.I.1.b ("If the judges agree that the appropriate criteria are met, a low number transfer order will issue.").

10.   For the aforementioned reasons, Plaintiffs object to Defendants' Notice of Related Cases and respectfully request that the Court issue an order finding that this action and the Cambria/Philadelphia Action are not related under Local Rule 83.1.3.

Dated: May 28, 2025

HINSHAW & CULBERTSON LLP

By: */s/ David T. Hayek*

John DeLascio (Admitted *Pro Hac Vice* )
David T. Hayek
Attorneys for Plaintiffs
REGENT INSURANCE COMPANY
and GENERAL CASUALTY
COMPANY OF WISCONSIN

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 28, 2025, I electronically filed **PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASES** with the clerk of the court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.


                    */s/ Nora Vasquez*

4