William S. Bennett, Esq. (SBN 315537)
wbennett@sdvlaw.com
Kyle A. Rudolph, Esq. (SBN 323308)
krudolph@sdvlaw.com
**SAXE DOERNBERGER & VITA, P.C.**
One Better World Circle, Suite 300
Temecula, CA 92590
Tel: (951) 365-3145
Fax: (203) 287-8847

Bryan R. Freeman, Esq. (*Pro Hac Vice forthcoming*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice forthcoming*)
judah.druck@maslon.com
Carmen-Marie Carballo, Esq. (*Pro Hac Vice forthcoming*)
carmen.carballo@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397

*Attorneys for Cambria*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC, <br><br> Defendants/Counterclaim Plaintiffs. | Case No.  2:25-cv-4142 <br><br> **CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** <br><br> **1.) BREACH OF CONTRACT (DUTY TO DEFEND)** <br><br> **2.) DECLARATORY JUDGMENT (DUTY TO DEFEND)** <br><br> **3.) DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)** <br><br> **4.) DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)** <br><br> **5.) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING – BAD FAITH** <br><br> **(DEMAND FOR JURY TRIAL)** |

Pursuant to Fed. R. Civ. P. 8, Defendants Cambria Enterprises, Cambria Enterprises LLC,

- 1 -

| | |
|---|---|
| Case No.:<br>2:25-cv-4142 | **CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

and Cambria Company LLC ("Defendants" or "Cambria") hereby submit this Answer to the First Amended Complaint (Doc. 11) ("the FAC") of Plaintiffs Regent Insurance Company ("Regent") and General Casualty Company of Wisconsin ("GCC") (collectively "Plaintiff-Insurers"). Cambria denies each and every allegation in the FAC except as hereinafter specifically admitted, qualified, or as otherwise explained. This includes allegations in the FAC characterizing documents, which speak for themselves. Further, in accordance with Fed. R. Civ. P. 8(b), any averment by Cambria that it lacks knowledge or information sufficient to form a belief about the truth of an allegation has the effect of a denial.

## ANSWER

1.　　Insofar as paragraph 1 characterizes the nature of the Plaintiff-Insurers' action, no response is required. Cambria states that the insurance policies issued by the Plaintiff-Insurers for periods between November 1, 2005 and March 1, 2014 are documents that speak for themselves. Insofar as a response is required, Cambria admits that the policy documents included as Exhibits 2-21 to the FAC identify Cambria's business as named insureds in multiple ways, including but not limited to: Cambria Enterprises; Cambria Enterprises Inc.; Cambria Enterprises LLC; Cambria Company; Cambria Company LLC; Cambria Surfaces LLC; Quartz Surfaces; Quartz Surfaces by Cambria Inc; Quartz Surfaces by Cambria LLC. Insofar as the allegations in paragraph 1 characterize the complaints and actions in the underlying litigation, which documents and pleadings speak for themselves, no response is required. Insofar as a response is required, Cambria admits that Cambria Company LLC has been named as a defendant in various underlying bodily injury lawsuits, including but not limited to those listed in Exhibit 1 of the FAC, and Cambria denies the underlying allegations, denies the Plaintiff-Insurers' characterization of the underlying lawsuits and complaints, and respectfully refers the Court to the underlying complaints and record for their true and complete content and meaning. Cambria further denies that Exhibit 1 to the FAC is a complete listing of the underlying bodily-injury lawsuits and denies that Exhibit 1 is accurate in all respects. Any remaining allegations in paragraph 1 are denied.

2.　　Cambria admits the allegations in paragraph 2.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

3.      As to the allegations of paragraph 3, Cambria admits only that the members of Defendants Cambria Enterprises LLC and Cambria Company LLC are citizens of Minnesota.

4.      As to the allegations of paragraph 4, Cambria admits only that personal-jurisdiction over each of the Defendants in this action is not contested.

5.      Cambria admits the allegations in paragraph 5.

6.      As to the allegations in paragraph 6, Cambria admits only that an actual controversy over insurance coverage exists between Cambria and the Plaintiff-Insurers. Cambria specifically denies the Plaintiff-Insurers' contention that there is no coverage for the underlying lawsuits.

7.      As to the allegations in paragraph 7, Cambria admits that in filing this action the Plaintiff-Insurers now contend they have no duty to defend Cambria in any of the underlying lawsuits. Cambria admits that it contests the Plaintiff-Insurers' denial.

8.      As to the allegations in paragraph 8, Cambria lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

9.      As to the allegations in paragraph 9, Cambria lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

10.     As to the allegations in paragraph 10, Cambria admits only that the Named Insured Endorsements to certain comprehensive insurance policies issued by Regent, and the 11/01/2005 – 11/01/2006 commercial umbrella policy issued by GCC, identify "Cambria Enterprises" as one of many named insureds. Cambria states further that in subsequent policy years, the Named Insured Endorsements identified "Cambria Enterprises inc.," and then "Cambria Enterprises LLC," following the conversion of Cambria Enterprises Inc. to a limited liability company, as one of many named insureds. As to paragraph 10's allegations regarding the named defendants in the underlying lawsuits, the lawsuits are documents which speak for themselves and, thus, no response is required. To the extent a response is required, Cambria states that it is not aware of underlying lawsuits naming Cambria Enterprises Inc. or Cambria Enterprises LLC as a defendant. Cambria also admits that it seeks all available defense and indemnification insurance coverage under the Plaintiff-Insurers' policies for all Cambria insureds.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

11. As to the allegations in paragraph 11, Cambria admits that Cambria Enterprises LLC is a Minnesota Limited Liability Company and that all of its members are citizens of Minnesota. Cambria admits that Cambria Enterprises LLC and Cambria Enterprises Inc. are named insureds, and insureds, under Plaintiff-Insurers' policies. As to paragraph 11's allegations regarding the named defendants in the underlying lawsuits, the lawsuits are documents which speak for themselves and, thus, no response is required. To the extent a response is required, Cambria states that it is not aware of underlying lawsuits naming Cambria Enterprises Inc. or Cambria Enterprises LLC as a defendant. Cambria also admits that it seeks all available defense and indemnification insurance coverage under the Plaintiff-Insurers' policies for all Cambria insureds.

12. As to the allegations in paragraph 12, Cambria admits that Cambria Company LLC is a Minnesota Limited Liability Company and that all of its members are citizens of Minnesota. Cambria admits that Cambria Company LLC and Cambria Company Inc. are named insureds, and insureds, under Plaintiff-Insurers' policies. As to paragraph 12's allegations regarding the named defendants in the underlying lawsuits, the lawsuits are documents which speak for themselves and, thus, no response is required. To the extent a response is required, Cambria admits that underlying lawsuits identify Cambria Company LLC as a defendant. Cambria also admits that it seeks all available defense and indemnification insurance coverage under the Plaintiff-Insurers' policies for all Cambria insureds.

13. As to the allegations in paragraph 13, Defendants deny that they were and/or are the manufacturers, distributors, suppliers, sellers, importers, brokers, and/or contractors of "industrial stone products or otherwise participated in some fashion in placing these products into the stream of commerce, including within the State of California." Cambria admits only that it is a manufacturer, seller, and supplier of quartz countertops. Any remaining allegations in paragraph 13 are denied.

14. Paragraph 14 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits generally that the Plaintiff-Insurers issued general liability and umbrella/excess liability insurance policies

- 4 -

to insure Cambria between 2005 and 2014. Cambria denies that the allegations in paragraph 14 are a complete or accurate paraphrase of relevant policy terms and respectfully refers the Court to the insurance policies for their true and complete content and meaning.

15. Paragraph 15 characterizes voluminous exhibits as "[t]rue and correct copies of" twenty insurance policies, which are documents that speak for themselves. Accordingly, no response is required. Insofar as a response is required, Cambria denies the allegations. Cambria further states that certain exhibits to the FAC filed by the Plaintiff-Insurers do not include a list of applicable policy forms and endorsements.

16. Cambria denies paragraph 16, which is the Plaintiff-Insurers' characterization of "[t]he most significant provisions of the primary and excess Policies."

17. Paragraph 17 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted appears to be accurately quoted from forms CG 00011001, CG 0011204, and CG 00011207. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning.

18. Paragraph 18 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that some of the language quoted appears to be accurately quoted from forms CG 00011001, CG 0011204, and CG 00011207. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning.

19. Paragraph 19 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted appears to be accurately quoted from the "Silica or Silica-Related Dust Exclusion" (Form CG 21 96 03 05). Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any applicable silica exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

20.    Paragraph 20 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted appears to be accurately quoted from forms CG 00011001, CG 0011204, and CG 00011207. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any expected or intended injury exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

21.    Paragraph 21 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria denies the allegations of paragraph 21. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any applicable pollution exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

22.    Paragraph 22 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria denies the allegations of paragraph 22. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning.

23.    Paragraph 23 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted appears to be accurately quoted from forms within certain GCC's umbrella/excess policies. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning.

24.    Paragraph 24 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria denies the allegations of paragraph 24. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any applicable silica exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

25.    Paragraph 25 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted appears to be accurately quoted from certain GCC's umbrella/excess policy forms. Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any expected or intended injury exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

26.    Paragraph 26 characterizes insurance policy documents that speak for themselves and for which no response is required. Insofar as a response is required, Cambria admits only that the language quoted is a generally accurate quotation of the language within the "Total Pollution Exclusion With A Building Heating, Cooling and Dehumidifying Equipment Exception And A Hostile Fire Exception" (Form CU 21 52 12 05). Cambria respectfully refers the Court to the policies for their true and complete content, forms, and meaning. Cambria further denies that any applicable pollution exclusions within the policies of the Plaintiff-Insurers' apply to preclude coverage for the underlying bodily-injury lawsuits.

27.    Cambria denies paragraph 27.

28.    Cambria denies paragraph 28 and states that upon information and belief the Plaintiff-Insurers at one time decided to defend more than the underlying *Gonzalez Quiroz* case.

29.    As to the allegations in paragraph 29, Cambria admits only that on March 27, 2025, the Plaintiff-Insurers' representative Mackie LeFevre-Snee advised Cambria that "we are agreeing to participate in the defense of Cambria in the Gonzalez-Quiroz matter" and further that by follow-up letter dated April 4, 2025, Angela Cottrell advised Cambria: "As noted in our email to you from last week, it has been determined that Regent will participate in the defense of Cambria" in the Gonzalez-Quiroz case. Cambria otherwise denies the allegations of paragraph 29 and specifically denies that this decision was a "business decision."

30.    The allegations of paragraph 30 characterize complaints from the underlying bodily-injury lawsuits, which are documents that speak for themselves and, therefore, no response is required. Insofar as a response is required, Cambria admits that it is a named defendant in all of

- 7 -

| Case No.: 2:25-cv-4142 | **CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

the lawsuits listed on Exhibit 1 to the FAC. Cambria denies that Exhibit 1 to the FAC is a complete listing of the underlying bodily-injury lawsuits and denies that Exhibit 1 is accurate in all respects. Any remaining allegations in paragraph 30 are denied.

31.    As to the allegations of paragraph 31, Cambria denies that the "Gonzalez Quiroz Action is representative" of the claims and allegations in all of the other underlying bodily-injury lawsuits. Cambria denies that Exhibit 22 is an accurate copy of the underlying Third Amended Complaint in the *Gonzalez-Quiroz* matter, as Exhibit 22 does not include the first page.

32.    Paragraph 32 quotes selective allegations from the Third Amended Complaint in the *Gonzalez-Quiroz* matter, and thus characterizes a document, which speaks for itself and for which no response is required. Insofar as a response is required, Cambria denies that the Plaintiff-Insurers' characterization is complete or accurate. Cambria admits only that the Plaintiff-Insurers appear to accurately quote selective portions of the document.

33.    Paragraph 33 quotes selective allegations from the Third Amended Complaint in the *Gonzalez-Quiroz* matter, and thus characterizes a document, which speaks for itself and for which no response is required. Insofar as a response is required, Cambria denies that the Plaintiff-Insurers' characterization is complete or accurate. Cambria admits only that the Plaintiff-Insurers appear to accurately quote selective portions of the document.

34.    Paragraph 34 quotes selective allegations from the Third Amended Complaint in the *Gonzalez-Quiroz* matter, and thus characterizes a document, which speaks for itself and for which no response is required. Insofar as a response is required, Cambria denies that the Plaintiff-Insurers' characterization is complete or accurate. Cambria admits only that the Plaintiff-Insurers appear to accurately quote selective portions of the document.

35.    Paragraph 35 quotes selective allegations from the Third Amended Complaint in the *Gonzalez-Quiroz* matter, and thus characterizes a document, which speaks for itself and for which no response is required. Insofar as a response is required, Cambria denies that the Plaintiff-Insurers' characterization is complete or accurate. Cambria admits only that the Plaintiff-Insurers appear to accurately quote selective portions of the document.

Case No.:
2:25-cv-4142    **CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM**

36.    Paragraph 36 quotes selective allegations from the Third Amended Complaint in the *Gonzalez-Quiroz* matter, and thus characterizes a document, which speaks for itself and for which no response is required. Insofar as a response is required, Cambria denies that the Plaintiff-Insurers' characterization is complete or accurate. Cambria admits only that the Plaintiff-Insurers appear to accurately quote selective portions of the document.

37.    As to the allegations of paragraph 37, Cambria admits that all of the underlying lawsuits listed in Exhibit 1 to the FAC have been tendered to the Plaintiff-Insurers. Cambria further admits that the Plaintiff-Insurers initially responded to the tenders by denying coverage based on the silica exclusion in their policies. Cambria further admits that the Plaintiff-Insurers reversed their decision and agreed to defend the *Gonzalez-Quiroz* matter, but denies that this was on account of a "business decision" or based on "circumstances unique to that action." Upon information and belief, Cambria denies that this was the only underlying bodily-injury suit which the Plaintiff-Insurers decided to defend. Cambria denies the remaining allegations of paragraph 37.

## PLAINTIFF-INSURERS' FIRST CAUSE OF ACTION

38.    As to the allegations in paragraph 38, Cambria restates its answers to the preceding paragraphs as though fully stated here.

39.    Paragraph 39 is denied.

40.    Cambria admits paragraph 40.

41.    As to the allegations of paragraph 41, Cambria admits only that the Plaintiff-Insurers have now denied coverage and sought a declaration of no coverage on the bases alleged. Cambria disputes the Plaintiff-Insurers' contentions and denies that they are entitled to any relief in this action.

42.    As to the allegations of paragraph 42, Cambria admits that it disputes the bases on which the Plaintiff-Insurers now contend they have no duties to provide insurance coverage with respect to the underlying bodily injury lawsuits.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM**

43. As to the allegations of paragraph 43, Cambria admits that declaratory relief is warranted in this coverage action to determine the rights and obligations of the parties and with respect to Regent's duty to defend in the first instance.

### PLAINTIFF-INSURERS' SECOND CAUSE OF ACTION

44. As to the allegations in paragraph 44, Cambria restates its answers to the preceding paragraphs as though fully stated here.

45. Paragraph 45 is denied.

46. Cambria admits paragraph 46.

47. As to the allegations of paragraph 47, Cambria admits only that the Plaintiff-Insurers have now denied coverage and sought a declaration of no coverage on the bases alleged. Cambria disputes the Plaintiff-Insurers' contentions and denies that they are entitled to any relief in this action.

48. As to the allegations of paragraph 48, Cambria admits that it disputes the bases on which the Plaintiff-Insurers now contend they have no duties to provide insurance coverage with respect to the underlying bodily injury lawsuits.

49. As to the allegations of paragraph 49, Cambria admits that declaratory relief is warranted in this coverage action to determine the rights and obligations of the parties and with respect to Regent's duty to defend in the first instance.

### PLAINTIFF-INSURERS' THIRD CAUSE OF ACTION

50. As to the allegations in paragraph 50, Cambria restates its answers to the preceding paragraphs as though fully stated here.

51. Paragraph 51 is denied.

52. Cambria admits paragraph 52.

53. As to the allegations of paragraph 53, Cambria admits only that the Plaintiff-Insurers have now denied coverage and sought a declaration of no coverage on the bases alleged. Cambria disputes the Plaintiff-Insurers' contentions and denies that they are entitled to any relief in this action.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

54.    As to the allegations of paragraph 54, Cambria admits that it disputes the bases on which the Plaintiff-Insurers now contend they have no duties to provide insurance coverage with respect to the underlying bodily injury lawsuits.

55.    As to the allegations of paragraph 55, Cambria admits that declaratory relief is warranted in this coverage action to determine the rights and obligations of the parties and with respect to Regent's duty to defend in the first instance.

### PLAINTIFF-INSURERS' FOURTH CAUSE OF ACTION

56.    As to the allegations in paragraph 56, Cambria restates its answers to the preceding paragraphs as though fully stated here.

57.    Paragraph 57 is denied.

58.    Paragraph 58 is denied.

59.    Paragraph 59 is denied.

60.    Paragraph 60 is denied.

61.    Cambria admits paragraph 61.

62.    Paragraph 62 is denied.

63.    As to the allegations of paragraph 63, Cambria admits that it disputes the bases on which the Plaintiff-Insurers now contend they have no duties to provide insurance coverage with respect to the underlying bodily injury lawsuits.

64.    As to the allegations of paragraph 64, Cambria admits that declaratory relief is warranted in this coverage action to determine the rights and obligations of the parties and with respect to Regent's duty to defend in the first instance.

### PLAINTIFF-INSURERS' FIFTH CAUSE OF ACTION

65.    As to the allegations in paragraph 65, Cambria restates its answers to the preceding paragraphs as though fully stated here.

66.    Paragraph 66 is denied.

67.    Cambria admits paragraph 67.

68.    Paragraph 68 is denied.

- 11 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

69.     As to the allegations of paragraph 69, Cambria admits that it disputes the bases on which the Plaintiff-Insurers now contend they have no duties to provide insurance coverage with respect to the underlying bodily injury lawsuits.

70.     As to the allegations of paragraph 70, Cambria admits that declaratory relief is warranted in this coverage action to determine the rights and obligations of the parties and with respect to Regent's duty to defend in the first instance.

## PLAINTIFF-INSURERS' SIXTH CAUSE OF ACTION

71.     As to the allegations in paragraph 71, Cambria restates its answers to the preceding paragraphs as though fully stated here.

72.     As to the allegations in paragraph 72, Cambria admits that Regent is likely to pay more than $75,000 in defense costs for the underlying bodily injury lawsuits, but disputes that Regent has paid more than $75,000 to Cambria to date.

73.     Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     To the extent a response to the Plaintiff-Insurers' Prayer, Cambria denies the allegations in the Prayer and denies that the Plaintiff-Insurers are entitled to any relief in this case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff-Insurers are not entitled to the declaration they seek because they have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff-Insurers have waived any right to some or all of the relief sought in the FAC.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff-Insurers are estopped or otherwise barred from seeking or obtaining some or all of the relief sought in the FAC.

- 12 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff-Insurers have breached or repudiated their insurance contracts with Cambria and are thereby estopped or otherwise precluded from contesting any and all obligations owed under such contract.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff-Insurers are barred from seeking or obtaining some or all of the relief sought in the FAC by the doctrine of reasonable expectations.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff-Insurers are barred from seeking or obtaining some or all of the relief sought in the FAC by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff-Insurers are barred from seeking or obtaining some or all of the relief sought in the FAC by public policy.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff-Insurers are barred from seeking or obtaining some or all of the relief sought in the FAC by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff-Insurers are barred from seeking or obtaining some or all of the relief sought in the FAC because they have repudiated or breached their statutory or common-law duties.

## TENTH AFFIRMATIVE DEFENSE

10.      The allegations and relief sought in the FAC potentially subject Cambria to the risk of inconsistent adjudications in this action and the underlying litigation and may require that Cambria, in demonstrating the existence of its right to coverage under one or more of the Policies, identify facts and arguments detrimental to its position in the underlying litigation. For these reasons, Cambria is entitled to, and reserves the right to seek, phased proceedings in this litigation, including a stay of indemnification issues pending resolution of the underlying litigation.

- 13 -

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Cambria reserves its right to plead additional affirmative defenses as they become known.

WHEREFORE, Cambria requests that the Court deny all relief requested by the Plaintiff-Insurers, dismiss the FAC with prejudice, and award Cambria its reasonable attorneys' fees, costs, expenses, disbursements, interest on those amounts, and all other relief that is allowed by law or otherwise just, appropriate, necessary or proper.

**COUNTERCLAIM**

For their Counterclaim against Plaintiffs and Counterclaim Defendants Regent and GCC, the Defendants and Counterclaim Plaintiffs Cambria Company LLC, Cambria Enterprises LLC, and Cambria Enterprises ("the Cambria Parties") state and allege as follows:

**NATURE OF THE ACTION**

1.     This is an insurance coverage action arising out a multitude of underlying lawsuits filed against Cambria Company LLC (hereinafter "Cambria") by third parties alleging bodily injury from the fabrication and installation of quartz slabs manufactured and sold by Cambria for use in homes and businesses (the "Bodily Injury Lawsuits"). See Exhibit 1 to the First Amended Complaint ("FAC") of Regent and GCC. (ECF No. 11-1.)

2.     Cambria did not perform any of the fabrication or installation in question. Cambria did not employ any of the underlying plaintiffs. Cambria sold solid quartz slabs.

3.     The underlying plaintiffs allege bodily injuries caused by exposure to harmful substances in their workplaces generated during the fabricating, drilling, polishing, grinding, and installing of quartz surface products and other products over years of working with such products.

4.     All but a handful of the underlying Bodily Injury Lawsuits are pending in California state courts in the counties of Los Angeles, San Francisco, and Orange.

5.     Cambria timely noticed and tendered these lawsuits to Regent and GCC pursuant to the primary and umbrella/excess liability insurance policies they issued to insure the Cambria Parties.

6.     Regent and GCC have improperly denied insurance coverage to Cambria.

- 14 -

7.     In fact, just two months ago, on March 27, 2025, Regent had agreed to defend Cambria, in recognition that its insurance policies provided potential coverage for certain underlying Bodily Injury Lawsuits, specifically the underlying *Gonzalez-Quiroz* case.

8.     But Regent and GCC have now reversed their position on the duty to defend in just two months, claiming their decision to defend *Gonzalez-Quiroz* was simply a "business decision."

9.     By refusing to provide coverage for the Bodily Injury Lawsuits and failing to fulfill the promises in their insurance policies, Regent and GCC have breached their insurance contracts and damaged Cambria.

10.     In this action, the Cambria Parties seek an award of damages for Regent and GCC's breaches of contract, a corresponding declaration of coverage, Cambria's coverage-action attorneys' fees resulting from Regent and GCC's breaches of their duties to defend and indemnify, and all relief allowed by law, including but not limited to 10% prejudgment interest under Cal. Civ. Code § 3289.

**THE PARTIES**

11.     Counterclaim Plaintiff Cambria Enterprises LLC is a Minnesota limited liability company with its principal place of business in Minnesota. The LLC members of Cambria Enterprises LLC are Minnesota citizens.

12.     Counterclaim Plaintiff Cambria Company LLC (hereinafter "Cambria") is a Minnesota limited liability company with its principal place of business in Minnesota. The LLC members of Cambria are Minnesota citizens.

13.     Upon information and belief, Counterclaim Defendant Regent Insurance Company is a corporation organized under the laws of Wisconsin, with its principal place of business in New York.

14.     Upon information and belief, Counterclaim Defendant General Casualty Company of Wisconsin is a corporation organized under the laws of Wisconsin, with its principal place of business in New York.

- 15 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**JURISDICTION**

15.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred within this judicial district.

**STATEMENT OF FACTS**

*The Cambria Policies*

17.     Regent sold comprehensive insurance policies, including primary commercial general liability coverage, to insure the Cambria Parties for the periods spanning November 1, 2005 to March 1, 2014 ("the Regent Primary Policies").

18.     GCC sold commercial insurance policies, including excess and umbrella liability coverage, to insure Cambria for policy periods spanning November 1, 2005 to March 1, 2014 ("the GCC Umbrella Policies").

19.     The Regent Primary Policies bear the policy number CCI0399958.

20.     The GCC Umbrella Policies bear the policy number CCU0399958.

21.     The Declarations of the Regent Primary Policies state that each policy contains a general aggregate, products-completed operations aggregate, and per-occurrence limit of $1,000,000.

22.     The Declarations of the GCC Umbrella Policies state that each policy contains aggregate and per-occurrence limits of $10,000,000.

23.     Collectively, the Regent Primary Policies and GCC Umbrella Policies are referred to hereinafter as the "Regent and GCC Insurance Policies."

24.     The Regent and GCC Insurance Policies generally obligate Regent and GCC to pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury caused by an occurrence that takes place during the subject Policy's (or Policies') period(s), subject to the exhaustion of any applicable deductibles, retentions, and/or underlying policy limits.

- 16 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM**

25.    The Regent and GCC Insurance Policies additionally obligate Regent and GCC to defend Cambria against any suit seeking those damages, *i.e.*, damages because of bodily injury caused by an occurrence that takes place during the subject Policy's (or Policies') period(s), subject to the exhaustion of any applicable deductibles, retentions, and/or underlying policy limits.

26.    None of the Regent Primary Policies include any applicable deductibles, retentions, and/or underlying policy limits.

27.    The term "bodily injury" is generally defined in the Regent and GCC Insurance Policies to include bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

28.    The term "occurrence" is generally defined in the Regent and GCC Insurance Policies to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

29.    The Cambria Parties are insureds under all of the Regent and GCC Insurance Policies.

### *The Underlying Bodily Injury Lawsuits*

30.    Beginning in January of 2020, Cambria was named in lawsuits brought by persons alleging bodily injuries in connection with Cambria's sale of quartz surface slabs sold by Cambria to third parties to be fabricated and installed in homes and businesses.

31.    The Bodily Injury Lawsuits name Cambria as a defendant and a multitude of other non-Cambria parties, including but not limited to other manufacturers of quartz surface products.

32.    A list of the underlying Bodily Injury Lawsuits currently at issue in this case is attached as Exhibit 1 to the FAC of Regent and GCC (ECF No. 11-1).

33.    All but a handful of the Bodily Injury Lawsuits are pending in California state courts in the counties of Los Angeles, San Francisco, and Orange.

34.    With very few exceptions, the Bodily Injury Lawsuits listed in Exhibit 1 to the FAC allege exposure to Cambria's products and bodily injuries within Regent and GCC's policy periods (*i.e.*, November 1, 2005 to March 1, 2014).

- 17 -

35. The cases included in the above list of Bodily Injury Lawsuits may increase as additional suits are brought. The Cambria Parties reserve the right to seek relief with respect to any additional suits, including through amendment of the pleadings if necessary.

36. None of the underlying plaintiffs in the Bodily Injury Lawsuits are former Cambria employees.

37. The allegations in the Bodily Injury Lawsuits are based on the alleged manufacture and distribution of Cambria quartz surface slabs.

38. The underlying plaintiffs in the Bodily Injury Lawsuits allegedly worked at third-party fabrication/installation businesses which fabricated and installed quartz slabs, through cutting, grinding, and polishing slabs for use in homes and businesses.

39. The Bodily Injury Lawsuits generally allege that the plaintiffs were exposed to harmful substances in their workplaces caused by unsafe fabrication, drilling, polishing, and installation of quartz surface products.

40. The Bodily Injury Lawsuits include allegations of conspiracy, negligence, and that Cambria's products were defectively designed and "unreasonably dangerous." The lawsuits include claims of negligence, strict liability (warning and design defect), fraudulent concealment, breach of warranty, and loss of consortium.

41. The Bodily Injury Lawsuits are active and ongoing.

### Regent and GCC's Wrongful Denials of Coverage

42. Cambria timely noticed and tendered the Bodily Injury Lawsuits to Regent and GCC under the Regent and GCC Insurance Policies over time as the Lawsuits were commenced.

43. When Regent and GCC initially responded to the tenders, including via communications of March 12, 2020, November 10, 2023, March 15, 2024, October 15, 2024, November 20, 2024, December 4, 2024, December 12, 2024, December 13, 2024, January 31, 2025, February 2, 2025, and February 3, 2025, Regent and GCC denied coverage.

44. Regent and GCC relied on silica exclusions to deny coverage.

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

45. On March 25, 2025, Cambria's counsel sent Regent and GCC a coverage letter, explaining that their denial of coverage was wrongful, requesting that Regent and GCC reverse their denial of coverage and defend Cambria in the underlying Bodily Injury Lawsuits.

46. In particular, Cambria urged Regent and GCC to reconsider their denial based on the fact that, unlike the earliest set of Bodily Injury Lawsuits, the later suits included independent allegations of bodily injuries from exposure to volatile organic compounds ("VOCs").

47. VOCs are not silica.

48. VOCs are different from silica.

49. On the morning of March 27, 2025, Mackie LeFevre-Snee responded on behalf of Regent and GCC and advised: "I am writing to let you know that we are taking the points made in your attached letter very seriously and we are working as quickly as we can to get you our response…"

50. Later that day, on March 27, 2025, Mr. LeFevre-Snee advised via email: "I am writing to let you know that we are agreeing to participate in the defense of Cambria in the *Gonzalez-Quiroz* matter, docket 24STCV01477 (Cal. Super. Ct. Los Angeles Co.) pursuant to a full reservation of all rights, remedies and defenses under the applicable policies, at law, and in equity…. With regard to the remaining silica lawsuits against Cambria, our analysis and consideration of your points is ongoing and we will provide our coverage positions to you as soon as possible."

51. Regent and GCC then requested a host of information regarding the underlying Bodily Injury Lawsuits, and also asked to have a call with Cambria.

52. A call between representatives for Regent/GCC and Cambria and its representatives took place the morning of March 28, 2025.

53. At the beginning of that call between Regent/GCC and Cambria and their representatives, Mr. LeFevre-Snee stated that the group would be "working together for a while," indicating to Cambria that Regent would be defending Cambria in the multitude of Bodily Injury Lawsuits similarly situated to *Gonzalez-Quiroz*.

- 19 -

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

54. On the call, Mr. LeFevre-Snee remarked that the points in Cambria's coverage letter were compelling.

55. On the call, Mr. LeFevre-Snee also indicated that Regent and/or GCC were providing a defense to other insureds in the same Bodily Injury Lawsuits for which Cambria was seeking a defense.

56. On April 4, 2025, Regent confirmed in a formal letter that it would defend Cambria with respect to the *Gonzalez-Quiroz* case and advised it would follow up with respect to the other Bodily Injury Lawsuits.

57. Among other things, Regent requested that Cambria provide Regent with copies of Cambria's insurance policies.

58. On April 29, 2025, Cambria did that, providing Regent with the Regent and GCC policy-related documentation Cambria had in its possession.

59. Cambria, likewise, asked Regent and GCC to provide Cambria with complete copies of any liability insurance policies issued for Cambria by Regent or GCC.

60. Cambria also repeatedly followed up with representatives of Regent and GCC, asking when Cambria would receive confirmation of coverage for the many other Bodily Injury Lawsuits similarly situated to *Gonzalez-Quiroz*.

61. Regent and GCC did not provide copies of their insurance policies as requested (at least, prior to the filing of their FAC), and they did not respond with their coverage position as to the other Bodily Injury Lawsuits similarly situated to *Gonzalez-Quiroz*, which they agreed to defend.

62. Instead, Regent and GCC sued Cambria.

63. Regent and GCC's denial of coverage is wrongful. The terms and exclusions in the Regent and GCC Insurance Policies do not preclude coverage for the underlying Bodily Injury Lawsuits.

Case No.: 2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**COUNT ONE**
**(BREACH OF CONTRACT—DUTY TO DEFEND)**
**(REGENT POLICIES)**

64. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

65. The Regent Primary Policies are contracts between Regent and Cambria.

66. The Bodily Injury Lawsuits are covered claims under the Regent Primary Policies, triggering Regent's duty to defend Cambria.

67. None of the purported coverage defenses and/or policy exclusions asserted by Regent apply to the Bodily Injury Lawsuits, and they do not eliminate Regent's coverage obligations.

68. Regent has breached the insurance-contracts and its duties to provide coverage to Cambria by refusing to provide coverage for the Bodily Injury Lawsuits.

69. As a direct result of Regent's breaches of contract and breach of their duties to defend, Cambria has been damaged and will be damaged in an amount to be determined at trial.

**COUNT TWO**
**(DECLARATORY JUDGMENT—DUTY TO DEFEND)**
**(REGENT POLICIES)**

70. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

71. Pursuant to 28 U.S.C. § 2201(a), the Court has the authority to declare the rights, status, and other legal relations of the Parties.

72. A justiciable controversy exists between Cambria and Regent regarding Regent's coverage obligations under the Regent Primary Policies with respect to the Bodily Injury Lawsuits.

73. Cambria is entitled to a judicial declaration that Regent must defend Cambria for the Bodily Injury Lawsuits under the Regent Primary Policies.

74. Cambria is additionally entitled to a declaration that Regent is obligated to reimburse Cambria for all prior defense fees, costs and expenses.

- 21 -

**COUNT THREE**
**(BREACH OF CONTRACT—DUTY TO INDEMNIFY)**
**(ALL CAMBRIA POLICIES)**

75.    The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

76.    The Regent and GCC Insurance Policies are contracts between Regent and Cambria, and GCC and Cambria.

77.    The Bodily Injury Lawsuits are covered claims under the Regent and GCC Insurance Policies, triggering Regent and GCC's respective duties to indemnify Cambria for any damages Cambria may be obligated to pay with respect to the Bodily Injury Lawsuits.

78.    The exclusions in the Regent and GCC Insurance Policies do not apply to the claims and allegations in the Bodily Injury Lawsuits.

79.    Regent and GCC have breached the Regent and GCC Insurance Policies by denying and repudiating their respective responsibilities to indemnify Cambria with respect to the Bodily Injury Lawsuits.

80.    As a direct result of Regent and GCC's breaches of contract, Cambria has been damaged and will be damaged in an amount to be determined at trial.

**COUNT FOUR**
**(DECLARATORY JUDGMENT—DUTY TO INDEMNIFY)**
**(ALL CAMBRIA POLICIES)**

81.    The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

82.    Pursuant to 28 U.S.C. § 2201(a), the Court has the authority to declare the rights, status, and other legal relations of the Parties.

83.    A justiciable controversy exists between Cambria and Regent and GCC regarding Regent and GCC's respective duties to indemnify Cambria with respect to the Bodily Injury Lawsuits under the Regent and GCC Insurance Policies.

- 22 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

84. Cambria is entitled to a judicial declaration that Regent and GCC have a duty to indemnify Cambria with respect to any damages Cambria may be obligated to pay with respect to the Bodily Injury Lawsuits.

## COUNT FIVE
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING—BAD FAITH)
### (REGENT)

85. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

86. This Count is asserted against Regent.

87. The covenant of good faith and fair dealing is implied by law into the Regent Primary Policies. The covenant requires that Regent exercise its rights responsibly and in a manner so as to avoid injury to Cambria. The covenant requires that Regent refrain from unreasonable acts that deny Cambria the benefits of the Policies it purchased, or fail to treat the interests of Cambria on par with Regent's own interests, or otherwise frustrate the purpose of the insurance that Regent sold.

88. Upon information and belief, for months, if not years, prior to confirming Regent would defend Cambria in the *Gonzalez-Quiroz* case on March 27, 2025, Regent and/or GCC had agreed to defend other insureds similarly situated to Cambria in the same underlying Bodily Injury Lawsuits, all the while maintaining its denial of coverage to Cambria in a way that was internally inconsistent and incompatible with the covenant of good faith and fair dealing.

89. Upon information and belief, Regent made the internal decision that it had a duty to defend all of the underlying Bodily Injury Lawsuits similarly situated to the *Gonzalez-Quiroz* case, with its independent VOC allegations, and not just *Gonzalez-Quiroz*.

90. Upon information and belief, Regent's contention that its determination to defend *Gonzalez-Quiroz* was merely a "business decision," and not grounded in Regent's assessment of its duty to defend under applicable law, is misleading and/or a misrepresentation.

91. Regent's denial of coverage under the circumstances alleged in this Counterclaim is unreasonable, wrongful, and a breach of the covenant of good faith and fair dealing.

- 23 -

92.     By wrongfully and unreasonably refusing to provide coverage to Cambria for the Bodily Injury Lawsuits, Regent has unreasonably denied insurance benefits due to Cambria.

93.     As a result of Regent's breaches of the covenant of good faith and fair dealing, Cambria has been harmed and suffered damages, including but not limited to incurring attorneys' fees and costs.

94.     Regent's unreasonable denial of insurance benefits due was a substantial factor in causing Cambria's harm and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Cambria Parties request judgment and declaratory relief in their favor and against Regent and GCC, providing the Cambria Parties with the following:

A.     An award of all damages allowed by law, including all consequential damages flowing from Regent and GCC's breaches of their insurance contracts and including all past unreimbursed defense fees and costs;

B.     A declaration that Regent has breached its duty to defend and that Regent must provide Cambria with a full defense for the Bodily Injury Lawsuits;

C.     A declaration that Regent and GCC are obligated to indemnify Cambria in connection with the Bodily Injury Lawsuits;

D.     An award of all damages allowed by law, including all consequential damages flowing from Regent's breaches of the covenant of good faith and fair dealing;

E.     An award of Cambria's coverage-action attorneys' fees;

F.     An award of all interest allowed by law, including but not limited to ten percent prejudgment interest under Cal. Civ. Code § 3289;

G.     A phased case schedule, to be determined, which will first provide for adjudication of the duty to defend in this case;

H.     A stay of resolution of indemnity issues in this case, until such time as determination of Regent and GCC's duties to indemnify are appropriate;

I.     An award of all other relief that this Court deems just, appropriate, necessary, and proper.

- 24 -

## <u>DEMAND FOR JURY TRIAL</u>

The Cambria Parties hereby demand a trial by jury on all matters and issues so triable.

Dated:  May 29, 2025

Respectfully submitted,

By: */s/ William S. Bennett*

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
 Kyle A. Rudolph, Esq.

Maslon LLP
Bryan R. Freeman, Esq. (*PHV forthcoming*)
Judah A. Druck, Esq. (*PHV forthcoming*)
Carmen-Marie Carballo, Esq. (*PHV forthcoming*)

**Attorneys for Cambria**

- 25 -

Case No.:
2:25-cv-4142

**CAMBRIA'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM**