William S. Bennett, Esq. (SBN 315537)
wbennett@sdvlaw.com
Kyle A. Rudolph, Esq. (SBN 323308)
krudolph@sdvlaw.com
**SAXE DOERNBERGER & VITA, P.C.**
One Better World Circle, Suite 300
Temecula, CA 92590
Tel: (951) 365-3145
Fax: (203) 287-8847

Bryan R. Freeman, Esq. (*Pro Hac Vice forthcoming*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice forthcoming*)
judah.druck@maslon.com
Carmen-Marie Carballo, Esq. (*Pro Hac Vice forthcoming*)
carmen.carballo@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397

***Attorneys for Cambria***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN,

Plaintiffs/Counterclaim Defendants

vs.

CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC,

Defendants/Counterclaim Plaintiffs.

CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC,

Third-Party Plaintiffs,

vs.

Case No. 2:25-cv-4142

**CAMBRIA'S THIRD-PARTY COMPLAINT**

1.) **BREACH OF CONTRACT (DUTY TO DEFEND)**

2.) **DECLARATORY JUDGMENT (DUTY TO DEFEND)**

3.) **BREACH OF CONTRACT (DUTY TO INDEMNIFY)**

4.) **DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)**

5.) **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING – BAD FAITH**

**(DEMAND FOR JURY TRIAL)**

THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY,

Third-Party Defendants.

Pursuant to Fed. R. Civ. P. 14, Third-Party Plaintiffs Cambria Enterprises LLC and Cambria Company LLC (collectively, the "Cambria Parties"), by and through their attorneys, allege the following in support of their Third-Party Complaint against Third-Party Defendants The Phoenix Insurance Company ("Phoenix"), Travelers Property Casualty Company of America ("Travelers" and collectively with Phoenix, the "Travelers Third-Party Defendants"), Zurich American Insurance Company ("Zurich"), Navigators Insurance Company ("Navigators"), National Surety Corporation ("National Surety"), and Great American Insurance Company ("Great American, and collectively with the Travelers Third-Party Defendants, Zurich, Navigators, National Surety, and Great American, the "Third-Party Defendant Insurers").

## NATURE OF THE ACTION

1. This is an insurance coverage action arising out a multitude of underlying lawsuits filed against Cambria Company LLC ("Cambria") by third parties alleging bodily injury from the fabrication and installation of quartz slabs manufactured and sold by Cambria for use in homes and businesses (the "Bodily Injury Lawsuits"). *See* Exhibit 1 to the First Amended Complaint ("FAC") of Plaintiffs Regent Insurance Company and General Casualty Company of Wisconsin ("the Plaintiff-Insurers") (ECF No. 11-1.)

2. Cambria did not perform any of the fabrication or installation in question. Cambria did not employ any of the underlying plaintiffs. Cambria sold solid quartz slabs.

3. The underlying plaintiffs allege bodily injuries caused by exposure to harmful substances in their workplaces generated during the fabricating, drilling, polishing, grinding, and installing of quartz surface products and other products over years of working with such products.

4. All but a handful of the underlying Bodily Injury Lawsuits are pending in California state courts in the counties of Los Angeles, San Francisco, and Orange.

5. Cambria timely noticed and tendered these lawsuits to the Third-Party Defendant Insurers pursuant to the commercial liability insurance policies issued by them.

6. The Third-Party Defendant Insurers have improperly denied coverage to Cambria under their primary and excess insurance policies.

7. By refusing to provide coverage for the Bodily Injury Lawsuits and failing to fulfill the promises in their insurance policies, the Third-Party Defendant Insurers have breached their insurance contracts and damaged Cambria.

8. In this action, the Cambria Parties seek an award of damages for the Third-Party Defendant Insurers' breaches of contract, a corresponding declaration of coverage, Cambria's coverage-action attorneys' fees resulting from the Third-Party Defendant Insurers' breaches of their duties to defend and indemnify, and all relief allowed by law, including but not limited to 10% prejudgment interest under Cal. Civ. Code § 3289.

## THE PARTIES

9. Third-Party Plaintiff Cambria Company LLC is a Minnesota limited liability company with its principal place of business in Minnesota. The LLC members of Cambria Company LLC are Minnesota citizens.

10. Third-Party Plaintiff Cambria Enterprises LLC is a Minnesota limited liability company with its principal place of business in Minnesota. The LLC members of Cambria Enterprises LLC are Minnesota citizens.

11. Upon information and belief, Third-Party Defendant Phoenix is a Connecticut corporation with its principal place of business in Connecticut.

12. Upon information and belief, Third-Party Defendant Travelers is a Connecticut corporation with its principal place of business in Connecticut.

13. Upon information and belief, Third-Party Defendant Travelers is a subsidiary of Phoenix.

14. Upon information and belief, Third-Party Defendant Zurich is a New York corporation with its principal place of business in Illinois.

15. Upon information and belief, Third-Party Defendant Navigators is a New York corporation with its principal place of business in New York.

16. Upon information and belief, Third-Party Defendant National Surety is an Illinois corporation with its principal place of business in Illinois.

17. Upon information and belief, Third-Party Defendant Great American is a New York corporation with its principal place of business in Ohio.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the Cambria Parties and the Plaintiff-Insurers and Third-Party Defendant Insurers, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred within this judicial district.

## STATEMENT OF FACTS

### *The Cambria Policies*

20. The Third-Party Defendant Insurers sold primary and excess/umbrella commercial general liability policies to insure the Cambria Parties, and others, for the periods spanning April 1, 2013, to July 1, 2025, as set forth herein.

21. Phoenix sold the following Commercial Insurance primary policies to insure the Cambria Parties:

| Policy Number | Policy Period |
|---|---|
| Y-630-7C969720-PHX-13 | 4/1/13 – 4/1/14 |
| Y-630-7C969720-PHX-14 | 4/1/14 – 4/1/15 |
| Y-630-7C969720-PHX-15 | 4/1/15 – 4/1/16 |

(Collectively, the “Travelers Primary Policies”).

22. The Declarations of the Travelers Primary Policies state that each policy contains a general aggregate limit of $2,000,000, a products-completed operations aggregate of $2,000,000, and a per-occurrence limit of $1,000,000.

23. Travelers sold the following Commercial Excess Liability (Umbrella) policies to insure the Cambria Parties:

| Policy Number | Policy Period |
|---|---|
| YSM-CUP-7C969720-TIL-13 | 4/1/13 – 4/1/14 |
| YSM-CUP-7C969720-TIL-14 | 4/1/14 – 4/1/15 |
| YSM-CUP-7C969720-TIL-15 | 4/1/15 – 4/1/16 |
| ZUP-21N68052-16-NF | 4/1/16 – 7/1/17 |
| ZUP-21N68052-17-NF | 7/1/17 – 7/1/18 |
| CUP- 6T662984-22-NF | 7/1/22 – 7/1/23 |
| CUP- 6T662984-23-NF | 7/1/23 – 7/1/24 |
| CUP- 6T662984-24-NF | 7/1/24 – 7/1/25 |

(Collectively, the “Travelers Umbrella Policies” and collectively with the Travelers Primary Policies, the “Travelers Policies”).

24. The Declarations of the Travelers Umbrella Policies state that each policy contains a general aggregate, products-completed operations aggregate, and per-occurrence limit of $10,000,000.

25. The coverage provided by the Travelers Umbrella Policies includes coverage in excess of the Travelers Primary Policies and Zurich Policies (as defined herein) providing coverage for the same policy years.

26. Zurich sold the following Commercial General Liability Insurance policies to insure the Cambria Parties:

| Policy Number | Policy Period |
|---|---|
| GLO 0093797-00 | 4/1/16 – 7/1/16 |
| GLO 0093797-01 | 7/1/16 – 7/1/17 |

| GLO 0093797-02 | 7/1/17 – 7/1/18 |
|---|---|
| GLO 0093797-03 | 7/1/18 – 7/1/19 |
| GLO 0093797-04 | 7/1/19 – 7/1/20 |
| GLO 0093797-05 | 7/1/20 – 7/1/21 |
| GLO 0093797-06 | 7/1/21 – 7/1/22 |
| GLO 0093797-07 | 7/1/22 – 7/1/23 |
| GLO 0093797-08 | 7/1/23 – 7/1/24 |
| GLO 0093797-09 | 7/1/24 – 7/1/25 |

(Collectively, the “Zurich Policies” or “Zurich Primary Policies”).

27. The Declarations of the Zurich Policies spanning 4/1/16 to 7/1/23 state that each policy contains a general aggregate limit of $2,000,000, a products-completed operations aggregate of $2,000,000, and per-occurrence limit of $1,000,000.

28. The Declarations of the Zurich Policies spanning 7/1/23 to 7/1/25 state that each policy contains a general aggregate limit of $4,000,000, a products-completed operations aggregate of $4,000,000, and a per-occurrence limit of $2,000,000.

29. Navigators sold the following Commercial Excess Liability policies to insure the Cambria Parties:

| **Policy Number** | **Policy Period** |
|---|---|
| CH22EXRZ0BUM9IV | 7/1/22 – 7/1/23 |
| CH23EXRZ0BUM9IV | 7/1/23 – 7/1/24 |
| CH24EXRZ0BUM9IV | 7/1/24 – 7/1/25 |

(Collectively, the “Navigators Policies”).

30. The Declarations of the Navigators Policies state that each policy contains a general aggregate, products-completed operations aggregate, and per-occurrence limit of $10,000,000.

31. The coverage provided by the Navigators Policies includes coverage in excess of the Travelers Umbrella Policies providing coverage for the same policy years.

32. National Surety sold the following Excess Liability policies to insure the Cambria Parties:

| Policy Number | Policy Period |
|---|---|
| SHX-000-2453-5593 | 4/1/16 – 4/1/17 |
| SHX-000-4897-5221 | 4/1/17 – 4/1/18 |

(Collectively, the "National Surety Policies").

33. The Declarations of the National Surety Policies state that each policy contains a general aggregate and per-occurrence limit of $10,000,000.

34. The coverage provided by the National Surety Policies includes coverage in excess of the Travelers Umbrella Policies providing coverage for the same policy years.

35. Great American sold the following "Protector" Commercial Umbrella policies to insure the Cambria Parties:

| Policy Number | Policy Period |
|---|---|
| TUU 2618138-00 | 7/1/18 – 7/1/19 |
| TUU 2618138-01 | 7/1/19 – 7/1/20 |
| TUU 2618138-02 | 7/1/20 – 7/1/21 |
| TUU 2618138-03 | 7/1/21 – 7/1/22 |

(Collectively, the "Great American Policies").

36. The Declarations of the Great American Policies state that each policy contains a general aggregate, products-complete operations aggregate, and per-occurrence limit of $20,000,000.

37. The coverage provided by the Great American Polices includes coverage in excess of the Zurich Policies providing coverage for the same policy years.

38. The Travelers Policies, Zurich Policies, Navigators Policies, National Surety Policies, and Great American Policies are collectively referred to hereinafter as the "Cambria Policies."

39. The Cambria Policies generally obligate the Third-Party Defendant Insurers to pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" caused by an "occurrence" that takes place during the subject Cambria Policy's (or Policies') period(s), subject to the exhaustion of any applicable deductibles, retentions, and/or underlying policy limits.

40. The Cambria Policies additionally obligate the Third-Party Defendant Insurers to defend Cambria against any "suit" seeking those damages, *i.e.*, damages because of "bodily injury" caused by an "occurrence" that takes place during the subject Cambria Policy's (or Policies') period(s), subject to the exhaustion of any applicable deductibles, retentions, and/or underlying policy limits.

41. None of the primary policies issued by the Third-Party Defendant Insurers include any applicable deductibles, retentions, and/or underlying policy limits.

42. The term "bodily injury" is generally defined in the Cambria Policies to include bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

43. The term "occurrence" is generally defined in the Cambria Policies to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

44. The Cambria Parties are insureds under each of the Cambria Policies.

***The Underlying Bodily Injury Lawsuits***

45. Beginning in January of 2020, Cambria was named in lawsuits brought by persons alleging bodily injuries in connection with Cambria's sale of quartz surface slabs sold by Cambria to third parties to be fabricated and installed in homes and businesses.

46. The Bodily Injury lawsuits name Cambria as a defendant and a multitude of other non-Cambria parties, including but not limited to other manufacturers of quartz surface products.

47. A list of the underlying Bodily Injury Lawsuits currently at issue in this case is attached as Exhibit 1 to the Plaintiff-Insurers' FAC (ECF No. 11-1).

48. All but a handful of the Bodily Injury Lawsuits are pending in California state courts in the counties of Los Angeles, San Francisco, and Orange.

49. Each of the Bodily Injury Lawsuits listed in Exhibit 1 to the FAC alleges exposure to Cambria's products and bodily injuries within the Third-Party Defendant Insurers' policies' periods (*i.e.*, April 1, 2013 to July 1, 2025).

50. The cases included in the above list of Bodily Injury Lawsuits may increase as additional suits are brought. The Cambria Parties reserve the right to seek relief with respect to any additional suits, including through amendment of the pleadings if necessary.

51. None of the underlying plaintiffs in the Bodily Injury Lawsuits are former Cambria employees.

52. The allegations in the Bodily Injury Lawsuits are based on the alleged manufacture and distribution of Cambria quartz surface slabs.

53. The underlying plaintiffs in the Bodily Injury Lawsuits allegedly worked at third-party fabrication/installation businesses which fabricated and installed quartz slabs, through cutting, grinding, and polishing slabs for use in homes and businesses.

54. The Bodily Injury Lawsuits generally allege that the plaintiffs were exposed to harmful substances in their workplaces caused by unsafe fabrication, drilling, polishing, and installation of quartz surface products.

55. The Bodily Injury Lawsuits include allegations of conspiracy, negligence, and that Cambria's products were defectively designed and "unreasonably dangerous." The lawsuits include claims of negligence, strict liability (warning and design defect), fraudulent concealment, breach of warranty, and loss of consortium.

56. The Bodily Injury Lawsuits are active and ongoing.

***The Third-Party Defendant Insurers' Wrongful Denials of Coverage***

57. Cambria timely noticed and tendered the Bodily Injury Lawsuits to the Third-Party Defendant Insurers under the Cambria Policies over time as the Lawsuits were commenced.

58. The Third-Party Defendants responded at various times and have denied coverage to Cambria, refusing to provide coverage to Cambria for the Bodily Injury Lawsuits.

59. In denying coverage (and/or withdrawing coverage entirely), the Third-Party Insurer Defendants have relied on a variety of purported coverage defenses and policy exclusions, such as so-called silica exclusions and/or pollution exclusions within certain of the Cambria Policies. However, neither of these defenses or exclusions are applicable.

60. For example, the Bodily Injury Lawsuits have evolved over time. The earliest Bodily Injury Lawsuits did not include independent allegations of bodily injuries from exposure to volatile organic compounds ("VOCs").

61. But since the earliest underlying suits, the vast majority of the Bodily Injury Lawsuits assert independent claims of bodily injuries from exposure to VOCs.

62. VOCs are not silica.

63. VOCs are different from silica.

64. The silica exclusions relied on by the Third-Party Insurer Defendants do not apply.

65. Furthermore, the Bodily Injury Lawsuits assert claims of injuries that do not arise from traditional environmental pollution, which is the only circumstance in which pollution exclusions could potentially apply to limit coverage.

66. For this reason, and other reasons, the pollution exclusions relied on by the Third-Party Insurer Defendants do not apply.

67. The Third-Party Insurer Defendants' refusal to provide coverage for the Bodily Injury Lawsuits is contrary to the terms of the Cambria Policies, the law governing the interpretation of insurance policies, and the law applicable to an insurer's duty to defend.

**COUNT I**
**(BREACH OF CONTRACT—DUTY TO DEFEND)**
**(PRIMARY POLICIES OF TRAVELERS AND ZURICH)**

68. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

69. The Travelers Primary Policies are contracts between Travelers and Cambria.

70. The Zurich Primary Policies are contracts between Zurich and Cambria.

71. The Bodily Injury Lawsuits are covered claims under the Travelers Primary Policies and Zurich Primary Policies, triggering Travelers' and Zurich's respective duties to defend Cambria.

72. None of the purported coverage defenses and/or policy exclusions asserted by the Travelers or Zurich apply to the Bodily Injury Lawsuits, and they do not eliminate Travelers' and Zurich's coverage obligations.

73. Travelers and Zurich have breached the insurance-contracts and their duties to provide coverage to Cambria by refusing to provide coverage for the Bodily Injury Lawsuits.

74. As a direct result of Travelers' and Zurich's breaches of contract and breach of their duties to defend, Cambria has been damaged and will be damaged in an amount to be determined at trial.

**COUNT II**
**(DECLARATORY JUDGMENT—DUTY TO DEFEND)**
**(PRIMARY POLICIES OF TRAVELERS AND ZURICH)**

75. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

76. Pursuant to 28 U.S.C. § 2201(a), the Court has the authority to declare the rights, status, and other legal relations of the Parties.

77. A justiciable controversy exists between Cambria and Travelers regarding Travelers' coverage obligations under the Travelers Primary Policies with respect to the Bodily Injury Lawsuits.

78. A justiciable controversy exists between Cambria and Zurich regarding Zurich's coverage obligations under the Zurich Primary Policies with respect to the Bodily Injury Lawsuits.

79. Cambria is entitled to a judicial declaration that Travelers and Zurich must defend Cambria for the Bodily Injury Lawsuits under the Travelers Primary Policies and Zurich Primary Policies.

80. Cambria is additionally entitled to a declaration that Travelers and Zurich are obligated to reimburse Cambria for all prior defense fees, costs and expenses.

**COUNT III**
**(BREACH OF CONTRACT—DUTY TO INDEMNIFY)**
**(ALL CAMBRIA POLICIES)**

81. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

82. The Cambria Policies are contracts between the Third-Party Defendant Insurers and Cambria.

83. The Bodily Injury Lawsuits are covered claims under the Cambria Policies, triggering the Third-Party Defendant Insurers' respective duties to indemnify Cambria for any damages Cambria may be obligated to pay with respect to the Bodily Injury Lawsuits.

84. The exclusions in the Cambria Policies do not apply to the claims and allegations in the Bodily Injury Lawsuits.

85. The Third-Party Defendant Insurers have breached the Cambria Policies by denying and repudiating their respective responsibilities to indemnify Cambria with respect to the Bodily Injury Lawsuits.

86. As a direct result of the Third-Party Defendant Insurers' breaches of contract, Cambria has been damaged and will be damaged in an amount to be determined at trial.

**COUNT IV**
**(DECLARATORY JUDGMENT—DUTY TO INDEMNIFY)**
**(ALL CAMBRIA POLICIES)**

87. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

88. Pursuant to 28 U.S.C. § 2201(a), the Court has the authority to declare the rights, status, and other legal relations of the Parties.

89. A justiciable controversy exists between Cambria and the Third-Party Defendant Insurers regarding the Third-Party Defendant Insurers' respective duties to indemnify Cambria with respect to the Bodily Injury Lawsuits under the Cambria Policies.

90. Cambria is entitled to a judicial declaration that the Third-Party Defendant Insurers have a duty to indemnify Cambria with respect to any damages Cambria may be obligated to pay with respect to the Bodily Injury Lawsuits.

**COUNT V**
**(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – BAD FAITH)**
**(TRAVELERS)**

91. The Cambria Parties restate and reallege each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

92. This Count is asserted against Travelers.

93. The covenant of good faith and fair dealing is implied by law into the Travelers Policies. The covenant requires that the Travelers exercise its rights responsibly and in a manner so as to avoid injury to Cambria. The covenant requires that Travelers refrain from unreasonable acts that deny Cambria the benefits of the Policies it purchased, or fail to treat the interests of Cambria on par with Travelers' own interests, or otherwise frustrate the purpose of the insurance that Travelers sold.

94. Travelers has done more than deny coverage and abandon Cambria.

95. On May 13, 2025, Travelers issued Cambria a Notice of Non-Renewal. Travelers has communicated that it would not renew the operative Commercial Excess Liability (Umbrella) policy (No. CUP- 6T662984-24-NF) "due to claim activity."

96. Travelers further explained its action by communicating that its "[m]ajor concern is, even with proper exclusions, high defense costs are expected."

97. Travelers' denial of its duty to defend and position that it has no duty to pay defense costs based on policy exclusions, on the one hand, and its non-renewal based on its expectation of high defense costs for the underlying Bodily Injury Lawsuits, on the other hand, are irreconcilable.

98. Upon information and belief, Travelers has internally determined that has, or is likely to have, a duty to defend Cambria for the Underlying Bodily Injury Lawsuits such that it expects high defense cost payments pursuant to its duty to defend Cambria, but has nevertheless improperly denied coverage and refused to defend Cambria.

99. Travelers' denial of coverage under such circumstances is unreasonable, wrongful, based on misrepresentations, and a breach of the covenant of good faith and fair dealing.

100. By wrongfully and unreasonably refusing to provide coverage to Cambria for the Bodily Injury Lawsuits, Travelers has unreasonably denied insurance benefits due to Cambria.

101. As a result of Travelers' breaches of the covenant of good faith and fair dealing, Cambria has been harmed and suffered damages, including but not limited to incurring attorneys' fees and costs.

102. Travelers' unreasonable denial of insurance benefits due was a substantial factor in causing Cambria's harm and damages.

## PRAYER FOR RELIEF

WHEREFORE, the Cambria Parties request judgment and declaratory relief in their favor and against the Third-Party Defendant Insurers, providing the Cambria Parties with the following:

A. An award of all damages allowed by law, including all consequential damages flowing from the Third-Party Defendant Insurers' breaches of their insurance contracts and including all past unreimbursed defense fees and costs;

B. A declaration that Travelers and Zurich have breached their duties to defend and that Travelers and Zurich must provide Cambria with a full defense for the Bodily Injury Lawsuits;

C. A declaration that the Third-Party Defendant Insurers are obligated to indemnify Cambria in connection with the Bodily Injury Lawsuits;

D. An award of all damages allowed by law, including all consequential damages flowing from Travelers' breaches of the covenant of good faith and fair dealing;

E. An award of Cambria's coverage-action attorneys' fees;

F. An award of all interest allowed by law, including but not limited to ten percent prejudgment interest under Cal. Civ. Code § 3289;

G. A phased case schedule, to be determined, which will first provide for adjudication of the duty to defend in this case;

H. A stay of resolution of indemnity issues in this case, until such time as determination of the Third-Party Defendant Insurers' duties to indemnify are appropriate;

I. An award of all other relief that this Court deems just, appropriate, necessary, and proper.

**DEMAND FOR JURY TRIAL**

The Cambria Parties hereby demand a trial by jury on all matters and issues so triable.

Dated: May 29, 2025

Respectfully submitted,

By: */s/ William S. Bennett*

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
Kyle A. Rudolph, Esq.

Maslon LLP
Bryan R. Freeman, Esq. (*PHV forthcoming*)
Judah A. Druck, Esq. (*PHV forthcoming*)
Carmen-Marie Carballo, Esq. (*PHV forthcoming*)

**Attorneys for Cambria**