William S. Bennett, Esq. (SBN 315537)
wbennett@sdvlaw.com
Kyle A. Rudolph, Esq. (SBN 323308)
krudolph@sdvlaw.com
**SAXE DOERNBERGER & VITA, P.C.**
One Better World Circle, Suite 300
Temecula, CA 92590
Tel: (951) 365-3145
Fax: (203) 287-8847

Bryan R. Freeman, Esq. (*Pro Hac Vice forthcoming*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice forthcoming*)
judah.druck@maslon.com
Carmen-Marie Carballo, Esq. (*Pro Hac Vice forthcoming*)
carmen.carballo@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397

*Attorneys for Cambria*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br>         Plaintiffs/Counterclaim Defendants, <br><br>      vs. <br><br> CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC, <br><br>         Defendants/Counterclaim Plaintiffs. <br><br> CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC, <br><br>         Third-Party Plaintiffs, <br>      vs. | Case No.  2:25-cv-4142 <br><br><br> **CAMBRIA'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES** |

- 1 -

| | |
|---|---|
| Case No.: <br> 2:25-cv-4142 | **CAMBRIA'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES** |

THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY,

Third-Party Defendants.

**OBJECTION**

This Objection is submitted on behalf of the Defendants ("Cambria") under Local Rule 83-1.3.3, which provides that "[w]ithin seven days or receiving service of a Notice of Related Case or within seven days of first appearing in the case, any party to the case may file and serve a short statement setting forth reasons that the case does not qualify as a related case under these rules." Cambria objects to the Plaintiff-Insurers Notice of Related Cases (ECF No. 12), which identifies this case as related to *Hanover American Insurance Company and Citizens Insurance Company of America v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D. Cal.) ("the *Francini* Case") and *Surface Warehouse, LP v. The Charter Oak Fire Insurance Company, et al.*, No. 25-cv-03895-MRA-MAA (C.D. Cal.) ("the *Surface Warehouse* Case").

*First*, despite counsel for the parties expressly discussing it, the Plaintiff-Insurers have failed to notify the Court of the pending case of *Cambria Company LLC v. Philadelphia Indemnity Insurance Company*, Case No. 24-cv-01913-MENF-MBK (C.D. Cal.), in which Cambria commenced suit against one of its general liability and umbrella/excess insurance carriers and seeks insurance coverage for 70 of the same underlying California bodily-injury cases put at issue by the Plaintiffs-Insurers in this action. *See* Cambria's recently filed Notice of Related Cases (ECF No. 18).[1]

*Second*, the *Francini* case and *Surface Warehouse* Cases do not involve any of the same parties as this case. This case is about Cambria's insurance coverage under Cambria's insurance

---

[1] The Plaintiff-Insurers' Notice is also untimely. Local Rule 83-1.3.1 states that the Notice must be filed "at the time any case…appearing to relate to another is filed." In addition, the Civil Cover sheet directed Plaintiff-Insurers to file a Notice of Related Case. (*See* ECF No. 2 ("If yes, you must file a Notice of Related Cases. See Local Rule 83-1.3.").) They did not timely do so.

- 2 -

program and contracts, for the underlying lawsuits brought against Cambria for its business activities. None of the Cambria Defendants are parties in the *Francini* or *Surface Warehouse* Cases. And the Plaintiff-Insurers are not parties in those cases either. *See Sompo American Insurance Company v. LX Hausys America, Inc.*, No. 25-cv-02832-JFW-MAA, ECF No. 15 (C.D. Cal.) (declining transfer of insurance case involving 104 of the same underlying cases because "[t]he cases involve different parties and issues"). Nor is Cambria's business the same as the business of the policyholders in the *Francini* or *Surface Warehouse* Cases. Cambria is not a "distributor[] of engineered stone," as the Plaintiff-Insurers inaccurately represent. (ECF No. 12.) Cambria is a manufacturer of natural quartz surface products.

*Third*, the legal issues are not the same. The *Francini* Case involves a different and narrower subset of underlying cases than this case. Notably, those early cases at issue in *Francini* did *not* involve the same allegations as those at issue in this case. The many underlying lawsuits that came after those at issue in *Francini* (and which are now at issue in this case) evolved and changed to include clear, independent, and well-developed allegations of bodily-injuries from volatile organic compounds ("VOCs") (not silica), *so much so that the Plaintiffs-Insurers concluded in March 2025 that the VOC allegations in the underlying complaints triggered their duty to defend on that very basis* notwithstanding the silica exclusions they now invoke to try to reverse course. (*See* Cambria's Countercl., ECF No. 20 ¶¶ 42-63.)

*Fourth*, the claims in this case will not be the same. Cambria's Counterclaim includes claims against Regent Insurance Company for bad-faith denial of coverage (*id.* ¶¶ 42-63, 85-94), which will necessarily entail different discovery and legal issues, and this case also includes a Third-Party Complaint against six additional Cambria primary and umbrella/excess insurers, which the Plaintiff-Insurers did not name as parties to this litigation. (*See* Cambria's Third-Party Complaint, ECF No. 21.)

*Finally*, the Plaintiff-Insurers' contention that this case is related to *Francini* and *Surface Warehouse* based solely on the similarity of certain legal insurance-policy issues is misguided. The Plaintiff-Insurers' position would render a multitude of insurance-coverage cases "related"

- 3 -

on that basis, as litigation over the provisions of CGL policies and other kinds of policies is commonplace in this District and the federal courts.

Dated:  May 29, 2025

Respectfully submitted,

By: */s/ William S. Bennett*

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
 Kyle A. Rudolph, Esq.

Maslon LLP
Bryan R. Freeman, Esq. (PHV forthcoming)

**Attorneys for Cambria**

- 4 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OBJECTION TO PLAINTIFFS' NOTICE OF
RELATED CASES**