DAVID T. HAYEK (SBN 144116)
dhayek@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800

JOHN DeLASCIO (*Admitted Pro Hac Vice*)
jdelascio@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000

Attorneys for Plaintiffs/Counter-Defendants
REGENT INSURANCE COMPANY and
GENERAL CASUALTY COMPANY OF WISCONSIN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY; GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br> Plaintiffs/Counter-Defendants, <br><br> vs. <br><br> CAMBRIA ENTERPRISES; CAMBRIA ENTERPRISES LLC; CAMBRIA COMPANY LLC; and DOES 1-50 inclusive, <br><br> Defendants/Counterclaimants. <hr> CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY, <br><br> Third-Party Defendants. | Case No.: 2:25-cv-4142- MRA (MAAx) <br><br> **REGENT INSURANCE COMPANY'S AND GENERAL CASUALTY COMPANY OF WISCONSIN'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> District Judge: Hon. Mónica Ramírez Almadani <br><br> Date: October 20, 2025 <br> Time: 1:30 p.m. <br> Place: Courtroom 9B <br><br> [Filed concurrently herewith: Insurers' Joint Reply to Cambria's Opposition to Insurers' Joint Memorandum in Support of Motions for Judgment on the Pleadings; Insurers' Evidentiary Objections] |

# **TABLE OF CONTENTS**

Page(s)

I.    PRELIMINARY STATEMENT ................................................................................1

II.    ARGUMENT ........................................................................................................2

    A.    Plaintiffs' Selective Insistence that the Policies Have Not Been Established Contradicts the Federal Rules and Fundamental Standards Applicable to this Motion ........................................................2

    B.    The Policies' Silica Exclusions Specifically Account for and Apply to Bodily Injuries Jointly Caused by Silica and Other Causes. ................4

    C.    Neither Evidence Regarding Cambria's Business Nor California's Illusory Coverage Doctrine Apply to This Duty to Defend Analysis. ...................................................................................................7

    D.    Cambria's Bad Faith Allegations Do Not Affect the Duty to Defend Analysis and Cambria's Bad Faith Claim Fails Based on the Absence of a Duty to Defend. ...............................................................9

III.    CONCLUSION .................................................................................................10

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

CASE NO. 2:25-CV-4142- MRA (MAAX)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*,
  147 Cal. App. 4th 137 (2007) ............................................................................. 7, 8

*Bryant v. Villalobos*,
  No. 2:22-cv-9394-DOC-BFM, 2023 U.S. Dist. LEXIS 179240 (C.D.
  Cal. Aug. 22, 2023) ............................................................................................. 2

*Charles E. Thomas Co. v. Transamerica Ins. Grp.*,
  62 Cal. App. 4th 379 (1998) ............................................................................. 5

*Colony Cove Props., Ltd. Liab. Co. v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) ............................................................................. 7

*DIRECTV v. Factory Mut. Ins. Co.*,
  692 F. App'x 494 (9th Cir. 2017) ..................................................................... 7

*Garvey v. State Farm F&C Co.*,
  48 Cal.3d 395 (1989) ......................................................................................... 6

*Jeff Tracy, Inc v. United States Specialty Ins. Co.*,
  636 F. Supp. 2d 995 (C.D. Cal. 2009) .............................................................. 2

*John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*,
  16 Cal. 5th 1003 (2024) ..................................................................................... 8

*Medill v. Westport Ins. Corp.*,
  143 Cal. App. 4th 819 (2006) ........................................................................ 6, 8

*Nat. Am. Ins. Co. v. Coburn*,
  209 Cal.App.3d 914 (1989) ............................................................................... 6

*Ringler Assocs. Inc. v. Md. Cas. Co.*,
  80 Cal. App. 4th 1165 (2000) .......................................................................... 10

*Secard Pools, Inc. v. Kinsale Ins. Co.*,
  318 F. Supp. 3d 1147 (C.D. Cal. 2017), *aff'd sub nom. Secard Pools
  Inc. v. Kinsale Ins. Co.*, 732 F. App'x 616 (9th Cir. 2018) ................................ 8

*State Farm Ins. Co. v. Partridge,*
    10 Cal. 3d 94 (1973) ...............................................................................................5, 6

*The Travelers Prop. Cas. Co. of Am. v. Actavis, Inc.,*
    16 Cal. App. 5th 1026 (2017) .................................................................................5

*Waller v. Truck Ins. Exch., Inc.,*
    11 Cal.4th 1 (1995) ...............................................................................................10

**Other Authorities**

Fed. R. Civ. P. 10(c) .........................................................................................................2

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:25-CV-4142- MRA (MAAX)

Plaintiffs/Counter-Defendants REGENT INSURANCE COMPANY and GENERAL CASUALTY COMPANY OF WISCONSIN (together, "Plaintiff Insurers"), by and through their attorneys, and for their Reply in Support of Motion for Judgment on the Pleadings, state as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff Insurers' policies (the "Policies") contain Silica Or Silica-Related Dust exclusions that clearly and unambiguously preclude coverage for any bodily injury that is caused, among potentially several other causes, by the inhalation or ingestion of crystalline silica or dust or particles that are mixed with silica. As painstakingly compiled by the Plaintiff Insurers' and the other insurers (*see* ECF No. 76-2), each of the underlying lawsuits allege precisely this—bodily injury or death that was principally cause by the plaintiffs' inhalation of crystalline silica *in combination* with volatile organic compounds ("VOCs"), metals, and other toxic substances. Because the silica exclusions in Plaintiff Insurers' policies expressly preclude coverage for such injuries, and the underlying lawsuits do not allege any injuries that were not caused at least in part in some part by the inhalation or ingestion of crystalline silica, the underlying lawsuits present no potential for coverage.

Rather than engage with this clear application of the silica exclusions' plain text to the underlying allegations, as California law dictates, Cambria's opposition instead pursues ancillary arguments that are irrelevant, inapplicable, and do not result in a duty to defend the underlying lawsuits. Accordingly, Plaintiff Insurers are entitled to an order granting its motion for judgment on the pleadings and dismissing Cambria's counterclaims with prejudice.

///

///

///

1

## II.    ARGUMENT

### A.    Plaintiffs' Selective Insistence that the Policies Have Not Been Established Contradicts the Federal Rules and Fundamental Standards Applicable to this Motion.

As an initial matter, Cambria's contention that Plaintiff Insurers' motion for judgment on the pleadings is improper because the Policies have not been "established" severely misunderstands or misstates the question posed by such a motion. Try as Cambria might to convert this motion to one for summary judgment (*see* ECF No. 86-1, Druck Decl.)[1], the question posed by this motion for judgment on the pleadings is whether, based solely on the pleadings, Plaintiff Insurers are entitled to judgment as a matter of law because no material issue of fact remains to be solved. *Bryant v. Villalobos*, No. 2:22-cv-9394-DOC-BFM, 2023 U.S. Dist. LEXIS 179240, at *4-5 (C.D. Cal. Aug. 22, 2023). As the Court well-knows, the certified copies of the Policies are part of the pleadings because they were attached to Plaintiff Insurers' amended complaint and thus constitute allegations upon which Plaintiff Insurers' motion may be considered. Fed. R. Civ. P. 10(c); *Jeff Tracy, Inc v. United States Specialty Ins. Co.*, 636 F. Supp. 2d 995, 1002 (C.D. Cal. 2009) (considering insurance policies attached to complaint on motion for judgment on the pleadings) (*see* ECF Nos. 11-2 through 11-21.) As pleadings properly before the Court on Plaintiff Insurers' motion for judgment on the pleadings, the Policies are not subject to evidentiary scrutiny as Cambria erroneously suggests.

What's more, Cambria's pleadings do not dispute that the Policies contain the pertinent silica exclusions. To start, Cambria answered Plaintiff Insurers' amended complaint by specifically admitting that the Policies' alleged insuring agreements and silica exclusions are accurate and repeatedly answered allegations throughout

---

[1]    Plaintiff Insurers join in the filing of, and expressly incorporate into this reply, the Insurers' Evidentiary Objections.

Plaintiff Insurers' complaint by referring the Court to the Policies. (*See*, *e.g.*, ECF No. 11, ¶¶ 17-19; ECF No. 20, ¶¶ 17-19.) Further, Cambria filed counterclaims in which it alleges that that it disputes Plaintiff Insurers' denial of coverage based on the silica exclusions because the underlying lawsuits allege exposure to VOCs which "are not silica" and "different from silica." (ECF No. 20, ¶¶ 44-48, 67, 78.) In other words, Cambria's pleadings attack whether the silica exclusions preclude coverage for the underlying lawsuits and are entirely devoid of any allegations that the alleged silica exclusions are inaccurate or not part of the Policies. Indeed, Cambria challenges the Policies for the first time with its opposition.

Even then, after only vaguely and summarily questioning their accuracy and completeness, Cambria's opposition proceeds to conveniently embrace select aspects of the Policies that it believes help its arguments. (*See*, *e.g.*, ECF No. 88, 3:15-4:7, 4:22-5:6.) Finally, although improperly submitted for consideration on this motion and noted here only to underscore the last-ditch nature of Cambria's policy authenticity argument, Cambria's declaration in opposition to this motion attaches a coverage letter in which Cambria confirms the accuracy of the Policies' insuring agreements and silica exclusions. (*See* ECF No. 86-2, PageID #77840-41.)

Simply put, faced with unambiguous exclusion terms that clearly preclude coverage for the underling lawsuits, Cambria's opposition instead calls into question the authenticity of the Policies for the first time. In doing so, Cambria argues that the Policies must be established by evidence before judgment on the pleadings may be considered. This of course is not the correct standard. Instead, the Policies are part of the pleadings, which are the sole focus of this motion. And looking to the pleadings, it is clear that neither the authenticity nor the existence of the  silica exclusions are disputed issues in this case. Rather, they clearly show that Cambria asserts that the Policies provide coverage for the underlying lawsuits because it argues that the silica exclusions do not apply to preclude all potential liability.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:25-CV-4142- MRA (MAAX)

Accordingly, under the Federal Rules of Civil Procedure (the "Rules"), the Policies and their silica exclusions are properly before the Court on Plaintiff Insurers' motion for judgment on the pleadings and their terms clearly indicate there is no duty to defend or indemnify Cambria for the underlying lawsuits.

**B.    <u>The Policies' Silica Exclusions Specifically Account for and Apply to Bodily Injuries Jointly Caused by Silica and Other Causes</u>.**

Returning to the text of the Policies and underlying allegations, as the Rules and California duty to defend standards dictate, there is no question that the silica exclusions eliminate any potential coverage for the underlying lawsuits because they specifically encompass all of the injuries alleged in those lawsuits.

Cambria disagrees, arguing that the underlying complaints create a possibility for coverage because the plaintiffs allege that they were *also* exposed to other hazardous substances, like VOCs and metals, and other toxic substances, which Cambria maintains are not covered by the silica exclusions. This argument, however, contradicts the plain terms of the silica exclusions.

Indeed, the silica exclusions clearly and unambiguously indicate that they apply to preclude coverage for precisely these alleged injuries:

> This insurance does not apply to . . . "Bodily Injury" **arising, in whole *or in part*, out of** . . . inhalation of, or ingestion of . . . silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds [or] a mixture or combination of silica and other dust or particles.

(ECF No. 11, ¶ 19; ECF No. 11-2, PageID #731 (combining silica exclusion and applicable definitions of "silica" and "silica-related dust") (emphasis added); *see* ECF No. 11-3, PageID #871 (exclusion contained in Umbrella Policies).) As diagramed in Plaintiff Insurers' moving brief (*see* ECF No. 82, PageID #76501-02), the exclusions clearly encompass injuries *partially* caused by inhalation or ingestion of crystalline silica (and other causes) and injuries *partially* caused by inhalation or ingestion of a

dust or particle mixture that contains crystalline silica (and other causes). *See Charles E. Thomas Co. v. Transamerica Ins. Grp.*, 62 Cal. App. 4th 379, 383-84 (1998) (explaining that insurer could have achieved "absolute" exclusion by utilizing "in whole or in part" in exclusion); *The Travelers Prop. Cas. Co. of Am. v. Actavis, Inc.*, 16 Cal. App. 5th 1026, 1045 (2017) (noting that California courts interpret, "arising out of," whether appear in a coverage provision or exclusion, broadly and that "it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship.") (internal quotation omitted). These are precisely the injuries alleged in the underlying lawsuits. (*See*, *e.g.*, ECF No. 79-2, ¶¶ 111-13 (alleging injuries caused "As a direct and proximate cause of his exposure to silica, metals *and* other toxins . . .") (emphasis added); *see also* ECF No. 76-2, Nos. 1-2.)

Cambria seeks refuge in its allegations that VOCs are gases and not dust or particles and thus fall outside the silica exclusions' definition of "silica-related dust." (*See* ECF No. 86, PageID #77830-32.) Whether or not this distinction is scientifically accurate has no bearing on the exclusions' application to the underlying lawsuits. As noted above, the silica exclusions are not limited to injuries that are partially caused by silica-related dust, they also apply to injuries that are partially caused by crystalline silica in combination with any other causes. Accordingly, Cambria's assertion that the exclusions do not apply to the underlying lawsuits because the injuries alleged therein were allegedly also caused by VOCs simply defies the exclusions' plain terms.

Compounding its misguided and unreasonable interpretation, Cambria further argues that Plaintiff Insurers owe a duty to defend Cambria under California's concurrent proximate cause doctrine because the alleged injuries were concurrently and proximately caused by exposure to VOCs and metals that are not covered by the silica exclusions. (ECF No. 86, PageID #77829; ECF No. 88, PageID #77996.) Specifically, Cambria cites *State Farm Ins. Co. v. Partridge*, 10 Cal. 3d 94 (1973), and its progeny for the proposition that coverage exists whenever an insured risk—

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:25-CV-4142- MRA (MAAX)

according to Cambria, exposure to VOCs and metals—constitutes a proximate cause of the injury, even if an excluded risk is a concurrent proximate cause. This argument and application of *Partridge* is wrong.

The alleged VOC and metal exposures are not, as Cambria suggests, a "potentially covered cause" of the alleged injuries. Rather, they are alleged to be concurrent causes, along with crystalline silica inhalation, of the underlying plaintiffs' injuries. And as explained above, those injuries fall squarely within the silica exclusions. Thus, this case does not present a situation of covered and non-covered claims. *Partridge* clearly does not apply because the silica exclusions preclude coverage for ***injuries*** caused in some part by the inhalation of crystalline silica and in other part by any other causes. [2]

Ultimately, setting aside the fact that each of the underlying lawsuits allege the plaintiffs suffered silicosis and primarily credit that illness and their other alleged injuries to crystalline silica inhalation and ingestion, none of the underlying lawsuits allege any injuries that were caused only by VOCs or other toxic substances and in no part by the inhalation or ingestion of crystalline silica . (*See* ECF No. 91-1, Cambria's Appendix, Nos. 1-9 (failing to identify any allegations that indicate injuries that were not caused in part by crystalline silica).) Instead, each of the underlying lawsuits specifically allege injuries that were caused by inhalation or

---

[2]    Additionally, "cases decided after *Partridge* repeatedly follow the rule that in order for *Partridge* to apply, there must be two negligent acts or omissions of the insured, one of which, independently of the excluded cause, renders the insured liable for the resulting injuries." *Nat. Am. Ins. Co. v. Coburn*, 209 Cal.App.3d 914, 919-20 (1989) (emphasis in original) (internal citation omitted); *see also Partridge*, 10 Cal.3d at 97, 99, 103 (excluded and non-excluded causes at issue were separate and independent of each other); *Garvey v. State Farm F&C Co.*, 48 Cal.3d 395, 399 (1989) (*Partridge* concurrent causation doctrine applies only where there is "true concurrent causes, each originating from an independent act of negligence"); *Medill*, 143 Cal.App.4th at 835 (*Partridge* only applies to "multiple causes that operated totally independently of one another.") (internal quotation omitted). No such independent acts or omissions are alleged here.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:25-CV-4142- MRA (MAAX)

ingestion of crystalline silica *together with* other hazardous substances, including VOCs, and thus fall within the Policies' silica exclusions. (*Id*; ECF No. 76-2, Insurers' Jt. App., Nos. 1-2.)[3]

Accordingly, the silica exclusions unambiguously apply to preclude a duty to defend Cambria against all the underlying lawsuits because they do not allege any injuries that were not caused in part by the inhalation or ingestion of crystalline silica.

## C.   Neither Evidence Regarding Cambria's Business Nor California's Illusory Coverage Doctrine Apply to This Duty to Defend Analysis.

Cambria urges the Court to interpret the Policies in light of its business as a stone product manufacturer and argues that enforcing the silica exclusions to preclude coverage for the underlying silica claims would render the Policy illusory. (*See* ECF No. 86, PageID #77828-29; ECF No. 88, PageID #77994.) California law, however, does not support these contentions.

As an initial matter, California courts do not narrow their interpretation of otherwise unambiguous policy exclusions based on an insured's particular purpose for the coverage, as Cambria suggests. Indeed, in support of this argument, Cambria cites case law that stands for the inapplicable proposition that courts applying California law will look to an insured's particular business only when a policy *term* or *phrase* is ambiguous. *See DIRECTV v. Factory Mut. Ins. Co.*, 692 F. App'x 494, 495 (9th Cir. 2017) (anticipating the Supreme Court of California would look to extrinsic evidence of insured's business to interpret ambiguous policy term or phrase); *ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 147 Cal. App. 4th 137, 146

---

[3] The Court need not accept Cambria's inaccurate description of the underlying lawsuits as including "independent allegations of bodily injuries from exposure to volatile organic compounds" in the face of the underlying complaints that clearly do not include allegations of such injuries. *Colony Cove Props., Ltd. Liab. Co. v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) ("this court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint").

(2007) (explaining that California law provides that court "must give [policy terms] their ordinary and popular sense, unless used by the parties in a technical sense.") (internal quotation omitted). These cases and California law more broadly do not permit extrinsic evidence to override clear policy terms. To the contrary, the very authority Cambria cites adheres to the long-established rule that "[i]f the policy language is clear and explicit, it governs." *ACS Sys., Inc.*, 147 Cal. App. 4th at 146. Because the silica exclusions are clear and Cambria identifies no ambiguities, their plain and ordinary terms control and exclude coverage for the underlying lawsuits.

California law also does not support Cambria's related argument that its business as a manufacturer of silica-containing stone products renders the Policies' silica exclusions illusory. Specifically, the Supreme Court of California recently clarified that it has never and does not recognize the illusory coverage doctrine where, as here, the policy language is unambiguous. *John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*, 16 Cal. 5th 1003, 1017-18 (2024). Instead, it only recognizes a limited application of the doctrine in instances where it is needed to resolve ambiguity in policy terms, which again is not the case here.

Even if the application of this doctrine was not so limited, it still would not inure to Cambria's benefit. In situations where the doctrine applies, California courts and courts applying California law have made clear that an insurance policy provision is only illusory where it results in a "complete lack of any policy coverage." *Secard Pools, Inc. v. Kinsale Ins. Co.*, 318 F. Supp. 3d 1147, 1153 (C.D. Cal. 2017), *aff'd sub nom. Secard Pools Inc. v. Kinsale Ins. Co.*, 732 F. App'x 616 (9th Cir. 2018) (applying California law) ("[T]he mere *possibility of some* coverage is enough" to defeat an insured's argument that a policy is illusory) (emphasis in original); *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 836 (2006) (finding that insurance policy's exclusion did not render coverage illusory where "not every lawsuit that could conceivably be brought against the [insured] would necessarily arise out of [the exclusion]"). Here, enforcement of the silica exclusion's ordinary terms to preclude

coverage for the underlying lawsuits does not eliminate all coverage. Indeed, as Cambria repeatedly points out, it allegedly purchased products-completed operations coverage that "broadly applies to '*all bodily injury*' arising out of Cambria's products." (*See*, *e.g.*, ECF No. 88, PageID #77991-93 (emphasis in original.) Thus, the silica exclusions' elimination of coverage specifically in instances where the injuries were caused at least in some part by the inhalation or ingestion of crystalline silica leaves substantial coverage (subject to other terms, conditions, and exclusions) intact for *any other* bodily injury caused by Cambria's products (*e.g.*, bodily injury caused by a structural failure of a Cambria product).

Accordingly, because the terms of the Policies' silica exclusions are unambiguous, they control without reference to extrinsic evidence of the nature of Cambria's business or California's limited illusory coverage doctrine.

**D.** **Cambria's Bad Faith Allegations Do Not Affect the Duty to Defend Analysis and Cambria's Bad Faith Claim Fails Based on the Absence of a Duty to Defend.**

Further disengaging with the text of the silica exclusions and the allegations in the underlying complaints, Cambria's opposition spends considerable space on its allegations regarding Plaintiff Insurers' claim handling. Cambria's emphasis on these allegations is two-fold: it argues that Plaintiff Insurers' alleged provisions of a defense for one of the underlying lawsuits (i) indicates that the silica exclusions do not unambiguously apply to the underlying lawsuits and (ii) necessitates discovery in furtherance of Cambria's bad faith claim. Neither are correct and thus they do not prevent the Court from resolving all claims and counterclaims as a matter of law.

As noted above, California courts do not permit extrinsic evidence to undermine their interpretation and application of clear, unambiguous policy terms, and thus would not consider Cambria's claims handling allegations in the face of the Policies' silica exclusions. However, California courts go even further in rejecting Cambria's invocation of these allegations. Specifically, they hold that insurers'

provision of a defense does not indicate or constitute an admission of coverage. *Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1188-91 (2000) (concluding that insurer's payment of defense costs for two years before reserving rights and then withdraw defense did not admit to or otherwise indicate coverage). Thus, under California law, Cambria's allegations regarding Plaintiff Insurers' claims handling may not be considered in determining whether the unambiguous silica exclusions preclude coverage for the underlying lawsuits. Even if they could, California courts would apply no weight to Plaintiff Insurers' provision of a defense in one of the underlying lawsuits. [4]

Further, as pre-butted in Plaintiff Insurers' moving brief (*see* ECF No. 82, PageID #76505-06), California law does not recognize a right to relief for insurance bad faith claims in the absence of any right to coverage and thus a finding that Plaintiff Insurers owe no duty to defend or indemnify Cambria resolve those counterclaims. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 10 (1995) (internal quotation omitted) ("bad faith claim cannot be maintained unless policy benefits are due.").

### III.    CONCLUSION

For the aforementioned reasons, Plaintiff Insurers respectfully request that the Court grant their motion, enter judgment in their favor and against the Cambria Parties, and dismiss the Cambria Parties' counterclaims with prejudice.

Dated: October 6, 2025                                          HINSHAW & CULBERTSON LLP

By: */s/ David T. Hayek*
John DeLascio (*Admitted Pro Hac Vice*)
David T. Hayek
Attorneys for Plaintiffs/Counter-Defendants

---

[4]    It is worth noting that Cambria admits Plaintiff Insurers offered a defense in the underlying *Gonzalez-Quiroz* lawsuit (on the eve of trial) subject to a full reservation of rights, including to deny coverage, and warning that their coverage analysis was ongoing. (ECF No. 20, ¶ 50; *see also* ECF No. 11, ¶¶ 28-29.) Thus, in addition to being entirely irrelevant to this motion, the allegations simply do not advance the notion that the silica exclusion's clear terms do not apply the underlying lawsuits.

# CERTIFICATE OF SERVICE

The undersigned certifies that, on October 6, 2025, a true and correct copy of the foregoing **Plaintiffs' Reply in Support of Motion for Judgment on the Pleadings** was electronically filed with the Cleark of the U.S. District Court via the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Nora Vasquez*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:25-CV-4142- MRA (MAAX)