Alexander E. Potente (State Bar No. 208240)
*alex.potente@clydeco.us*
Brian D. Harrison (State Bar No. 157123)
*brian.harrison@clydeco.us*
David M. Rhodes (State Bar No. 214493)
*david.rhodes@clydeco.us*
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys For Third-Party Defendant
Navigators Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN,<br><br>         Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC,<br><br>         Defendants/Counterclaim Plaintiffs,<br>———————————————<br>CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC,<br><br>         Third-Party Plaintiffs, | Case No. 2:25-cv-04142-MRA-(MAAx)<br><br>**NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge: Mónica Ramírez Almadani<br>Date: June 11, 2026<br>Time: 10:00 am<br>Courtroom:  9B<br><br> [Filed concurrently herewith: Declaration of Brian Harrison; Proposed Order] |

vs.

THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY,

      Third-Party Defendants.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

NAVIGATORS' MOTION FOR RECONSIDERATION

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **June 11, 2026, at 10:00 a.m**. or as soon thereafter as may be heard by the Honorable Mónica Ramírez Almadani in Courtroom 9B of the above-entitled Court located at Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Third-Party Defendant Navigators Insurance Company ("Navigators") will and hereby respectfully moves the Court, pursuant to L.R. 7-18, for reconsideration of its Order Granting In Part And Denying In Part Defendants' Motion For Judgment On The Pleadings of March 31, 2026 (the "Order") (ECF 119).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place by videoconference on April 9, 2026, during which counsel for Navigators and third-party plaintiffs Cambria Enterprises LLC and Cambria Company LLC were not able to reach an agreement. (Declaration of Brian Harrison ¶¶4-6.)

Dated: April 13, 2026

CLYDE & CO US LLP

By: /s/ *Brian D. Harrison*
_____
Alex E. Potente
Brian D. Harrison
David M. Rhodes

Attorneys For Third-Party Defendant
Navigators Insurance Company

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................................6

II.   STATEMENT OF FACTS......................................................................................7

III.  LEGAL STANDARDS ..........................................................................................8

IV.  ARGUMENT .........................................................................................................9

V.    CONCLUSION ...................................................................................................11

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

# **TABLE OF AUTHORITIES**

**Other Authorities**                                                                                                          **Page(s)**

Fed. R. Civ. P. 59 ................................................................................................................. 8

Fed. R. Civ. P. 59(e) ........................................................................................................... 8

Fed. R. Civ. P. 60(a) ........................................................................................................... 8

Fed. R. Civ. P. 60(b) ........................................................................................................... 9

Local Rule 7-18 ................................................................................................................... 9

Local Rule 7-18(c) ........................................................................................................... 6, 9

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## I.    INTRODUCTION

On March 31, 2026, this Court issued its Order Granting In Part And Denying In Part Defendants' Motions For Judgment On The Pleadings (the "Order"), which denied Navigators' motion. (ECF 119.)  The Order recognized that Navigators excess insurance policies provide that the exclusions of the underlying insurance are part of the Navigators policies and that coverage excluded by the underlying insurance is also excluded by the Navigators policies.  (Order at 7.)  The underlying insurance is umbrella policies issued by Travelers Property Casualty Company of America ("Travelers Property"), which have silica exclusions that the Order found exclude coverage for Cambria's claims. (Order at 18-20.)  But the Order did not evaluate or address whether coverage under the Navigators excess policies is excluded for Cambria's claims because the Navigators excess policies incorporate the silica exclusions of the underlying Travelers Property policies.

Navigators files this Motion for Reconsideration under Local Rule 7-18 because the Court's Order overlooked or did not apply these material facts.  Local Rule 7-18(c) authorizes reconsideration upon "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  That standard is met here.  The Navigators excess policies incorporating and relying on the silica exclusions of the underlying Travelers Property policies is a material fact, since it precludes coverage for Cambria's claim under the Navigators policies.  Navigators' briefing on its motion for judgment on the pleadings repeatedly raised this material fact.

Thus, Navigators respectfully requests that the Court vacate and reconsider all portions of the Order regarding Navigators excess polices' incorporating and relying on the silica exclusions of the Travelers Property policies and grant Navigators' motion for judgment on the pleadings. (*See* Order at 6, 7, 18-20.)

Additionally, Cambria's claims against Navigators are premature because the policy limits of the underlying Travelers Property policies have not been exhausted,

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

and as result of the finding in the Order that the silica exclusion in the Travelers Property policies bar coverage the Navigators excess policies will not be exhausted by those claims. L.R. 7-18(a)-(b)

## II.     STATEMENT OF FACTS

The Order denied Navigators' motion for judgment on the pleadings based on the silica exclusion in the three Navigators excess policies. (Order at 7, 12, 19.)

The Order did not evaluate whether coverage under the Navigators excess policies is excluded because they incorporate the silica exclusions of the underlying policies issued by Travelers Property.

The Order recognized that "[t]he Navigators excess policies provide that '[t]he exclusions of the 'controlling underlying insurance' are made part of this policy" and further provide that "in no case will coverage be excluded by the 'controlling underlying insurance' and not excluded by this [Navigators excess] policy.'" (Order at 7 *citing* ECF 77-2 at 6.)  The "controlling underlying insurance" of each Navigators excess policy is an underlying umbrella policy issued by Travelers Property for the same period identified by policy number on the declarations page of the Navigators policy as follows: CUP-6T662984-22-NF (2022 policy); CUP-6T662984-23-NF (2023 policy); and CUP-6T662984-24-NF (2024 policy).  (ECF 77-2 #5294; ECF 77-3 #5315; ECF 77-4 #5337; *see* ECF 77-2 #5301, ECF 77-3 #5322, and ECF 77-4 #5344 (each defining "controlling underlying insurance" in relevant part as "the policy listed in the Schedule of Underlying Insurance shown in the Declarations . . . which applies to the 'loss,' or would have applied but for: . . . an exclusion in that policy")).)

Thus, while the Navigators excess policies have their own silica exclusion, they also adopt the silica (and other) exclusions of the underlying Travelers Property insurance, such that where coverage is excluded under the underlying insurance, there is no coverage under the Navigators excess policies. (*See, e.g.,* ECF 77-2 #5296-97, ECF 77-3 #5317-18, and ECF 77-4 #5339-40 (all providing "[t]his

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

insurance does not apply to any liability . . . to which 'controlling underlying insurance' does not apply").)

The Order granted the motion of Travelers Property with respect to the silica exclusion in its umbrella policies issued for 2016, 2017, 2022, 2023, and 2024, which includes the 2022, 2023, and 2024 policies underlying the Navigators excess policies.  (Order at 5-6, 18-20; ECF 80-10 at 52; ECF 80-11 at 56; ECF 80-12 at 57.) The Court held that "[t]he Motion is **GRANTED** with respect to the five umbrella policies issued by Travelers Property bearing policy numbers: (1) ZUP-21N68052-16-NF; (2) ZUP-21N68052-17-NF; (3) CUP-6T662984-22-NF; (4) CUP-6T662984-23-NF; and (5) CUP-6T662984-24-NF." (*Id.* at 18-20 (emphasis added).)

The Order granted the motion of National Surety Corporation ("National Surety") because its policies are excess insurance over the Travelers Property policies for 2016 and 2017, numbered ZUP-21N68052-16-NF and ZUP-21N68052-17-NF, and incorporate the silica exclusions of the underlying Travelers Property policies. (Order at 7-8, 18-20 (National Surety excess policies "identify the Travelers Property policies as the 'first underlying insurance' . . . [and] state where damages are barred by the underlying insurances, they are similarly barred under the National Surety policies.").)

### III.    LEGAL STANDARDS

Motions for Reconsideration are generally governed by Rules 59 and/or 60 of the Federal Rules of Civil Procedure. Rule 59, which allows a party to alter or amend a judgment, states in pertinent part that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 60(a), which allows a party to seek relief from an order to address clerical mistakes or oversights and omissions, provides in pertinent part that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

may do so on motion or on its own, with or without notice." Fed. R. Civ. Pro 60(a).

Rule 60(b) provides in pertinent part that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons" which include "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief". Fed. R. Civ. Pro. 60(b).

In this District, Motions for Reconsideration are governed by Local Rule 7-18.  The local rule provides in pertinent part that, "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18.

## IV.    ARGUMENT

Reconsideration of the Court's March 31, 2026 Order is warranted because it failed to consider a material fact presented to the Court before Navigators' motion for judgment on the pleadings was decided: that there is no coverage for Cambria under the Navigators excess policies because they incorporate the silica exclusions of their respective underlying Travelers Property policies. L.R. 7-18(c).

As explained above, the Navigators excess policies each incorporate the silica exclusion of an underlying Travelers Property umbrella policy, the Order held that these silica exclusions bar coverage for Cambria's claims, and based on those exclusions the Order granted Travelers Property's motion for judgment on the

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

pleadings with respect to its umbrella policies underlying the Navigators excess policies. (Order at 5-7, 18-20; ECF 77-2 #5294, 5301; ECF 77-3 #5315, 5322; ECF 77-4 #5337, 5344.)

These "material facts [were] presented to the Court before the Order was entered" in Navigators' motion for judgment on the pleadings and reply brief on that motion. For example:

- "Each Navigators Policy follows and incorporates the exclusions of an underlying policy numbered 'CUP- 6T662984' issued by [Travelers Property] for the same policy period as the corresponding Navigators Policy. (Brady Decl. Exs. A at 10 ("The EXCLUSIONS sections of the 'controlling underlying insurance' are made part of this policy. . . . [I]n no case will coverage be excluded by the 'controlling underlying insurance' and not excluded by this policy"), B at 31 (same), C at 53 (same); Compl. ¶23.) Thus, if there is no coverage under the underlying Travelers policy there is likewise no coverage under the Navigators Policy. . . . Here, there is no coverage for Cambria's claims under the underlying Travelers policies for the reasons explained in Travelers' briefing, which are incorporated by reference herein." (ECF 77 # 5284; *see also* ECF 77 #5277)

- "Cambria's claims also fail because there is no coverage under the explicit, unambiguous, and broad silica-related dust exclusions from the underlying [Travelers Property] policies, which are followed by and incorporated by the excess Navigators Policies. (*Id.;* ECF 80 #74491-96."; "Each Navigators Policy is excess insurance over a corresponding underlying [Travelers Property] identified by policy number: 2022-2023 policy (CUP-6T662984-22-NF); 2023-2024 policy (CUP-6T662984-23-NF); and 202[4]-202[5] policy (CUP-6T662984-24-NF). (ECF 77-2 #5294; ECF 77-3 #5315; ECF 77-4

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

#5337.)" (ECF 97 #78185; *see also* ECF 97 #78189-91)

Additionally, Navigators explained that as an excess insurer this action against it is premature until Cambria can show the limits of the underlying Travelers Property policies have been exhausted, which it has not done. (ECF 77 #5285-86; ECF 97 #78191-94.)  Since the Order found there is no coverage under the Travelers Property policies, the limits of those policies underlying the Navigators excess policies will never be exhausted by Cambria's claims, and Navigators is not a proper party to this action. The Order did not address Navigators' exhaustion arguments. L.R. 7-18(c).  Further, the finding in the Order that the silica exclusion in the Travelers Property policies bar coverage will prevent exhaustion of the limits of the policies underlying the Navigators excess policies, meaning the Navigators policies will not be triggered by Cambria's claims.  This represents a material difference in fact from that presented to the Court that, in the exercise of reasonable diligence, Navigators could not have known about when the Order was entered or the emergence of a new material fact occurring after the Order was entered. L.R. 7-18(a)-(b).

Thus, Navigators' motion for judgment on the pleadings should be granted, like the motion of National Surety, which also issued excess policies incorporating by reference the Travelers Property silica exclusions.

This motion for reconsideration is timely, because it is filed within 14 days after entry of the Order.

## V.    CONCLUSION

Third party defendant Navigators respectfully requests that this Court grant this motion and:

1. Vacate and reconsider all portions of the Order concerning the Navigators excess polices' incorporating and relying on the silica exclusions of the underlying Travelers Property umbrella policies; and

2. Grant Navigators' motion for judgment on the pleadings.

Dated: April 13, 2026             CLYDE & CO US LLP


                                  By: /s/ *Brian D. Harrison*
                                      Alex E. Potente
                                      Brian D. Harrison
                                      David M. Rhodes

                                  Attorneys For Third-Party Defendant
                                  Navigators Insurance Company

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2</u>

The undersigned counsel of record for Third-Party Defendant Navigators Insurance Company, certifies that this Motion contains 1,844 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 13, 2026

CLYDE & CO US LLP

By: /s/ *Brian D. Harrison*
      Brian D. Harrison

Attorneys For Third-Party Defendant
Navigators Insurance Company

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800