UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | April 23, 2026 |
| Title | *Regent Insurance Company et al. v. Cambria Enterprises et al.* | | |

Present: The Honorable    MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**      **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On March 31, 2026, the Court granted in part and denied in part Defendants' Motion for Judgment on the Pleadings. ECF 119. The Court granted judgment on the pleadings with respect to certain policies issued by Travelers Property Casualty Company of America and by National Surety Corporation, concluding that exclusions in those policies precluded coverage sought by Plaintiffs. *Id.* at 18–20. On April 20, 2026, National Surety Corporation lodged a proposed judgment. ECF 126.

Ordinarily, a final judgment is not entered in an action until all claims have been resolved. However, when an action involves multiple claims or multiple parties, the district court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). District courts use a two-step process under Rule 54(b): (1) they determine if the challenged order is a "final judgment"; and (2) they determine whether there is any just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980).

Plaintiffs and National Surety are hereby **ORDERED TO SHOW CAUSE** in writing within fourteen (14) days, in briefs not to exceed five (5) pages, whether National Surety's proposed judgment should be entered under Rule 54(b).

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk      mku