CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
ERICA SEDLER (SBN: 272250)
erica.sedler@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorneys for Third-Party Defendants*
*The Phoenix Insurance Company and Travelers*
*Property Casualty Company of America*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN,<br><br>    Plaintiffs/ Counterclaim Defendants,<br><br>vs.<br><br>CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC<br><br>    Defendants / Counterclaim Plaintiffs. | Case No. 2:25-cv-4142 MRA (MAAx)<br><br>**TRAVELERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Date:      June 30, 2026<br>Time:      10:00 a.m.<br>Courtroom: 9B<br><br>Judge:  Hon. Mónica Ramírez Almadani<br><br>[Filed concurrently herewith: Notice of Motion for Certification of Interlocutory Appeal and Request for a Stay; Declaration of Chet A. Kronenberg; and [Proposed] Order] |
| CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC,<br><br>    Third-Party Plaintiffs<br><br>vs.<br><br>THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY<br><br>    Third-Party Defendants. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................5

II. FACTUAL BACKGROUND .................................................................8

III. LEGAL AUTHORITY ..........................................................................9

IV. AUTHORITY AND ARGUMENT .......................................................9

    A. The Issues Presented Are Controlling Questions of Law ........................9

    B. There Is a Substantial Ground for a Difference of Opinion Regarding the Question Presented for Certification...................................................... 10

        1. The Court's Order Concerning Travelers' Silica Exclusion at Issue Conflicts with the Court's Recent Decision in the Related *Hanover* Case.................................................................................. 10

        2. The Court's Application of the Illusory Coverage Doctrine in Evaluating Travelers' Silica Exclusion at Issue Is Inconsistent with California's On-Point Authority........................................... 12

    C. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation as to Travelers ........................................ 15

V. STAY OF PROCEEDINGS ............................................................... 17

VI. CONCLUSION .................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page**

### CASES

*Asis Internet Servs. v. Active Response Grp.*,
2008 U.S. Dist. LEXIS 117075 (N.D. Cal. Sept. 16, 2008)...........................17

*Atain Specialty Insurance Company v. Bay Stone Depot, Inc.*,
No. 5:24-cv-07541 (N.D. Cal. May 19, 2025) (LEXIS) ................................16

*Beeman v. Anthem Prescription Mgmt., Inc.*,
2007 U.S. Dist. LEXIS 103221 (C.D. Cal. Aug. 2, 2007) .............................16

*Belmonte v. Emplrs Ins. Co.*,
83 Cal. App. 4th 430 (2000) .........................................................................14

*Boxed Foods Co., LLC v. Cal. Capital Ins. Co.*,
497 F. Supp. 3d 516 (N.D. Cal. 2020)..........................................................14

*Certain Underwriters at Lloyd's of London v. Superior Ct.*,
24 Cal. 4th 945 (2001) ..................................................................................10

*Clinton v. Jones*,
520 U.S. 681 (1997)......................................................................................17

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ........................................................................17

*Colony Ins. Co. v. Advanced Logistics Mgmt.*,
2015 U.S. Dist. LEXIS 186859 (C.D. Cal. Nov. 13, 2015) ...........................14

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ........................................................................10

*Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*,
34 F.4th 649 (8th Cir. 2022) .........................................................................16

*Hanover Am. Ins. Co. v. Francini, Inc.*,
2025 U.S. Dist. LEXIS 70996 (C.D. Cal. Mar. 27, 2025) ...............7, 10, 11, 12

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,
59 Cal. 4th 277 (2014)..................................................................................10

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022)........................................................................15

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) .............................................................9, 10, 15

*John v. United States.*,
247 F.3d 1032 (9th Cir. 2001) .......................................................................16

- 3 -

*John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*,
16 Cal. 5th 1003 (2024)............................................................6, 8, 13, 14

*Kaufman v. Chubb Ltd.*,
386 F. Supp. 3d 1270 (C.D. Cal. 2019), *aff'd*, 809 F. App'x 461 (9th Cir. 2020).................................................................................................9

*Lakeland Village Homeowners Ass'n v. Great Am. Ins. Grp.*,
727 F. Supp. 2d 887 (E.D. Cal. 2010) ...............................................18

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ...........................................................10

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) .............................................................17

*Lomes v. Hartford Fin. Servs. Grp., Inc.*,
88 Cal. App. 4th 127 (2001).................................................................9

*Mauro v. Ohio Sec. Ins. Co.*,
2022 WL 10319967 (3d Cir. Oct. 18, 2022) .....................................16

*Merrill Seeley, Inc. v. Admiral Ins. Co.*,
225 Cal. App. 3d 624 (1990) .........................................................11, 14

*Mineworkers' Pension Scheme v. First Solar Inc.*,
881 F.3d 750 (9th Cir. 2018) ...............................................................9

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) .............................................................10

*Su v. Siemens Indus., Inc.*,
2014 U.S. Dist. LEXIS 80349 (N.D. Cal. June 10, 2014)...................9

*United States v. Adam Bros. Farming, Inc.*,
369 F. Supp. 2d 1180 (C.D. Cal. 2004)..........................................15, 17

*Waller v. Truck Ins. Exchange, Inc.*,
11 Cal. 4th 1 (1995)....................................................................10, 11, 14

*Westoil Terminals Co. v. Indus. Indem. Co.*,
110 Cal. App. 4th 139 (2003).............................................................14

## STATUTES

28 U.S.C. § 1292(b) ................................................................passim

## OTHER AUTHORITIES

Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) .............9

## I.    INTRODUCTION

Third-Party Defendants The Phoenix Insurance Company ("Phoenix") and Travelers Property Casualty Company Of America ("Travelers Property" and, together with Phoenix, "Travelers") respectfully move the Court to certify for interlocutory appeal the Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings (the "Order") dated March 31, 2026 (the "Motion"). ECF 119. Additionally, Travelers requests that, if the Court grants Travelers' motion, that the Court also stay this action pending the conclusion of the appellate proceedings.

This case involves critical questions of law and nationwide importance, which impact parties in dozens of insurance coverage disputes involving the application of insurers' silica exclusions to hundreds of underlying bodily injury lawsuits alleging silicosis and related and consequential medical conditions from exposure to respirable silica released during the fabrication of silica-containing stone products. This case, like myriad others pending in this District and California state court, concerns the proper application of a certain silica exclusion to coverage claims brought by a manufacturer and distributor of artificial stone sued in the underlying lawsuits.

Cambria Enterprises, Cambria Enterprises LLC, and Cambria Company LLC (collectively, "Cambria") seek coverage for at least one hundred seventy-four (174) underlying silica lawsuits which have been filed against Cambria Company LLC ("Cambria Company"), each of which alleges bodily injury from the toxic exposure to respirable silica-containing dust released during the fabrication of Cambria Company's "almost 100% crystalline silica" stone slabs (the "Silica Lawsuits"). *See* ECF 21 (Cambria's Third-Party Complaint) ¶ 52; ECF 79-2 (*Quiroz* Complaint) ¶ 483. Travelers' silica exclusion contained in the policies issued by Phoenix and certain policies issued by Travelers Property (together, the "Policies"), however, expressly bars coverage for any bodily injury "arising out of or in any way related to . . . products

- 5 -

or substances *containing* silica." Order at 4-5 (emphasis added).

Despite recognizing the clear and explicit language of Travelers' silica exclusion in these Policies, the Court nonetheless ruled that Travelers has not established that the exclusion precludes coverage for the Silica Lawsuits. *See* Order at 16-17. The Court's decision conflicts with the Court's prior ruling in a related case and rests on dispositive legal issues that will determine the course of this case with respect to Travelers and other related litigation. To facilitate potential resolution of the action and bring clarity across the hundreds of cases involving the same or similar policy exclusions, the Order should be certified for immediate appeal.

The requirements for interlocutory appeal under 28 U.S.C. § 1292(b) are readily satisfied here. As the Order recognizes, "[t]here can be *no* doubt that the Underlying Plaintiffs allege injuries arising from silica or silica-related dust." Order at 18. In fact, the Court found that "the *only fair reading* of the[] [underlying] allegations is that those injuries were all caused by *products* that, at the very least, contained silica" and that "[a] comparison of these exclusions and the Underlying Actions would therefore indicate that coverage is precluded under the broad language of the exclusion." *Id.* at 16-17 (partial emphasis added). These findings require enforcement of Travelers' silica exclusion as written.

Yet the Order declined to give effect to the clear and explicit language of Travelers' silica exclusion, reasoning that its express terms must instead yield to the judicially created "illusory coverage" doctrine. *See id.* at 17-18. But, under California Supreme Court on-point authority, the Order was mistaken to find possible coverage because the illusory coverage doctrine does not apply when coverage is plainly excluded by the policy terms. *See John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*, 16 Cal. 5th 1003, 1022 (2024).

Notably, further underscoring the existence of a substantial ground for a difference of opinion on this issue, the Court did *not* apply this doctrine when it previously granted insurers' motion for judgment on the pleadings in the related case,

*Hanover Am. Ins. Co. v. Francini, Inc.*, 2025 U.S. Dist. LEXIS 70996 (C.D. Cal. Mar. 27, 2025). In that recent decision, the Court found that a substantially similar silica exclusion precluded coverage for the underlying stoneworker lawsuits. Order at 14 ("The Court acknowledges that it reached a different conclusion in its prior order granting the insurers' motion for judgment on the pleadings in *Hanover*."). Indeed, reasonable jurists could determine—much as this Court did in *Hanover*—that the clear and unambiguous exclusionary language like Travelers', excluding coverage whenever the injury is "in any way related to" the inhalation or respiration of silica released from any "products or substances containing silica" (Order at 4, 5), bars coverage for the Silica Lawsuits.

Finally, the interests of judicial efficiency and uncertainty generated by conflicting or inconsistent opinions should compel the Court to certify its Order for interlocutory review by the Ninth Circuit Court of Appeals to minimize the possibility going forward of conflicting rulings and related confusion. This is particularly critical given that the issue of whether similar silica exclusions in other insureds' policies apply to the Silica Lawsuits will come up again and again in insurance coverage cases pending in this District (and others), as more are continuously filed. In fact, there are at least ten actions (including this) pending in this District concerning insurance coverage for underlying stoneworker lawsuits. A decision by the Ninth Circuit now, while this action and the other coverage actions are at an early stage, could obviate the need for, among other things, repetitive motion practice and expensive and protracted discovery.

For the reasons discussed herein, Travelers seeks certification for immediate appeal of the following question, which is central to the Court's ruling as to Travelers' silica exclusion in the Policies, constitutes a "controlling" question of law in this case, and presents a substantial ground for difference of opinion:

TRAVELERS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAAx)

- When interpreting the plain and unambiguous language of Travelers' silica exclusion in the Policies, does *John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*, 16 Cal. 5th 1003 (2024) preclude application of the illusory coverage doctrine?

For the reasons discussed herein, Travelers respectfully requests that the Court certify the Order for interlocutory appeal and stay the instant action against it pending the appeal.

## II.    FACTUAL BACKGROUND

Phoenix issued three primary policies to Cambria between 2013 and 2016. Order at 4. Travelers Property issued three umbrella policies to Cambria during the same time period. *Id*. at 4-5.[1]   Each of the Policies contains a silica exclusion that excludes  coverage for bodily injury "arising out of or in any way related to the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation or respiration of silica or products or substances *containing silica*." *Id.* at 16 (emphasis added).

On May 29, 2025, Cambria brought a Third-Party Complaint against Travelers, among other insurers, seeking declaratory judgment and alleging breach of contract and bad faith claims asserting coverage for the Silica Lawsuits. ECF 21.

On August 25, 2025, Travelers moved for judgment on the pleadings that it owes no duty to defend or indemnify Cambria under any of the policies it issued to Cambria, including the Policies at issue for purposes of this Motion, on the ground that the silica exclusions in the policies bar coverage for the Silica Lawsuits. ECF 76, 80.

On March 31, 2026, the Court granted in part and denied in part Travelers' motion for judgment on the pleadings. *See* Order at 18, 19.

This Motion addresses the Court's denial of the Order as to the Phoenix

---

[1] The remaining policies issued by Travelers Property are not at issue here because the Court granted Travelers' motion for judgment on the pleadings as to such policies. *See* Order at 18.

- 8 -

and Travelers Property Policies presently in the case.

## III.   LEGAL AUTHORITY

Section 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1982).  An interlocutory appeal under section 1292(b) is appropriate where (1) the order involves a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b); *see Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 751 n.1 (9th Cir. 2018).  Each of the factors is satisfied here.

## IV.   AUTHORITY AND ARGUMENT

### A.   The Issues Presented Are Controlling Questions of Law

The Court's Order presents questions of law that are "controlling" in this action.  "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)); *see also Su v. Siemens Indus., Inc.*, 2014 U.S. Dist. LEXIS 80349, at \*5 (N.D. Cal. June 10, 2014) ("'A steadily growing number of decisions' have found 'that a question is controlling . . . if interlocutory reversal might save time for the district court, and time and expense for the litigants.'") (quoting Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.)).

The Court's Order easily satisfies this standard: "Whether an insurance policy provides th[e] potential for coverage and, thus, a duty to defend exists, is a question of law for the court to decide." *Lomes v. Hartford Fin. Servs. Grp., Inc.*, 88 Cal. App. 4th 127, 132 (2001); *accord Kaufman v. Chubb Ltd.*, 386 F. Supp. 3d 1270, 1275 (C.D. Cal. 2019), *aff'd*, 809 F. App'x 461 (9th Cir. 2020) (explaining that under California law, the "interpretation of an insurance policy is a question of law" (quoting

*Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18 (1995)). If Travelers is correct that the silica exclusion at issue precludes coverage, then "reversal" of the Court's Order would "terminate the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 958 (2001) ("[W]here there is no duty to defend, there *cannot be* a duty to indemnify."); *see also Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 287 (2014) ("([T]he duty to defend must be assessed at the very *outset* of a case.") (emphasis added). At the very minimum, resolution of the legal questions presented would likely affect the outcome by narrowing and clarifying the issues in dispute.

**B.      There Is a Substantial Ground for a Difference of Opinion Regarding the Question Presented for Certification**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts find a substantial ground for difference of opinion when the "appeal 'involves an issue over which reasonable judges might differ.'" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1028). And the fact that "district courts confronted with similar facts have reached the opposite conclusion" in resolving a legal issue is powerful evidence that it warrants certification. *Leite v. Crane Co.*, 749 F.3d 1117, 1120 & n.1 (9th Cir. 2014) (granting section 1292(b) review where "district courts confronted with similar facts have reached the opposite conclusion").

**1.      The Court's Order Concerning Travelers' Silica Exclusion at Issue Conflicts with the Court's Recent Decision in the Related *Hanover* Case**

The "substantial ground for a difference of opinion" standard is unquestionably satisfied here. As a threshold matter, the Court's Order itself points out, "[t]he Court acknowledges that it reached a *different* conclusion in its prior order granting the insurers' motion for judgment on the pleadings in *Hanover*." Order at 14

- 10 -

(emphasis added). Indeed, in *Hanover*, the Court instructed that the "clear and unambiguous" language of substantially similar silica exclusions must be given effect. 2025 U.S. Dist. LEXIS 70996, at *13-14. Significantly, the Court did *not* apply the illusory coverage doctrine in determining that the insurers "do not have a duty to defend" the underlying silica lawsuits and found that a comparison of the underlying allegations with the terms of the silica exclusions unequivocally demonstrated that coverage is barred. *See* 2025 U.S. Dist. LEXIS 70996, at *12-14.

The Court found in *Hanover* that the "underlying plaintiffs suffer from silicosis and related conditions and consequential injuries because of their exposure to silica and silica-related dust." *Id*. at *4. The Court determined that "on the face of the complaints, all allegations against [the insured] specifically address the crystalline silica in [the insured's] artificial stone products." *Id.* at *12. The Court explained that "[t]he recovery sought against [the insured] is based on bodily injuries, sickness, or disease caused by th[e] silica or silica-related dust." *Id.* at *13. Finding that "[t]he policy language is clear and unambiguous" in excluding coverage for bodily injury that arises in whole or in part out of the inhalation of silica or silica-related dust, the Court concluded that "[t]he bodily injuries [alleged in the stoneworker lawsuits], which arise from silica or silica-related dust, fall *squarely* within the bounds of coverage [the insurers] sought to exclude from their [p]olicies." *Id.* at *13 (emphasis added).

Significantly, in its analysis in *Hanover*, the Court relied on California authority holding that "when interpreting insurance policy language, '[c]ourts will not strain to create an ambiguity where none exists'" and that "'[w]here the policy language is clear and unambiguous, the insured reasonably can expect only the coverage afforded by the plain language of the contract.'" *Id.* at 8 (quoting *Waller*, 11 Cal. 4th at 18-19 and *Merrill Seeley, Inc. v. Admiral Ins. Co.*, 225 Cal. App. 3d 624, 630 (1990), respectively). Yet, the Court did not follow this line of authority here, despite recognizing that Travelers' silica exclusion clearly applies to any bodily injury arising out of a silica-containing substance. *See* Order at 16-17.

In fact, the Court initially found that the exclusion's use of the phrase "products or substances containing silica" is "significant" because the plain language excludes coverage for the underlying injuries "caused by any product that merely contains silica," whether or not "substances other than silica actually caused the[] injuries." Order at 16. Relatedly, the Court found that "[t]here can be *no* doubt that the Underlying Plaintiffs allege injuries arising from silica or silica-related dust." *Id.* at 18 (emphasis added). Accordingly, the Court recognized that "the *only* fair reading of the[] allegations is that those injuries were all caused by *products* that, at the very least, contained silica" and that "[a] comparison of [Travelers'] exclusions and the Underlying Actions would therefore indicate that coverage is *precluded* under the broad language of the exclusion." *Id.* at 16-17 (partial emphasis added). But in the face of these findings, the Court nonetheless proceeded to adopt Cambria's argument that the application of these silica exclusions according to their terms would render Cambria's coverage "illusory" and upset Cambria's purported "expectations." *See id.* at 17-18.

The Court's diverging opinions in *Hanover* and this case—despite each acknowledging the clear and unambiguous policy language and the underlying allegations of injuries related to the inhalation of silica-containing matter—demonstrate that there is a substantial ground for difference of opinion as to whether Travelers' silica exclusion at issue bars coverage for the Silica Lawsuits.

### 2. The Court's Application of the Illusory Coverage Doctrine in Evaluating Travelers' Silica Exclusion at Issue Is Inconsistent with California's On-Point Authority

A substantial ground for a difference of opinion also exists as to the Order's application of the "illusory coverage" doctrine to create a duty to defend where the plain terms of the applicable Phoenix and Travelers Property Policies clearly and explicitly preclude coverage. As the Court recognized, Travelers' silica exclusion expressly excludes from coverage any bodily injury that is in any way related to a silica-containing substance, just like the injuries alleged in each of the Silica Lawsuits.

Order at 16-17.  As the Court observed, "[t]he inclusion of the language 'products . . . containing silica' and 'silica products' is significant" as "these exclusions speak not only to the substances that cause injuries, but rather to whether the injuries were caused by any product that merely contains silica." *Id.* at 16.   Therefore, the Court reasoned that "[a] comparison of these exclusions and the Underlying Actions would therefore indicate that coverage is *precluded* under the broad language of the exclusion." *Id.* at 17 (emphasis added).   Under on-point California authority, these findings are dispositive and require enforcement of Travelers' Policies as written.

Specifically, the Court's decision to the contrary is in significant tension with the California Supreme Court's recent decision in *John's Grill*, previously briefed in Insurers' Joint Reply to Cambria's Opposition to Insurers' Joint Memorandum in Support of Motions for Judgment on the Pleadings (ECF 96 at 8-9) and Travelers' Reply to Cambria's Opposition to Travelers' Memorandum in Support of Motion for Judgment on the Pleadings (ECF 101 at 8).   In *John's Grill*, the insured sought compensation for losses that its business sustained as a result of the COVID-19 pandemic.  16 Cal. 5th at 1007. The policy contained a coverage limitation that generally excluded coverage for any virus-related loss or damage, with certain exceptions. *Id.*  The insured contended that it was entitled to coverage because if the limitation were enforced as written, it would render the policy's promise of coverage "illusory." *Id*.  The California Supreme Court *rejected* this argument, explaining that it "has never recognized the illusory coverage doctrine as such." *Id.*

Critically, concluding that the policy language was "clear and unambiguous," the *John's Grill* Court instructed that "[i]n accordance with long-settled principles of contract interpretation, *the plain meaning of the policy governs*." *Id*. (emphasis added).  Notably, the Court further admonished that "[t]he fact that [the insured's] particular business arrangements would make it unlikely to benefit from the policy's limited . . . coverage would be something for [the insured] to consider when obtaining coverage" and "even [the insured's] own conception of the illusory coverage

- 13 -

doctrine is insufficient to justify disregarding the plain language of the policy." *Id.* at 1022.

Significantly, the Court's Order in this case does not address the application of *John's Grill* and whether it compels enforcement of Travelers' silica exclusion at issue according to its terms given the California Supreme Court's holding.

Likewise, the Court's application of Cambria's purported "reasonable expectations" in its analysis conflicts with other authority. "[C]ourts do not evaluate the reasonable expectations doctrine when a policy's language is clear and unambiguous." *Boxed Foods Co., LLC v. Cal. Capital Ins. Co.*, 497 F. Supp. 3d 516, 523 (N.D. Cal. 2020); *see Merrill Seeley, Inc. v. Admiral Ins. Co.*, 225 Cal. App. 3d 624, 630 (1990) ("Where the policy language is clear and unambiguous, the insured reasonably can expect only the coverage afforded by the plain language of the contract."); *see also Colony Ins. Co. v. Advanced Logistics Mgmt.*, 2015 U.S. Dist. LEXIS 186859, at *16 (C.D. Cal. Nov. 13, 2015) ("Policy is not ambiguous because it contains plain and clear exclusionary language[.]"); *Belmonte v. Emplrs Ins. Co.*, 83 Cal. App. 4th 430, 435 (2000) ("Coverage is precluded when the exclusionary language is explicit."); *Westoil Terminals Co., Inc. v. Industrial Indemnity Co.*, 110 Cal. App. 4th 139, 146 (2003) ("[W]here an exclusion is clear and unambiguous, it is given its literal effect.") (citation omitted); *Waller*, 11 Cal. 4th at 18-19 ("Courts will not strain to create an ambiguity where none exists."). The Court's elevation of Cambria's supposed expectations conflicts with these authorities by mandating coverage that is specifically excluded.

Moreover, aside from the unavailability of the reasonable expectations doctrine in cases where the plain language of the policy excludes coverage, as here, Cambria has not even demonstrated that "it had a reasonable expectation that the polic[ies] would cover [its] claimed loss or damage." *John's Grill*, 16 Cal. 5th at 1007. Indeed, Cambria identified nothing in the Policies suggesting that it would receive coverage for the bodily injuries alleged in the Silica Lawsuits, all of which stemmed

- 14 -

from the stone fabricators' exposure to silica *in addition* to other matter.  The absence of any reasonable expectation is further highlighted by the fact that Cambria—a sophisticated manufacturer and distributor of stone products—claims "20 years" of experience in "purchas[ing] hundreds of millions of dollars in products-liability insurance limits."  ECF 86 (Cambria's Opp. to Insurers' Jt. Mtns. For Judgment on the Pleadings) at 14.  And, given its industry role, it undoubtedly was aware of the "health risks associated with exposure to crystalline silica dust" which "have been known to the stone industry for *centuries*."  ECF 79-2 (*Quiroz* Compl.) ¶ 126 (emphasis added).

Because the Court's application of the illusory coverage and reasonable expectation doctrines despite the clear and explicit language of Travelers' policy exclusion conflicts with California Supreme Court authority and otherwise has no application here, there certainly is a "substantial ground for difference of opinion," satisfying the section 1292(b) requirement.  Accordingly, Ninth Circuit review of the issue would be instructive both with respect to resolving this action as to Travelers, as well as providing necessary guidance to courts wrestling with the application of the same or similar silica exclusions in hundreds of cases.

### C. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation as to Travelers

The final requirement for section 1292(b) certification is satisfied because an immediate appeal would materially advance the termination of this coverage action as to Travelers.  This prong "is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1027); *see United States v. Adam Bros. Farming, Inc.,* 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) ("The purpose of an interlocutory appeal is to 'facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later' [in order to] 'save the courts and the litigants unnecessary trouble and expense.'") (quoting

- 15 -

*John v. United States.*, 247 F.3d 1032, 1051 (9th Cir. 2001)).  In evaluating whether an interlocutory appeal will materially advance the litigation, courts apply "pragmatic considerations" in assessing the issue.  *Beeman v. Anthem Prescription Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 103221, at *9 (C.D. Cal. Aug. 2, 2007).

This standard is readily met here.  If the Ninth Circuit finds that Travelers' silica exclusion bars coverage for the bodily injuries alleged in the Silica Lawsuits, the action against Travelers will be resolved entirely as all of Cambria's claims against Travelers—all of which are premised on the existence of coverage—would fail as a matter of law.  Moreover, beyond this action, answering the legal questions presented will have a wide-ranging impact on resolving current and future coverage disputes as to the hundreds of underlying silica lawsuits.  Indeed, there are currently more than 400 underlying stoneworker lawsuits pending nationwide, and many cases currently involve the same or similar questions regarding the application of silica exclusions.[2] Already, other courts have reached conclusions that are inconsistent with the Court's decision in this case—holding that substantially similar silica exclusions bar coverage.[3]  The sheer volume of these cases, along with the disagreement they have

---

[2] *See, e.g., Caesarstone USA, Inc., v. Allied Worl Assur. Co.*, No. 2:25-cv-09582-MRA-MAAx (C.D. Cal.) ; *Travelers Property Casualty Company et al. v. Hyundai L&C USA*, No. 2:26-cv-01582-MEMF-E (C.D. Cal.); *Sompo America Insurance Company v. LX Hausys America, Inc.*, No. 2:25-cv-02832-JFW-MAA (C.D. Cal.); *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D. Cal.); *Pacific Shore Stones, LLC v. Allied Property & Casualty Company*, No. 2:25-cv-04370 MRA (MAAx) (C.D. Cal.); *Surface Warehouse LP v. The Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895 MRA (MAAx) (C.D. Cal.); *Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc.*, No. 2:25-CV-07207 (C.D. Cal.); *Regent Insurance Company et al. v. Stone Source LLC*, No. 2:25-cv-06702 (C.D. Cal.); *Hartford Casualty Insurance Company v. Gramar Stone Center, Inc.*, No. 8:23-cv-02395 (C.D. Cal.); *see, e.g., Arizona Tile, LLC v. Travelers Property Casualty Company of America*, LASC, No. 25STCV02521 (Cal. Super. Ct.); *C & C North America, Inc. v. ACE Property and Casualty Insurance Company*, No. 24STCV18642 (Cal. Super. Ct.); *EOS Surfaces, LLC v. Peerless Indemnity Insurance Company*, Case No. 25STCV24833 (Cal. Super. Ct.).

[3] *See, e.g., Atain Specialty Insurance Company v. Bay Stone Depot, Inc.*, No. 5:24-cv-07541 (N.D. Cal.), ECF 48 (granting the insurer's first motion for judgment on the pleadings because the silica exclusion bars coverage); *Emcasco Insurance Company v. Verona Marble Company Inc.*, No. 3:26-cv-00778 (N.D. Tex.); *see also Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*, 34 F.4th 649, 654–55 (8th Cir. 2022) (affirming judgment for insurer under Minnesota law that silica

TRAVELERS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAAX)

engendered, underscores the urgency of appellate resolution of the coverage issues this case presents.

## V.    STAY OF PROCEEDINGS

If the Court certifies the Order for interlocutory appeal, the Court should also stay all proceedings until the Ninth Circuit resolves the appeal.  This Court has the authority to stay this action pending interlocutory appeal.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (court has authority to control proceedings to ensure sensible, efficient litigation); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("[a] district court has inherent power to control" its docket).

"When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Servs. v. Active Response Grp.*, 2008 U.S. Dist. LEXIS 117075, at *10-11 (N.D. Cal. Sept. 16, 2008); *accord Little*, 863 F.2d at 685.  This Court may therefore stay proceedings to avoid the "unnecessary trouble and expense" from further proceedings that section 1292(b) was designed to avoid.  *Adam Bros*, 369 F. Supp. 2d at 1182 (internal quotation marks omitted).

These considerations counsel in favor of a stay here.  Litigating before this Court while an appeal is pending would require the parties and the Court to expend significant resources, which would be entirely unnecessary if the Ninth Circuit determines that the silica exclusions bar coverage in this case.  *See Lakeland Village*

---

exclusion precluded coverage for damages arising out of silica dust); *Mauro v. Ohio Sec. Ins. Co.*, 2022 WL 10319967, at *2–3 (3d Cir. Oct. 18, 2022) (affirming judgment for insurer under Ohio law that silica exclusion barred coverage for injuries arising from silica inhalation, in light of "clear and unambiguous" language of exclusion); *Bitco General Insurance Corp. v. Timberline Aggregates, LLC*, No. 5:25-cv-05048 (D. S.D.); *Samsung Fire & Marine Ins. Co., Ltd. v. Hyundai L&C USA, LLC*, No: 26-A-01274-4 (Ga. Super. Ct.).

TRAVELERS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAAx)

*Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010) ("Since three of [p]laintiff's four claims . . . are based upon the duty to defend, [i]t would be a waste of judicial and party resources to proceed with [these] claims while the appeal is pending.") (internal quotation marks omitted) (alteration in original). Accordingly, if this Court certifies this case for interlocutory appeal, it should also stay the action as to Travelers until the appeal is resolved.

## VI.    CONCLUSION

For the reasons set forth above, Travelers respectfully requests that the Court certify the Order for interlocutory appeal and stay this action against it pending the resolution of the appellate proceedings.

Dated: April 23, 2026                     SIMPSON THACHER & BARTLETT LLP

By:  */s/ Chet A. Kronenberg*
          CHET A. KRONENBERG

*Attorneys for Third-Party Defendants*
*THE PHOENIX INSURANCE COMPANY and*
*TRAVELERS PROPERTY CASUALTY*
*COMPANY OF AMERICA*

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Third-Party Defendants The Phoenix Insurance Company and Travelers Property Casualty Company of America, certifies that this brief contains 4,604 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 23, 2026                    SIMPSON THACHER & BARTLETT LLP

                                         By: _/s/ Chet A. Kronenberg_
                                              CHET A. KRONENBERG

                                         *Attorneys for Third-Party Defendants*
                                         *THE PHOENIX INSURANCE COMPANY and*
                                         *TRAVELERS PROPERTY CASUALTY*
                                         *COMPANY OF AMERICA*