ELIZABETH B. PRELOGAR
eprelogar@cooley.com
ANNA O. MOHAN (*Pro Hac Vice* forthcoming)
amohan@cooley.com
**COOLEY LLP**
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

PATRICK J. HAYDEN (*Pro Hac Vice* pending)
phayden@cooley.com
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

*Attorneys for Plaintiffs Regent Insurance Company and General Casualty Company of Wisconsin*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN,<br><br>Plaintiffs/ Counterclaim Defendants,<br><br>vs.<br><br>CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC,<br><br>Defendants / Counterclaim Plaintiffs.<br><br>CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC,<br><br>Third-Party Plaintiffs<br><br>vs.<br><br>THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY | Case No. 2:25-cv-4142 MRA (MAA)<br><br>**REGENT INSURANCE COMPANY'S AND GENERAL CASUALTY COMPANY OF WISCONSIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Date:       July 21, 2026<br>Time:       10:00 a.m.<br>Courtroom: 9B<br><br>Judge:  Hon. Mónica Ramírez Almadani |

CORPORATION, GREAT AMERICAN
INSURANCE COMPANY,
                                Third-Party
                                Defendants.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................1

BACKGROUND ................................................................................................................3

LEGAL STANDARD ........................................................................................................4

ARGUMENT .....................................................................................................................4

I.      The Order Involves Controlling Questions of Law...............................................4

II.     There Is Substantial Ground for a Difference of Opinion Regarding the Question Presented for Certification ...................................................................5

      A.      Reasonable Jurists Could Conclude that Policy Exclusions for Injuries Arising from a Particular Cause Bar Coverage, Absent Allegations that Any Non-Excluded Cause Was the Predominate Cause of Injury ...........6

      B.      Reasonable Jurists Could Conclude that the Concurrent Cause Doctrine Provides No Basis to Require Coverage ................................................. 10

III.    An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation................................................................................................... 12

IV.     This Case Should Be Stayed Pending Appeal..................................................... 14

CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asis Internet Servs. v. Active Resp. Grp.*,
No. C07-6211, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008)..........................14

*Atl. Cas. Ins. Co. v. Cheyenne Country*,
515 F. App'x 398 (6th Cir. 2013)........................................................................7

*Beeman v. Anthem Prescription Mgmt., Inc.*,
No. EDCV-04-407, 2007 WL 8433884 (C.D. Cal. Aug. 2, 2007).....................13

*Brooks v. Met. Life Ins. Co.*,
27 Cal. 2d 305 (1945) .......................................................................................8, 9

*California v. Allstate Insurance Co.*,
45 Cal. 4th 1008 (2009).....................................................................................9, 11

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ......................................................................4, 5, 12

*Certain Underwriters at Lloyd's of London v. Superior Ct.*,
24 Cal. 4th 945 (2001) ..........................................................................................5

*City of Carlsbad v. Ins. Co. of Pa.*,
180 Cal. App. 4th 176 (2009) .........................................................................10, 11

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .................................................................................5

*Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*,
No. 1:23-cv-7513, 2025 WL 764374 (S.D.N.Y. Mar. 11, 2025) ..........................8

*Freedman v. State Farm Ins. Co.*,
173 Cal. App. 4th 957 (2009)................................................................................7

*Garvey v. State Farm Fire & Casualty Co.*,
48 Cal. 3d 395 (1989) .......................................................................................6, 10

*Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*,
34 F.4th 649 (8th Cir. 2022).................................................................................14

- ii -

*Hanover American Insurance Co. v. Francini, Inc.*,
No. 2:23-cv-10047, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025)..............1, 5, 8

*ICTSI Or., Inc. v. ILWU*,
22 F.4th 1125 (9th Cir. 2022) ...................................................................................12

*John v. United States*,
247 F.3d 1032 (9th Cir. 2001) ..................................................................................12

*John's Grill, Inc. v. Hartford Fin. Servs. Grp., Inc.*,
16 Cal. 5th 1003 (2024)............................................................................................6, 9

*Julian v. Hartford Underwriters Ins. Co.*,
35 Cal. 4th 747 (2005) .............................................................................................7, 9

*Kaufman v. Chubb Ltd.*,
386 F. Supp. 3d 1270 (C.D. Cal. 2019)...................................................................4

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*,
727 F. Supp. 2d 887 (E.D. Cal. 2010) ...................................................................14

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ...................................................................................5

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ...................................................................................14

*Lomes v. Hartford Fin. Servs. Grp., Inc.*,
88 Cal. App. 4th 127 (2001) .....................................................................................4

*Mauro v. Ohio Sec. Ins. Co.*,
No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022) ...............................14

*Mineworkers' Pension Scheme v. First Solar Inc.*,
881 F.3d 750 (9th Cir. 2018) ....................................................................................4

*ML Direct, Inc. v. TIG Specialty Ins. Co.*,
79 Cal. App. 4th 137 (2000) .....................................................................................7

*Nationwide Mut. Ins. Co. v. Nash*,
No. RDB-07-209, 2007 WL 1774487 (D. Md. June 18, 2007)...........................7

*Nationwide Prop. & Cas. Ins. Co. v. Hampton Ct., L.P.*,
754 F. Supp. 3d 1349 (N.D. Ga. 2024)....................................................................8

- iii -

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ................................................................................5

*State Farm Fire & Cas. Co. v. Diblin*,
114 Cal. App. 5th 1245 (2025) .............................................................................11

*State Farm Mut. Auto. Ins. Co. v. Partridge*,
10 Cal. 3d 94 (1973) .............................................................................8, 9, 10, 11

*Su v. Siemens Indus., Inc.*,
No. 12-cv-03743, 2014 WL 2600539 (N.D. Cal. June 10, 2014) ........................4

*TNT Speed & Sport Ctr., Inc. v. Am. States Ins. Co.*,
114 F.3d 731 (8th Cir. 1997) ................................................................................8

*United States v. Adam Bros. Farming, Inc.*,
369 F. Supp. 2d 1180 (C.D. Cal. 2004)..........................................................12, 14

*Waller v. Truck Ins. Exch., Inc.*,
11 Cal. 4th 1 (1995) ..............................................................................................4

**Statutes**

28 U.S.C. § 1292(b) ...........................................................................................1, 4

**Other Authorities**

Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ..............................4

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs and Counterclaim Defendants Regent Insurance Company and General Casualty Company of Wisconsin ("Regent" or "Plaintiff Insurers") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Certify for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings.

## INTRODUCTION

This case involves critical questions of law regarding insurance coverage for lawsuits brought by stoneworkers for injuries caused by exposure to silica and silica-related substances. These are questions of nationwide importance: there are currently over 400 such lawsuits pending—many in this District or in California state court—and many involve the exact same questions about the scope and application of policy exclusions for injuries caused in any part by silica exposure. The Court's determination—in conflict with its prior rulings—that most of the silica exclusions in this case are inapplicable rests on dispositive legal issues that will determine the course of this case and many others. To bring clarity across the hundreds of cases to which these policy exclusions may apply, the Order should be certified for immediate appeal.

The requirements for interlocutory appeal under 28 U.S.C. § 1292(b) are readily satisfied here. The plaintiffs in the underlying lawsuits allegedly developed silicosis and related bodily injury from exposure to silica. The Court's Order decides a critical and controlling question of law: whether silica exclusions that by their terms apply to alleged bodily injury caused in any part by exposure to respirable or ingestible silica bar coverage for those lawsuits—and thus eliminate any duty to defend. The Order declined to give effect to the silica exclusions, reasoning that their express terms must yield to the judicially created doctrine of "concurrent cause." But the Order was mistaken to find possible coverage despite the plain terms of the exclusions.

As underscored by this Court's contrary conclusion in *Hanover American Insurance Co. v. Francini, Inc.*, No. 2:23-cv-10047, 2025 WL 1090925 (C.D. Cal. Mar.

27, 2025), there is substantial ground for a difference of opinion on this issue, which involves at least two fundamental legal questions that warrant immediate attention. First, reasonable jurists could determine—much as this Court did in *Hanover*—that a policy exclusion that applies whenever a specific cause contributes in any way to an injury ("in whole or in part") bars coverage where, as here, there is no dispute that the excluded cause was the "predominate" or "primary" source of alleged injury. These exclusions are specifically drafted to resolve any questions that might arise when an excluded cause and some other cause each contributes to an injury, and California law requires their enforcement, regardless of the rule that might apply in the absence of such an exclusion. Second, even if the plain terms of these exclusions are not controlling, the concurrent cause doctrine has no application where, as here, there are not two *independent* causes of injury. The Supreme Court of California has expressly limited the doctrine's relevance in this context, and here, there are no allegations that the plaintiffs in the underlying actions were independently exposed to any non-silica substance that could possibly have caused their injuries.

Finally, resolving these threshold legal disputes would materially advance the ultimate termination of the litigation. If the Ninth Circuit agrees that the silica exclusions bar coverage for the injuries alleged in the underlying lawsuits, this action will be fully resolved. And at a minimum, a Ninth Circuit decision addressing these issues will clarify the scope of the exclusions—a critical coverage question that will remain a live and likely dispositive issue in this case, along with the hundreds of other underlying cases asserting similar silica-related claims and involving similar policy exclusions. It will therefore conserve judicial resources to permit an interlocutory appeal now—and to stay proceedings pending that appeal—before this case moves forward.

For the reasons discussed herein, Plaintiff Insurers respectfully request that the Court certify the Order for interlocutory appeal and stay the instant action pending the appeal.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAA)

## BACKGROUND

This action involves a dispute between Insurers and Cambria regarding insurance coverage for underlying claims asserted against Cambria in over 174 lawsuits, each of which alleges that the underlying plaintiffs developed silicosis and related bodily injuries from exposure to crystalline silica released during the fabrication of Cambria's 99%-silica-containing stone slabs (the "Silica Lawsuits"). *See* ECF 21 (Cambria's Third-Party Complaint) ¶ 52; ECF 79-2 (*Quiroz* Complaint) ¶ 483.

Each Insurer issued one or more primary or excess/umbrella commercial policies to Cambria.  Each policy contains a silica or silica-related dust exclusion precluding coverage for bodily injury "arising, in whole or in part, out of . . . 'silica' or 'silica-related dust.'" ECF 119 (Order) at 3–4 (Regent and General Casualty); *see also id.* at 4 ("caused directly or indirectly, in whole or in part, by . . . 'silica'" (Zurich)); *id.* at 4 ("arising out of or in any way related to . . . products or substances containing silica" (Phoenix/Travelers Property)); *id.* at 6 ("arising out of . . . or related in any way, either directly or indirectly, and either in whole or in part, to . . . 'silica' or dust that includes or contains 'silica'" (Great American)); *id.* at 7 ("arising out of . . . 'silica' or 'silica related dust'" (Navigators)).

On May 8, 2025, Plaintiff Insurers initiated this action seeking a declaratory judgment that they do not have a duty to defend or indemnify Cambria in the Silica Lawsuits because those lawsuits arise out of the claimants' exposure to the release of silica from Cambria's stone slabs.  ECF 1.  Cambria filed counterclaims, contending that, in addition to silica, the underlying claimants were also exposed to non-silica matter.  *See* ECF 86 (Cambria's Opposition to Insurers' Joint Motions for Judgment on the Pleadings) at 1–2.  The Insurers moved for judgment on the pleadings, ECF 76-1, and on March 31, 2026, the Court denied the Insurers' motions except with respect to certain excess/umbrella policies issued by Travelers Property, *see* Order at 16, 18.

## LEGAL STANDARD

Section 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1982). An interlocutory appeal under Section 1292(b) is appropriate where: (1) the order involves a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 751 n.1 (9th Cir. 2018) (per curiam). Each of those factors is satisfied here.

## ARGUMENT

### I.     The Order Involves Controlling Questions of Law

The Court's Order presents questions of law that are "controlling" in this action. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Su v. Siemens Indus., Inc.*, No. 12-cv-03743, 2014 WL 2600539, at *2 (N.D. Cal. June 10, 2014) ("'A steadily growing number of decisions' have found 'that a question is controlling . . . if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" (quoting Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.))). The Court's Order easily satisfies this standard: "Whether an insurance policy provides th[e] potential for coverage and, thus, a duty to defend exists, is a question of law for the court to decide." *Lomes v. Hartford Fin. Servs. Grp., Inc.*, 88 Cal. App. 4th 127, 132 (2001); *accord Kaufman v. Chubb Ltd.*, 386 F. Supp. 3d 1270, 1275 (C.D. Cal. 2019) (explaining that under California law, the "interpretation of an insurance policy is a question of law" (quoting *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995))), *aff'd*, 809 F. App'x 461 (9th Cir. 2020). If the Insurers are correct that the silica exclusions at issue preclude coverage, then "reversal" of the Court's Order would

- 4 -

"terminate the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 958 (2001) ("[W]here there is no duty to defend, there *cannot be* a duty to indemnify."). At a minimum, resolution of the legal questions presented would likely affect the outcome by narrowing and clarifying the issues in dispute, as discussed below.

**II. There Is Substantial Ground for a Difference of Opinion Regarding the Question Presented for Certification**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts find a substantial ground for difference of opinion when the "'appeal involves an issue over which reasonable judges might differ.'" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1028). And the fact that "district courts confronted with similar facts have reached the opposite conclusion" in resolving a legal issue is powerful evidence that it warrants certification. *Leite v. Crane Co.*, 749 F.3d 1117, 1120 & n.1 (9th Cir. 2014) (granting Section 1292(b) review).

The "substantial ground for a difference of opinion" standard is satisfied here twice over. First, as the Court's own orders reflect, strong arguments exist that the silica exclusions foreclose coverage in the presence of allegations that silica or silica dust was not only a proximate, but the predominate, cause of the underlying injuries asserted. As this Court previously recognized in *Hanover*, the "clear and unambiguous" language of the silica exclusions must be given effect: these exclusions expressly address the possibility of concurrent causation, barring coverage whenever silica or silica dust contributes in *any* way to bodily injury. *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047, 2025 WL 1090925, at *5 (C.D. Cal. Mar. 27, 2025); *see* Order at 14 (acknowledging disagreement with *Hanover*). Second, to the extent this language is not dispositive, it is debatable whether the judicially created doctrine of concurrent cause has any application here, where there are not two independent

- 5 -

causes of injury. *Compare* Order at 15–16, *with Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 399 (1989) (limiting doctrine). The Court's own divergent resolutions demonstrate that these questions turn on fundamental legal questions, not the allegations in the specific cases—proving that interlocutory appeal is warranted.

### A. Reasonable Jurists Could Conclude that Policy Exclusions for Injuries Arising from a Particular Cause Bar Coverage, Absent Allegations that Any Non-Excluded Cause Was the Predominate Cause of Injury

Jurists could reasonably disagree with the Order's holding that a duty to defend can arise where a policy expressly excludes coverage for injuries arising in *any* part from a particular cause and the underlying complaints clearly allege that the excluded cause contributed to each of the injuries at issue. The exclusions in this case unambiguously apply whenever exposure to silica or silica dust contributes in any way—"in whole or in part"—to alleged bodily injury. Order at 3–5, 12–13. The Court recognized that silica exposure undisputedly "predominates" in the underlying actions, and the Court did not depart from its view in *Hanover* that silica is alleged to be the "'primary' or 'main' cause" of the plaintiffs' injuries. *Id.* at 14. That is because the plaintiffs seek to recover for silicosis and "other silica-related diseases," which are *always and definitionally* caused by exposure to silica, and any exposure to non-excluded substances is "uniformly alleged in combination with silica." *Id.* at 3, 14. Since the excluded substances allegedly caused the plaintiffs' injuries at least "in part" (indeed, "predominate[ly]"), there is no possibility of coverage and no duty to defend. In holding otherwise, the Order overrode the express language of the exclusions—effectively mandating coverage even where, as here, an excluded cause predominates over all alleged injuries. *Id.* at 15. Reasonable jurists could easily disagree.

Under California law, "'[i]nsurance policies are contracts" governed by "the rules of construction applicable to contracts,'" and "[a]bsent some extraordinary circumstance, courts must enforce . . . explicit and unambiguous policy limitations." *John's Grill, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 16 Cal. 5th 1003, 1013, 1022

- 6 -

(2024) (citation omitted); *see ML Direct, Inc. v. TIG Specialty Ins. Co.*, 79 Cal. App. 4th 137, 146 (2000) ("We cannot rewrite the policy to provide greater coverage than that which was agreed to."). Thus, in the context of first-party policies, California courts routinely enforce exclusions, like those at issue here, that expressly bar coverage when an excluded cause and non-excluded cause are both alleged to contribute to injury—so long as a non-excluded cause does not constitute the "predominate cause" or "efficient proximate cause" of the injury. *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747, 750, 759–61 (2005). In *Julian*, for instance, the California Supreme Court enforced a homeowners' policy that covered weather-related losses generally but excluded them when the weather conditions "contribute in any way with" a separately excluded peril—there, a landslide—meaning the policy covered rain damage standing alone, but not rain that induced a landslide. *See id.* at 751, 759–61. The Court held that the exclusion applied by its terms to bar coverage because landslides were expressly excluded, and it was "commonly understood" that rain would often cause or at least accompany landslides. *Id.* at 760–61. As this precedent reflects, California law generally permits parties to draft exclusions that bar coverage in the face of potentially concurrent causes, and those exclusions must be enforced by their terms. *See Freedman v. State Farm Ins. Co.*, 173 Cal. App. 4th 957, 962 (2009) (enforcing provisions of policy that excluded "third parties' negligent conduct and defective workmanship whenever they interact with an excluded peril").

The same principles mandate enforcement of exclusions that eliminate coverage for concurrent causes in the context of third-party liability policies like those at issue here. Courts across the country routinely enforce anti-concurrent causation clauses in this context. Courts have recognized, for instance, that the "proper focus remains on the language of the exclusionary clause," such that "an exclusionary clause may apply even where one of the causes contributing to the loss was not within the exclusion." *Nationwide Mut. Ins. Co. v. Nash*, No. RDB-07-209, 2007 WL 1774487, at *11 (D. Md. June 18, 2007) (citation omitted) (applying Maryland law); *Atl. Cas. Ins. Co. v.*

*Cheyenne Country*, 515 F. App'x 398, 402 (6th Cir. 2013) (holding that exclusionary clause must be enforced to override concurrent causation doctrine under Tennessee law).[1]  A reasonable jurist could likewise find that California courts must enforce unambiguous exclusions of third-party liability for injuries arising in any part from an excluded cause, notwithstanding any non-textual principles of concurrent causation.[2]

Indeed, this Court recognized precisely this point in *Hanover*, which considered a substantially similar exclusion applicable to "'bodily injuries' arising 'in whole or in part'" out of exposure to silica or silica-related dust.  *Hanover*, 2025 WL 1090925, at *5 (citation omitted).  *Hanover* faithfully applied the "clear and unambiguous" language of this exclusion, recognizing that the alleged "bodily injuries, which arise from silica or silica-related dust, fall squarely within the bounds of coverage [the insurers] sought to exclude." *Id.*  While the underlying complaint involved "allegations that *other* harmful chemicals, not just silica" caused injury, *Hanover* correctly found the exclusion applicable because "silica is not alleged as merely one of many potential chemicals causing the underlying plaintiffs' injuries, but as the *main* chemical contributing to their injuries." *Id.* at *4.  That was exactly right:  under California law, the parties were permitted to craft an exclusion that would apply anytime silica caused injury at least "in part"—and, on the facts alleged, there was simply no possibility that

---

[1] *See also, e.g., TNT Speed & Sport Ctr., Inc. v. Am. States Ins. Co.*, 114 F.3d 731, 733 (8th Cir. 1997) (holding that coverage was barred where exclusion applied to any loss or damage "caused directly or indirectly" by specific factors, "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" (emphases omitted)); *Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*, No. 1:23-cv-7513, 2025 WL 764374, at *6–7 (S.D.N.Y. Mar. 11, 2025) (same where exclusion applied to "any loss or damage, caused in whole or in part, directly or indirectly by, resulting from, contributed to or made worse by" specific factors, which undisputedly "contributed to or made the claimed damage worse"); *Nationwide Prop. & Cas. Ins. Co. v. Hampton Ct., L.P.*, 754 F. Supp. 3d 1349, 1355–56 (N.D. Ga. 2024) (same where "allegations—that [an excluded cause] at least in part caused Decedent's bodily injury—unambiguously exclude the incident from coverage and thus relieve [insurer] of its duty to defend the suit").

[2] Although the California Supreme Court has not considered this question in the context of a third-party liability policy, it has looked to cases involving first-party policies in assessing exclusionary clauses in third-party cases. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94, 103–05 (1973) (relying on *Brooks v. Met. Life Ins. Co.*, 27 Cal. 2d 305 (1945)).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAA)

non-silica substances constituted the "predominate cause" of injury.  *Julian*, 35 Cal. 4th at 750.  In sharp contrast, the Order here dispensed with the same contractual language—plainly designed to address the possibility of multiple causes of injury—and reverted to the judicially created doctrine of concurrent causation.  The Court was right in *Hanover*, and the Order's analysis cannot be squared with the approach California and other jurisdictions have taken in evaluating similar exclusions.

Reasonable jurists could similarly disagree with the Order's suggestion that *State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 Cal. 3d 94 (1973), and *California v. Allstate Insurance Co.*, 45 Cal. 4th 1008 (2009), justify any departure from the express language of exclusions like those at issue here.  Order at 15–16. *Partridge* and *Allstate* considered how coverage generally operates when two negligent acts of an insured—one excluded and one non-excluded—constitute concurrent causes of an accident.  *Partridge*, 10 Cal. 3d at 96.  But neither *Partridge* nor *Allstate* considered a policy exclusion containing language that explicitly overrides any concurrent cause doctrine by precluding coverage for injuries arising "in whole or in part" from an excluded cause.  Just the opposite:  *Partridge* explained that, unlike broadly worded exclusions similar to those here, the policy it considered provided "absolutely no indication that coverage afforded for liability accruing from a covered risk is to be withdrawn whenever an excluded risk constitutes an additional cause of the injury."  *Partridge*, 10 Cal. 3d at 104 n.9 (contrasting "much broader" exclusion at issue in *Brooks v. Metropolitan Life Insurance Co.*, 27 Cal. 2d 305, 309–10 (1945), which applied to losses caused "wholly or partly, directly or indirectly" by an excluded cause); *see also Allstate*, 45 Cal. 4th at 1016, 1029–31 (addressing general exclusion for liability resulting from environmental pollution, with no language addressing concurrent causation).[3]

---

[3] Cambria additionally invoked the illusory coverage doctrine in setting forth the general standards for interpreting exclusions.  *See* ECF 86 at 10 ("[T]he Insurers cannot seek to enforce exclusions that would render Cambria's product insurance illusory."). But that doctrine has no application here—indeed, the California Supreme Court has recently cast doubt on whether the doctrine even validly exists.  *See John's Grill*, 16

- 9 -

As this Court's own orders reflect, reasonable jurists could disagree with the Order's bottom-line determination that the express terms of policy exclusions, which preclude coverage when an excluded cause contributes in any way to injury, are effectively displaced by the doctrine of concurrent causation. This legal question is dispositive and warrants the Ninth Circuit's review.

### B.   Reasonable Jurists Could Conclude that the Concurrent Cause Doctrine Provides No Basis to Require Coverage

Even if the concurrent cause doctrine could apply notwithstanding the plain language of the policy exclusions, reasonable jurists could disagree with the Court's determination that the doctrine applies where, as here, no two causes are alleged to exist independently. *See* Order at 15–16. As the Supreme Court of California has recognized since deciding *Partridge*, this doctrine "should be utilized only in liability cases in which true concurrent causes, each originating from an independent act of negligence, simultaneously join together to produce injury." *Garvey*, 48 Cal. 3d 395, 399 (1989) (emphasis omitted); *City of Carlsbad v. Ins. Co. of Pa.*, 180 Cal. App. 4th 176, 183 (2009) (explaining that the concurrent cause doctrine applies only when there are "two negligent acts or omissions of the insured, one of which, independent of the excluded cause, renders the insured liable for the resulting injuries" (citation omitted)).

*Partridge* illustrates the point. There, a homeowners' insurance policy contained an automobile exclusion, and the Court determined that "two separate, distinct, and different acts of negligence" were responsible for a passenger's injuries in the insured's vehicle—negligent driving (excluded) and the negligent modification of a firearm (non-excluded). 10 Cal. 3d at 97, 100. Critically, these causes were each independent and sufficient to cause the injury at issue: the "negligent modification of the gun," which was not excluded, "exist[ed] independently of any 'use' of [the insured's] car" and "suffice[d], in itself, to render him fully liable for the resulting

Cal. 5th at 1007 ("This court has never recognized the illusory coverage doctrine as such.").

- 10 -

injuries." *Id.* at 103; *see also Allstate*, 45 Cal. 4th at 1030–32 (relying on same language and analogizing to "a case in which the covered and excluded causes were attributable to different actors" (citing *Partridge*, 10 Cal. 3d at 103)).

Properly construed, the concurrent cause doctrine thus has no application where, as here, no covered causes are alleged to have existed independent of excluded causes. This case does not involve any independent acts that could plausibly be viewed as a cause of injury:  the plaintiffs claim that they suffer silicosis—by definition, a silica-caused disease—and that exposure to any non-excluded substances was "uniformly" "combin[ed] with silica."  Order at 14.  With no independent exposure to any non-excluded substance that could hypothetically cause injury, Cambria cannot claim that the concurrent cause doctrine provides any basis for coverage here.  *See, e.g.*, *State Farm Fire & Cas. Co. v. Diblin*, 114 Cal. App. 5th 1245, 1265 (2025) (declining to apply concurrent cause doctrine where the covered causes—"failure to address the side effects of the testosterone or to warn [the plaintiff] about his experience of the violent side effects"—were not risks that themselves could have caused plaintiff's harm), *reh'g denied* (Oct. 27, 2025), *review denied* (Jan. 14, 2026); *City of Carlsbad*, 180 Cal. App. 4th at 183 (finding doctrine inapplicable where plaintiff claimed that covered cause of city's negligent failure to maintain and repair its water system was not independent of excluded cause of landslide).

Reasonable jurists could likewise conclude that the Order was wrong to speculate that the underlying injuries could have been caused *solely* by non-silica substances.  *See* Order at 13–14.  To support that conclusion, the Court relied on the plaintiff's allegation that he "remains ignorant of the identity of those hazardous substances to which [he] was exposed at work that caused [his] lung disease."  ECF 79-2 ¶¶ 116, 119; *see* Order at 13.  But that statement was not a causation allegation. Rather, it appears in a section titled "TOLLING OF STATUTE OF LIMITATIONS" and functions as a limitations-pleading device, explaining why the suit was not filed sooner.  ECF 79-2 ¶¶ 116, 119.  And as discussed, the complaint expressly alleges that

- 11 -

the plaintiff's disease was a "direct and proximate result" of exposure to "silica, metals and other toxins," *id.* ¶ 112, and that silica and metals were a "substantial factor" in causing his silicosis, *id.* ¶ 1325.  Given the broader context of the complaint, it was error to use a tolling averment to avoid application of the policies' express language. After all, if a tolling allegation of "ignorance" as to precise causal mechanisms sufficed to evade a substance-specific policy exclusion, it could be inserted into *any* toxic tort complaint regardless of the complaint's fundamental theory of causation.

*     *     *

A decision by the Ninth Circuit addressing the application of the silica exclusions would provide necessary guidance to courts wrestling with the application of the same or similar silica exclusions in hundreds of cases and would offer much-needed clarity to both insurers and insureds.  Accordingly, the issue of whether the Insurers' silica exclusions bar coverage for the Silica Lawsuits clearly involves "substantial ground for difference of opinion" and satisfies the requirement of Section 1292(b).

## III.    An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation

Finally, permitting an interlocutory appeal would materially advance the termination of this coverage action.  This prong "is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings."  *ICTSI Or., Inc. v. ILWU*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1027); *see United States v. Adam Bros. Farming, Inc.,* 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) ("The purpose of an interlocutory appeal is to 'facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later' in order to 'save the courts and the litigants unnecessary trouble and expense.'" (quoting *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001))).  While "there are no set criteria a court

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
NO. 2:25-CV-04142 MRA (MAA)

is required to consider when evaluating whether an interlocutory appeal will materially advance the litigation," courts apply "pragmatic considerations" in assessing this issue. *Beeman v. Anthem Prescription Mgmt.*, *Inc.*, No. EDCV-04-407, 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007).

This standard is readily satisfied here. If the Ninth Circuit finds that the Insurers' silica exclusions bar coverage for the bodily injuries alleged in the Silica Lawsuits, this action will be resolved entirely. The Insurers would prevail on their claims that they owe no duty to defend Cambria, and Cambria's counterclaims against Plaintiff Insurers—all of which are premised on the existence of coverage—would fail as a matter of law. But even if the Ninth Circuit were to affirm the Court's order, an interlocutory appeal would still be valuable in clarifying the legal principles governing this dispute. While this Court determined that the application of the silica exclusions could not be resolved at the pleading stage, the scope and proper interpretation of those exclusions will remain a live and potentially dispositive issue in this case moving forward. Understanding the Ninth Circuit's views on the decisive questions discussed above would streamline any further proceedings before this Court.

Beyond this action, answering the legal questions presented will have wide-ranging consequences—helping to resolve hundreds of pending Silica Lawsuits, along with related coverage disputes, throughout the country. Indeed, there are currently more than 400 underlying stoneworker lawsuits pending nationwide, and many cases currently involve the same or similar questions regarding the application of silica exclusions.[4] Already, other courts have reached conclusions that contradict the Court's

---

[4] *See, e.g., Caesarstone USA, Inc. v. Allied World Assur. Co.*, No. 2:25-cv-09582-MRA-MAA (C.D. Cal.); *Travelers Prop. Cas. Co. v. Hyundai L&C USA, LLC*, No. 2:26-cv-01582-MEMF-E (C.D. Cal.); *Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. 2:25-cv-02832-JFW-MAA (C.D. Cal.); *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D. Cal.); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA (C.D. Cal.); *Surface Warehouse, LP v. The Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA-MAA (C.D. Cal.); *Liberty Mut. Fire Ins. Co. v. LX Hausys Am., Inc.*, No. 2:25-CV-07207-CAS-KS (C.D. Cal.); *Regent Ins. Co. v. Stone Source LLC*, No. 2:25-cv-06702-MRA-MAA (C.D. Cal.); *Hartford Cas. Ins. Co. v. Gramar Stone Ctr., Inc.*, No. 8:23-cv-02395-JFW-DFM (C.D. Cal.); *see, e.g., Arizona Tile, LLC v. Travelers Prop. Cas. Co. of Am.*, LASC,

- 13 -

decision in this case—holding that silica exclusions like those presented here bar coverage.[5]  The sheer volume of these cases, along with the disagreement they have engendered, underscores the urgency of appellate resolution of the coverage issues this case presents.

**IV.   This Case Should Be Stayed Pending Appeal.**

If the Court certifies the Order for interlocutory appeal, it should also stay all proceedings until the Ninth Circuit resolves the appeal.  This Court has the authority to control proceedings to ensure sensible, cost-efficient litigation.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'"  *Asis Internet Servs. v. Active Resp. Grp.*, No. C07-6211, 2008 WL 4279695, at *3–4 (N.D. Cal. Sept. 16, 2008) (citation omitted); *see Little*, 863 F.2d at 685.  This Court may therefore stay proceedings to avoid the "'unnecessary trouble and expense'" from further proceedings that Section 1292(b) was designed to avoid.  *Adam Bros.*, 369 F. Supp. 2d at 1182 (citation omitted).

These considerations counsel in favor of a stay here.  Litigating before this Court while an appeal is pending would require the parties and the Court to expend significant resources, which would be entirely unnecessary if the Ninth Circuit determines that the silica exclusions bar coverage in this case.  *See Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010) ("Since three of Plaintiff's four claims . . . are based upon the duty to defend, it would be a waste of

No. 25STCV02521 (Cal. Super. Ct.); *C & C N. Am., Inc. v. ACE Prop. & Cas. Ins. Co.*, No. 24STCV18642 (Cal. Super. Ct.); *EOS Surfaces, LLC v. Peerless Indem. Ins. Co.*, No. 25STCV24833 (Cal. Super. Ct.).

[5] *See, e.g.*, *Grinnell Mut. Reinsurance Co. v. Dingmann Bros. Constr. of Richmond, Inc.*, 34 F.4th 649, 654–55 (8th Cir. 2022) (affirming judgment for insurer under Minnesota law that silica exclusion precluded coverage for damages arising out of silica dust); *Mauro v. Ohio Sec. Ins. Co.*, No. 21-3095, 2022 WL 10319967, at *2–3 (3d Cir. Oct. 18, 2022) (affirming judgment for insurer under Ohio law that silica exclusion barred coverage for injuries arising from silica inhalation, in light of "clear and unambiguous" language of exclusion).

- 14 -

judicial and party resources to proceed with these claims while the appeal is pending." (citation and alterations omitted)).  And Cambria would suffer no prejudice from a stay, as it continues to receive a defense in the Silica Lawsuits and would benefit from any clarification from the Ninth Circuit of the legal standards that will govern this case and others like it.  Accordingly, if this Court certifies this case for interlocutory appeal, it should also stay proceedings until the appeal is resolved.

## CONCLUSION

For the reasons set forth above, Plaintiff Insurers respectfully request that the Court certify the Order for interlocutory appeal and stay these proceedings pending the resolution of the appellate proceedings.

Dated: April 24, 2026                Respectfully submitted,


By: _/s/ Elizabeth B. Prelogar_
     ELIZABETH B. PRELOGAR

ELIZABETH B. PRELOGAR
eprelogar@cooley.com
ANNA O. MOHAN (*Pro Hac Vice* forthcoming)
amohan@cooley.com
**COOLEY LLP**
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

     -and-

PATRICK J. HAYDEN (*Pro Hac Vice* pending)
phayden@cooley.com
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

     -and-

JOHN DeLASCIO (*Pro Hac Vice*)
jdelascio@hinshawlaw.com
GAR N. LAUERMAN (*Pro Hac Vice*)
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000

     -and-

DAVID T. HAYEK (SBN 144116)
dhayek@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800

*Attorneys for Plaintiffs Regent Insurance Company and General Casualty Company of Wisconsin*

- 16 -

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 24, 2026, a true and correct copy of the foregoing **REGENT INSURANCE COMPANY'S AND GENERAL CASUALTY COMPANY OF WISCONSIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL** was electronically filed with the Clerk of the U.S. District Court via the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Elizabeth B. Prelogar*

- 17 -