Bryan R. Freeman, Esq. (*Pro Hac Vice*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice*)
judah.druck@maslon.com
Carmen-Marie Carballo, Esq. (*Pro Hac Vice*)
carmen.carballo@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397

*Attorneys for Cambria*

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, | Case No.  2:25-cv-4142-MRA-MAA |
| Plaintiffs/Counterclaim Defendants, | **CAMBRIA'S OPPOSITION TO NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S JUDGMENT ON THE PLEADINGS ORDER OF MARCH 31, 2026** |
| vs. | |
| CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC, | Date: June 11, 2026 Time: 10:00 am Place: Courtroom 9b |
| Defendants/Counterclaim Plaintiffs. | |
| CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC, | |
| Third-Party Plaintiffs, | |
| vs. | |
| THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY, | |
| Third-Party Defendants. | |

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

---

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Third-Party Defendant Navigators Insurance Company ("Navigators") is not entitled to reconsideration of the Court's Order denying its Motion for Judgment on the Pleadings. (ECF No. 119 (the "Order"). Local Rule 7-18 provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Yet Navigators' reconsideration request is predicated on the same arguments already presented to and rejected by the Court. Indeed, Navigators' motion quotes *verbatim* the arguments submitted in its Motion for Judgment on the Pleadings briefing as a basis for reconsideration. (*E.g.*, ECF No. 121 ("Navigators' Mot.") at 9-11.) As a "motion for reconsideration may not be used to reargue the motion," denial is warranted here. *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 2:24-CV-01913-MEMF-MRW, 2025 WL 945575, at *2 (C.D. Cal. Jan. 9, 2025).

In addition, as to the merits, Navigators' motion ultimately asks the Court to overturn decades of California Supreme Court precedents. Citing the California Supreme Court's *Buss* decision, this Court held "[i]n a 'mixed' action, in which some of the claims are at least potentially covered and the others are not, the insurer has a duty to defend the action in its entirety." (Order at 12.) But Navigators now asks the Court to reverse *Buss* and find that in a mixed action, if an exclusion applies to any part of the allegations then the exclusion applies to the *entire* mixed claim, including the non-excluded allegations. This position contravenes the California Supreme Court's duty to defend law, and should be summarily rejected. *See*, *e.g.*, *Saarman Constr., Ltd. v. Ironshore Specialty Ins. Co.*, 230 F. Supp. 3d 1068, 1080 (N.D. Cal. 2017) ("To the extent Ironshore relies on the language in the Mold Exclusion to evade its duty to defend mixed actions that include covered claims, that language contradicts California law.") (citing *Buss*).

///

///

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

## ARGUMENT

**I.      Legal Standard for Reconsideration.**

Pursuant to Local Rule 7-18, a motion for reconsideration may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18. The Rule continues that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id*.

"[R]econsideration is not a second bite at the apple" and "mere disagreement with the court's application of law to facts is not a manifest showing of a failure to consider material facts by the court." *Capaci v. Sports Rsch. Corp.*, No. CV 19-3440 FMO (FFMx), 2023 WL 11916241, at *3 (C.D. Cal. Mar. 26, 2023) (quotations omitted). As a result, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotations omitted); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration "should not be granted, absent highly unusual circumstances") (quotations omitted); *Weyerhaeuser Co. v. AIG Prop. Cas., Inc.*, No. 2:21-cv-03886-MEMF (Ex), 2023 WL 10423264, at *6 (C.D. Cal. Dec. 28, 2023) ("[M]otions for reconsideration are rarely granted.").

///

///

///

- 2 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

## II.  Navigators Does Not Meet Its Burden to Show That Reconsideration is Warranted Under Local Rule 7-18(c).

### 1.  Navigators' Motion Makes Arguments Already Briefed by the Parties and Considered by the Court.

Navigators primarily moves for reconsideration under L.R. 7-18(c) (a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered"), arguing that the Court failed to consider "that there is no coverage for Cambria under the Navigators excess policies because they incorporate the silica exclusions of … underlying Travelers Property policies." (Navigators' Mot. at 9.) But Navigators recognizes it already made the *same* argument to the Court. (*Id.* at 10-11 (quoting from its briefing on its original motion). Cambria previously opposed Navigators' "incorporation" argument, and it was considered by the Court. (*See* ECF No. 90 at 4-5.)

Because repetition of arguments made in support of the original motion violates L.R. 7-18 and "by itself is sufficient grounds for the Court to deny reconsideration," the Court should do so here and need not proceed further. *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1117 (C.D. Cal. 2016); *see also Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV 12-10763 MMM (JEMX), 2015 WL 11201243, at *11 (C.D. Cal. Nov. 4, 2015) (litigant "merely repeat[ing] arguments made prior to the court's ruling" provided "independent" basis for denial).

That the Court did not expressly analyze all of Navigators' arguments in its Order (addressing motions from eight different insurers) is also not grounds for reconsideration, as courts have "no obligation to list every fact and argument considered." *Carpenter v. Opportunity Financial, LLC*, No. 2:21-cv-09875-FLA (Ex), 2023 WL 12214995, at *3 (C.D. Cal. June 20, 2023) (denying motion for reconsideration pursuant to L.R. 7-18(c)). To the contrary, "[t]he Court's refusal to discuss an argument constitutes an implicit rejection of those arguments." *Roy v. Cnty. of Los Angeles*, No. CV1209012ABFFMX, 2018 WL 3439168, at *5 (C.D.

- 3 -

Cal. July 11, 2018) (denying motion for reconsideration).

"[D]isagreement or unhappiness with a ruling is not a proper basis upon which to seek reconsideration." *Faulkner v. Cnty. of Riverside*, No. 5:24-cv-00424-ODW-JDE, 2025 WL 2683979, at \*4 (C.D. Cal. Aug. 21, 2025). Because Navigators' motion fails to raise any of the requisite grounds for consideration under Local Rule 7-18(c), the Court should deny Navigators' Motion in its entirety.

    2.    <u>Navigators' Motion Fails on the Merits.</u>

Even if the Court were to reach the merits of Navigators' motion, judgment on the pleadings remains unwarranted for the same reasons Cambria argued in opposition to Navigators' original motion. As an initial matter, and as addressed in Cambria's Opposition to Insurers' Joint Motions for Judgment on the Pleadings (ECF No. 86), Navigators seeks an extraordinary ruling that would reverse the duty to defend standard established over decades by the California Supreme Court. The California duty to defend standard requires an insurer to defend the entirety of an liability suit if there is "a bare 'potential' or 'possibility' of coverage" for any part of the suit. (Order at 11 (citing *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 300 (1993)).) Navigators' motion for reconsideration seeks to turn California law on its head, arguing for adoption of a ruling that if any part of the underlying cases falls within a single exclusion then the entire action is excluded, including the non-excluded allegations. This argument contravenes the Supreme Court duty to defend law and should be rejected now as it has been by other courts in the past. *See Saarman*, 230 F. Supp. 3d at 1080.

In addition, Navigators is not entitled to create an insurance contract with multiple exclusions on the same subject, with differing scope and terms, and then pick and choose the exclusion its likes best in disregard of the specific exclusion used in its own policy. (*See* ECF No. 90 at 4-5.) That is not consistent with the reasonable expectations of an insured, and it is not even how Navigators promised to resolve inconsistencies between an exclusion in Navigators' policy and an exclusion in the

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142
    **CAMBRIA'S OPPOSITION TO NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

underlying policy. Navigators' policies state: "If an inconsistency or contradiction exists between an Exclusion of this policy and an Exclusion of the 'controlling underlying insurance' *the Exclusion of this policy will apply*."[1] (*See, e.g.*, ECF No. 77-2 at #5297 (emphasis added).)

Rather, where insurers' policies include multiple, different provisions on the same subject, courts either strike the provision altogether or, at minimum, find ambiguity which is construed in the insured's favor and in light of the insured's reasonable expectations. *See e.g., Verto Med. Sols., L.L.C. v. Allied World Specialty Ins. Co.*, 996 F.3d 912, 914 (8th Cir. 2021) (interpreting policy with two contractual-liability exclusion endorsements, finding policy ambiguous, and using *contra proferentem* to conclude exclusion did not apply at all); *State of California v. Cont'l Ins. Co.*, 55 Cal. 4th 186, 195 (2012) ("[A]mbiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer)") (quotation and citations omitted); *St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co.*, 111 Cal. App. 4th 1234, 1244 (2003) ("An ambiguity results when there is contradictory or necessarily inconsistent language in different portions of the instrument.") (quotations omitted).

Here, the Court correctly found that Cambria demonstrated the existence of a potential for coverage and that Navigators was not entitled to judgment on the pleadings. (Order at 16.) Navigators' bid for reconsideration should be denied.

## III. Navigators' Motion Does Not Satisfy L.R. 7-18(a) or (b).

Navigators also claims the Court's Order provides grounds for relief under Local Rule 7-18(a)-(b) on account of a "material difference in fact or law" and the

---

[1] Navigators then relies on the policy language stating "in no case will coverage be excluded by the 'controlling underlying insurance' and not excluded by this policy." (ECF No. 77-2 at # 5297.) But this language directly contradicts the representation that if there is "an inconsistency or contradiction…between an Exclusion of this policy and an Exclusion of the 'controlling underlying insurance' the Exclusion of this policy will apply." (*Id.*) Both of those things cannot be true. This is yet another way the policy is ambiguous.

**CAMBRIA'S OPPOSITION TO NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

"emergence of new material facts." (Navigators' Mot. at 9.) Specifically, Navigators asserts that "the finding in the Order that the silica exclusion in the Travelers Property policies bar coverage" is grounds for reconsideration because the underlying limits "will never be exhausted." (Navigators' Mot. at 11.) To start, there are not any new facts warranting reconsideration. The policy provisions Navigators relies on in its policies and those of Travelers Property Casualty Company of America ("Travelers") are not new or changed. And the fact that Travelers was moving for judgment on the pleadings was no mystery to Navigators either. Navigators cannot claim surprise or the emergence of new material facts here. Indeed, the necessary implication of Navigators' argument is that courts ruling on coverage under excess and umbrella policies would need to issue rulings on one policy at a time. That, of course, is absurd. Local Rule 7-18 is not implicated here.[2]

Navigators' argument also fails on the merits. First, Navigators' argument that its policy can never apply where an exclusion in an underlying policy removes coverage is directly contrary to the way Navigators' policies defined "controlling underlying insurance." That key term is defined as follows:

> "Controlling underlying insurance" means the policy listed in the Schedule of Underlying Insurance shown in the Declarations…*which applies to the 'loss,' or would have applied but for:*
>
> a.    *an exclusion in that policy*; or
>
> b.    the exhaustion or erosion of an aggregate limit of insurance.

(ECF No. 77-2 at # 5301 (emphasis added).) Read in combination with the Excess Liability Insuring Agreement of Navigators' policies, this policy language implies that the existence of an exclusion in the underlying policy does not automatically

---

[2] Additionally, and as conceded by Navigators, the Parties already briefed Navigators' exhaustion argument. (Navigators' Mot. at 11; *see* ECF No. 90 at 7-9; ECF No. 77 at 14-15.) Nothing new is presented and it is not a valid basis for reconsideration.

- 6 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

eliminate coverage under Navigators' policies. At a minimum, the policies are ambiguous, which means they must be interpreted in favor of coverage.

Second, Navigators is incorrect to suggest that exhaustion of the underlying limits can only occur by payment from the underlying insurer (*i.e.*, Travelers). To the contrary, the Navigators Policies only require "exhaust[ion] by the payment of judgments or settlements to which this insurance applies." (ECF No. 77-2 at # 5296 § I.1.A.2.) Elsewhere, Navigators' policy states that "[w]hen the amount of damages payable under this policy has been determined by final judgment or a written settlement agreement between the claimant and us, "[Navigators] will pay that amount, up to [its] applicable Limits of Insurance, *after the 'controlling underlying insurance' or the insured has paid the full amount of the 'underlying limits.'*" (ECF No. 77-2 at #5300 § IV.10 (emphasis added).) Furthermore, courts consistently recognize that insureds may fund the "gap" to access next-level excess insurance where a underlying insurer does not itself pay the full amount of its limits. *See Bamberger v. Marsh USA, Inc.*, No. CV1406041MWFMANX, 2015 WL 11257576, at *6 (C.D. Cal. Aug. 19, 2015) ("[A]n excess insurer does not have an obligation until the excess is met and . . . the manner in which the excess is met may be defined in the excess policy."). Under the Navigators' Policies and the law, Navigators may not avoid its coverage responsibilities because Travelers has been found not to have a duty to indemnify Cambria.[3]

Finally, Navigators' brief makes no mention of the Zurich Primary Policies upon which the Travelers Policies and Navigators Policies follow and which the Court determined triggered Zurich's duty to defend. (Order at 16.) It would be illogical for the Court to determine the primary policies are triggered and must respond to the Underlying Actions, but excuse an excess insurer with substantially

---

[3] Cambria continues to fully reserve all of its rights and objections to the Court's Order insofar as it granted the motions of Travelers and National Surety. Cambria reserves its rights to appeal at the appropriate time.

- 7 -

similar policy provisions (Order at 12 (grouping Zurich and Navigators exclusions together)), simply because an intermediate insurer with a different exclusion has been found to have no duty to provide coverage – particularly where the intermediate insurer's policy says in no uncertain terms that *its exclusion* "will apply" in the event of an inconsistency. (ECF No. 77-2 at # 5297.) Navigators should be bound by the terms of the policies it sold to Cambria.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Cambria respectfully requests that the Court deny Navigators' Motion for Reconsideration.

Dated: May 21, 2026

Respectfully submitted,

By: *s/ Bryan Freeman*

Maslon LLP
Bryan Freeman, Esq. (PHV)
Judah Druck, Esq. (PHV)

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
Kyle A. Rudolph, Esq.

Blank Rome LLP
John Gibbons, Esq. (PHV)

**Attorneys for Cambria**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- 8 -