Bryan R. Freeman, Esq. (*Pro Hac Vice*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice*)
judah.druck@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397
*Attorneys for Cambria*

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC, <br><br> Defendants/Counterclaim Plaintiffs. <br><br> CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC, <br><br> Third-Party Plaintiffs, <br> vs. <br><br> THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY, <br><br> Third-Party Defendants. | Case No.  2:25-cv-4142 <br><br> **CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** <br><br> Date: July 21, 2026 <br> Time: 10:00 am <br> Place: Courtroom 9b <br><br> [Filed concurrently herewith: Declaration of Bryan R. Freeman] |

- i -

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..............................................................................................ii

TABLE OF AUTHORITIES..................................................................................iii

INTRODUCTION ......................................................................................................1

ARGUMENT ..............................................................................................................3

A.    Certification of An Interlocutory Appeal Is Highly Disfavored. .....................3

B.    Regent's Motion Does Not Raise A Controlling Question of Law. ................4

C.    Regent Does Not Demonstrate A Substantial Ground for Difference of
      Opinion. ...........................................................................................................6

      1.    The Court's *Francini I* Decision Does Not Establish A Substantial
            Ground for Difference of Opinion. ......................................................6

      2.    Regent's Concurrent-Causation Arguments Should Be Rejected. ........9

D.    An Immediate Appeal Would Not Materially Advance the Ultimate
      Termination of this Litigation. ......................................................................13

CONCLUSION.........................................................................................................14

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL**

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
No. 16-cv-00923-BLF, 2018 WL 2761855 (N.D. Cal. June 8, 2018)....................8

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*,
45 Cal. App. 4th 1 (1996)....................................................................................10

*Beeman v. Anthem Prescription Mgmt., Inc.*,
No. EDCV 04–407–VAP(SGLx), 2007 WL 8433884 (C.D. Cal. Aug. 2, 2007)....................................................................................................................13

*Belin v. Starz Ent., LLC*,
No. 2:21-cv-09586-FWS-PLA, 2024 WL 5185313 (C.D. Cal. Oct. 25, 2024)..5, 6

*California v. Allstate Ins. Co.*,
45 Cal. 4th 1008, 201 P.3d 1147 (2009) ........................................................3, 10, 11

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010)...............................................................................4, 6

*DeLuca v. Farmers Ins. Exch.*,
No. 17-cv-0035-EDL, 2019 WL 4260437 (N.D. Cal. Sept. 9, 2019)....................8

*Grinnell Mutual Reinsurance Co. v. Dingmann Brothers Construction*,
34 F.4th 649 (8th Cir. 2022).................................................................................9

*Hannover America Insurance Co. v. Francini, Inc.*,
No. 2:23-cv-10047-MRA-MAA, 2026 WL 1020523 (C.D. Cal. Mar. 31, 2026)..7

*Hanover American Insurance Co. v. Francini, Inc.*,
No. 2:23-cv-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025)....................................................................................................................6, 7, 9

*Health Net, Inc. v. RLI Ins. Co.*,
206 Cal. App. 4th 232 (2012)..............................................................................11

*Horace Mann Ins. Co. v. Barbara B.*,
4 Cal. 4th 1076 (1993).........................................................................................2, 7, 8

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022)..............................................................................5, 6, 13

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981)..............................................................................4

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002)................................................................................13

*Julian v. Hartford Underwriters Ins. Co.*,
   35 Cal. 4th 747, 110 P.3d 903 (2005) ...................................................................12

*Mauro v. Ohio Security Insurance Co.*,
   No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022)....................................9

*Monti v. Dep't of Indus. Rels.*,
   582 F.2d 1226 (9th Cir. 1978)................................................................................4

*Montrose Chem. Corp. v. Superior Ct.*,
   6 Cal. 4th 287, 861 P.2d 1153 (1993) ...................................................................7

*Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*,
   No. 2:25-cv-04370-MRA-MAA, ECF 103, 2026 WL 1047694 (C.D. Cal. Mar.
   31, 2026)................................................................................................................8

*Ray v. Cal. Dep't of Soc. Servs.*,
   No. CV 17-4239 PA (SKx), 2017 WL 10436062 (C.D. Cal. Nov. 30, 2017)........4

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011)..................................................................................6

*Safeco Ins. Co. of Am. v. Robert S.*,
   26 Cal. 4th 758, 28 P.3d 889 (2001) ....................................................................12

*Shen v. Tricolor Cal. Auto Grp., LLC*,
   No. CV 20-7419 PA (AGRx), 2021 WL 1153361 (C.D. Cal. Feb. 11, 2021) .......4

*Shurance v. Planning Control Int'l, Inc.*,
   839 F.2d 1347 (9th Cir. 1988)..............................................................................13

*Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*,
   No. CV 25-2832-JFW(MAAx) (here*inaft*er "Sompo"), ECF 47, 2025 WL
   4061607 (C.D Cal. Dec. 22, 2025)........................................................................8

*State Farm Mut. Auto. Ins. Co. v. Partridge*,
   10 Cal. 3d 94, 514 P.2d 123 (1973) ................................................................3, 10

*Strauss v. Sheffield Ins. Corp.*,
   No. 05CV1310-H(CAB), 2006 WL 6158770 (S.D. Cal. June 23, 2006)...............6

*Surface Warehouse, L.P. v. Charter Oak Fire Ins. Co.*,
   No. 2:25-cv-03895-MRA (MAAx), ECF 64, 2026 WL 1048208  (C.D. Cal. Mar.
   31, 2026)................................................................................................................8

*Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*,
   No. 24-cv-06367-WHO, 2025 WL 3022671 (N.D. Cal. Oct. 29, 2025) ...............9

- iv -

*VoIP Guardian Partners 1 v. Yoo*,
No. 2:25-cv-00284-SSS, 2025 WL 2093119 (C.D. Cal. June 17, 2025)................ 6

*Williams v. Alameda Cnty.*,
657 F. Supp. 3d 1250 (N.D. Cal. 2023) ................................................................. 5

**<u>Statutes</u>**

28 U.S.C. § 1291.......................................................................................................... 3

28 U.S.C. § 1292(b) ............................................................................................... passim

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

# INTRODUCTION

Regent Insurance Company ("Regent")[1] moves for discretionary certification of an interlocutory appeal under 28 U.S.C. § 1292(b), seeking immediate review of the Court's March 31, 2026 Order denying Regent's motion for judgment on the pleadings. (ECF 119 (hereinafter "Order").) But interlocutory appeals are highly disfavored. Certification is rare and reserved for review of controlling orders of serious consequence, presenting pure questions of law, where the law is unsettled and an immediate appeal will advance the ultimate termination of the litigation.

Regent fails to carry its burden to meet any of these exacting standards here. There is nothing legally groundbreaking about the Court's duty-to-defend ruling. Like the many hundreds of insurance cases litigated in the federal courts each year, the Court's Order applies established state law on the duty to defend to the factual record consisting, in this case, of the voluminous underlying pleadings, including allegations of bodily injuries as a result of silica and also non-silica substances like metals, volatile organic compounds ("VOCs"), resins, fumes, and spray. The Court roots its duty-to-defend rulings in well-established California law concerning the potentiality standard and the duty to defend, which attaches to suits that include mixed allegations, at least some of which meet the potentiality standard even if others may be subject to exclusions. The Court's ruling also correctly applied California law to reject the Insurers' "predominance" arguments (*i.e.*, the argument that the Court should exclude coverage based on whether excluded allegations are "predominant" in the underlying complaints). The California Supreme Court has clearly rejected the Insurers' predominance argument, and there is nothing extraordinary in the Court's application of settled California law.

---

[1] Regent's motion is joined by General Casualty Company of Wisconsin ("GCC"), Zurich American Insurance Company ("Zurich"), Navigators Insurance Company ("Navigators"), and Great American Insurance Company ("Great American"). (ECF 131, 135, 138, 142.) Cambria opposes the Insurers' joinders for the same reasons Cambria opposes Regent's motion.

- 1 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

In fact, here, even though Regent argues the Court's Order is "controlling," "critical," of "nationwide importance," and "rests on dispositive legal issues that will determine the course of this case," Regent refuses to acknowledge that it has a present duty to defend Cambria. In other words, at the same time Regent is telling the Court that the Order is so important an interlocutory appeal is necessary, Regent is telling Cambria that the Order does not require Regent to do anything at all. This does not compute.

Regent also fails to demonstrate a "substantial ground for difference of opinion" on issues which would justify certification of an interlocutory appeal. § 1292(b). Regent first points to the Court's initial decision in *Hanover American Insurance Co. v. Francini, Inc.* as indicative of unsettled law, arguing that the Court's focus on the "primary" source of alleged bodily injury to determine the insurer's duty to defend was appropriate. Regent completely ignores, however, that the initial *Francini* decision was reconsidered in a subsequent decision. As the Court recognized in its Order:

> The Court has revisited its decision in that case, and with the benefit of additional briefing and argument from counsel, the Court recognizes that its first order in [*Francini*] characterized silica as the 'primary' or 'main' cause of the Underlying Plaintiffs' injuries. But whether silica 'predominates' in the Underlying Actions' complaints is irrelevant to whether the Silica Exclusion precludes coverage. The dispositive question as to the Insurers' Motion is whether there is a 'bare potential or possibility' that the Underlying Plaintiffs' bodily injuries were caused by a non-excluded substance, and the Court concludes that there is.

(Order at 14.) This ruling is exactly right under settled California insurance law. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1084 (1993) ("We look not to whether noncovered acts predominate in the third party's action, but rather to whether there is *any* potential for liability under the policy."). The first, reconsidered *Francini* decision does not somehow show that there is a lack of clarity in controlling California law.

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Nor does *Francini* demonstrate a substantial ground for difference of opinion regarding California law on concurrent causation. The first *Francini* decision did not even consider, much less apply, California law on concurrent causation, as it was not an issue raised by the policyholder. And California law is *not* unsettled in this area. The California Supreme Court has made clear that when two risks "constitute concurrent proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy." *State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94, 102, 514 P.2d 123, 129 (1973); *California v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1032, 201 P.3d 1147, 1164 (2009) (reaffirming and applying *Partridge*). Here, the Court's Order properly applied the *Partridge* line of cases, concluding that Regent could not avoid its duty to defend because silica, metals, and VOCs are each different substances and the underlying lawsuits allege that each substance was a substantial factor in causing bodily injury to the plaintiffs.

Ultimately, Regent's motion resorts to re-raising the same arguments that Regent and other Insurers have already unsuccessfully advanced to the Court. But this does not suffice to justify certification of interlocutory appeal. This Court should deny Regent's motion to certify an interlocutory appeal, just as Judge Walters recently did in *Sompo America Ins. Co. v. LX Hausys America, Inc.*, No. CV 25-2832-JFW (MAAx) (hereinafter "*Sompo*"), ECF 65 (C.D. Cal. Apr. 30, 2026).

## ARGUMENT

### A.    Certification of An Interlocutory Appeal Is Highly Disfavored.

The Court's denial of Regent's motion for judgment on the pleadings is not immediately appealable as a matter of right because it is not a final judgment. 28 U.S.C. § 1291. Accordingly, Regent seeks certification of an interlocutory appeal under 28 U.S.C. § 1292(b), which permits the Court to certify appeal of an order which "involves a controlling question of law as to which there is substantial ground for difference of opinion" if an immediate appeal will "materially advance the ultimate termination of the litigation."

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- 3 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Certification of interlocutory rulings for immediate appellate review is "highly disfavored" in light of the fundamental policy against piecemeal litigation. *Shen v. Tricolor Cal. Auto Grp., LLC*, No. CV 20-7419 PA (AGRx), 2021 WL 1153361, at *2 (C.D. Cal. Feb. 11, 2021); *Ray v. Cal. Dep't of Soc. Servs.*, No. CV 17-4239 PA (SKx), 2017 WL 10436062, at *2 (C.D. Cal. Nov. 30, 2017).

The procedure under § 1292(b) should be used "sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1028 (9th Cir. 1981). The statutory exception permitting interlocutory appeals is "a narrow one keyed to the need to permit litigants to effectively challenge interlocutory orders of serious, perhaps irreparable, consequence." *Monti v. Dep't of Indus. Rels.*, 582 F.2d 1226, 1228 (9th Cir. 1978) (internal quotations omitted).

As the party seeking an interlocutory appeal, Regent has the burden to meet the requirements of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). And "even if all three requirements in section 1292(b) are satisfied, 'a district court still has the discretion in deciding whether or not to grant a party's motion for certification.'" *Shen*, 2021 WL 1153361, at *2 (internal quotations omitted).

**B.      Regent's Motion Does Not Raise A Controlling Question of Law.**

Regent's motion should be denied because Regent does not seek certification of a "controlling question of law." § 1292(b).

To start, Regent cannot contend that the Court's Order is "controlling" and important when Regent will not even concede that the Order requires Regent to start defending Cambria in the underlying stoneworker lawsuits. Notwithstanding the fact that the Court's Order clearly states "the Court concludes that with respect to the policies issued by Regent Insurance…Cambria has demonstrated the existence of a potential for coverage—*i.e.*, the existence of injuries in the Underlying Actions that would not fall within the scope of the Silica Exclusions" (ECF 119 at 16),[2] Regent

---

[2] Record page citations are to applicable ECF pagination.

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

has refused to provide a defense to Cambria.[3] (ECF 125, Rule 26(f) Rpt. at 2, 5, 8 (stating Regent's position that the Court's Order does not require a defense); Freeman Decl. ¶ 7.)

Regent is arguing out of both sides of its mouth, contending, on the one hand, that the Court's Order is so important that an interlocutory appeal should be taken and, on the other hand, that the Order does not require Regent to do anything at all. Regent's positioning is especially problematic in that Regent is arguing that an appeal should be taken now, a stay should be issued during the appeal, and all the while Cambria must shoulder the defense of the underlying lawsuits without any means to obtain an order requiring Regent to fulfill its duty to defend. This position is absurd.

In addition, interlocutory appeal should not be certified because, as the Ninth Circuit has recognized, "[a] controlling question of law must be one of law—not fact…." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). A pure question of law must be at issue rather than a mixed question of law and fact. *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023).

Here, the determination of whether Regent has a duty to defend, including application of California law on concurrent causation, does not present a pure legal issue which can be "decide[d] quickly and cleanly without having to study the record." *Belin v. Starz Ent., LLC*, No. 2:21-cv-09586-FWS-PLA, 2024 WL 5185313, at *4 (C.D. Cal. Oct. 25, 2024). The issue, instead, presents "mixed question[s] of law and fact not appropriate for certification" because ruling on the duty to defend "requires applying the law to the facts." *Id.* Indeed, Regent's briefing acknowledges that ruling on its duty to defend requires applying the law to the factual allegations in the underlying cases. (*See, e.g.*, Regent's Mem., ECF 82 at 2 & n.1.) This is also evident from the large factual record assembled for the underlying motion practice.

---

[3] Zurich, unlike Regent and Travelers, has agreed to participate in the defense of the underlying stoneworker suits following the Court's Order. (Freeman Decl. ¶ 7.)

- 5 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

(Insurers' Request for Judicial Notice, ECF 79; Cambria's Appendix, ECF 91-1.)

The concurrent-causation issue is not appropriate for interlocutory review, particularly at the pleadings stage. *Belin*, 2024 WL 5185313, at *4; *see VoIP Guardian Partners 1 v. Yoo*, No. 2:25-cv-00284-SSS, 2025 WL 2093119, at *2 (C.D. Cal. June 17, 2025) (recognizing that mixed issues of fact and law should be heard on a fully developed factual record, not through an interlocutory appeal of a denial of a motion to dismiss).

**C.    Regent Does Not Demonstrate A Substantial Ground for Difference of Opinion.**

To determine whether there is a "substantial ground for difference of opinion" on a controlling question of law, "courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Courts find that this standard is met only when the "appeal involves an issue over which reasonable judges might differ." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citation omitted). A "party's strong disagreement with the Court's ruling is not sufficient." *Couch*, 611 F.3d at 633 (internal quotations omitted); *Strauss v. Sheffield Ins. Corp.*, No. 05CV1310-H(CAB), 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006). And courts traditionally find that a substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633; *ICTSI Or., Inc.*, 22 F.4th at 1130 ("The 'substantial grounds' prong is satisfied when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." (internal quotations omitted)).

As explained below, Regent does not come close to satisfying these standards.

**1.    The Court's *Francini I* Decision Does Not Establish A Substantial Ground for Difference of Opinion.**

Regent first argues that the Court's initial decision in *Hanover American Insurance Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025) (hereinafter "*Francini I*") demonstrates a substantial

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

ground for difference of opinion as to whether the claimed "predominance" of allegations of silica injury in the underlying complaints eliminates Regent's duty to defend under Regent's silica exclusion. (Regent's Mot. at 11.) Regent's argument fails for a host of reasons.

*First*, as a threshold matter, Regent completely ignores that the Court issued a subsequent decision in *Hannover America Insurance Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2026 WL 1020523 (C.D. Cal. Mar. 31, 2026) (hereinafter "*Francini II*"), which reconsidered the decision in *Francini I*. In *Francini II*, the Court recognized that "[w]ith the benefit of additional briefing and argument from counsel," California law requires evaluation of whether there is a bare potential or possibility that the underlying plaintiffs' bodily injuries were caused by a non-excluded substance. 2026 WL 1020523, at *6 (citing *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1084 (1993)). In the words of the Court, "whether silica predominates in the Underlying Actions' complaints is irrelevant to whether the Silica Exclusion precludes coverage." *Id.* Accordingly, the *Francini II* Court denied the insurers' motion for judgment on the pleadings as to the duty to defend. *Id.* at *8.

It is nonsensical for Regent to contend that a reconsidered opinion demonstrates unsettled law. In *Sompo*, Judge Walters recently rejected this same argument. *See Sompo*, ECF 65 (denying motion to certify interlocutory appeal, concluding that *Francini I* does not establish a substantial ground for difference of opinion because the Court "has since reconsidered its ruling, and has now concluded that the insured 'has demonstrated the existence of a potential for coverage'"). The Court should so rule here as well.

*Second*, the Court was right in recognizing that California law on the duty to defend requires an insurer to provide the insured with a complete defense where the underlying suit against the insured includes *any* allegation that is potentially covered. California law on the duty to defend has been long settled. *See, e.g., Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 295, 861 P.2d 1153, 1157 (1993). The Court's

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- 7 -

related determination that "whether silica 'predominates' in the Underlying Actions' complaints is irrelevant to whether the Silica Exclusion precludes coverage," was a straightforward application of this settled law and the California Supreme Court's decision in *Horace Mann*:

> Horace Mann contends that Lee's alleged misconduct apart from the molestation could not possibly give rise to liability because the admitted molestation is the "dominant factor" in this case. The argument misconceives the role of the court in determining the duty to defend. We look not to whether noncovered acts predominate in the third party's action, but rather to whether there is *any* potential for liability under the policy.

4 Cal. 4th at 1084, 846 P.2d at 797 (emphasis in original). Regent's continued suggestion that the Court ought to have ruled in its favor based on the "predomian[ce]" of silica allegations in the underlying complaints is simply wrong as a legal matter, and Regent does not point to a single decision (beyond *Francini I*) endorsing this approach and demonstrating any conflict in controlling California law.

Notably, several other decisions from cases in the Central District have applied settled California law and reached the same conclusion as the Court in *Francini II*. *See, e.g., Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. CV 25-2832-JFW(MAAx) (hereinafter "*Sompo*"), ECF 47, 2025 WL 4061607 (C.D Cal. Dec. 22, 2025); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA, ECF 103, 2026 WL 1047694 (C.D. Cal. Mar. 31, 2026); *Surface Warehouse, L.P. v. Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA (MAAx), ECF 64, 2026 WL 1048208  (C.D. Cal. Mar. 31, 2026). These decisions show a consistency and alignment in decision, not a substantial ground for difference of opinion.[4]

---

[4] Even if *Francini I* did show that other courts have taken a different approach (it does not), that would "not demonstrate a substantial difference of opinion under the meaning of § 1292(b)." *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-00923-BLF, 2018 WL 2761855, at *3 (N.D. Cal. June 8, 2018); *DeLuca v. Farmers Ins. Exch.*, No. 17-cv-0035-EDL, 2019 WL 4260437, at *7 (N.D. Cal. Sept. 9, 2019) (same proposition).

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

*Third*, Regent is wrong in arguing that the Court's decision in *Francini I* demonstrates unsettled law with respect to California law on concurrent causation. (Regent's Mot. at 8-9.) Notably, the *Francini I* decision was reached on a different record, involving different underlying allegations and different insurance policies. *Francini I* did not even consider California law on concurrent causation under *Partridge* or *Allstate*, because those argument and issues were not raised by the policyholder, much less ruled on by the Court. A decision that did not even consider California law on concurrent causation is not somehow demonstrative of unsettled law on concurrent causation.[5]

### 2.     Regent's Concurrent-Causation Arguments Should Be Rejected.

Unable to point to an actual conflict or lack of clarity in the law, Regent resorts to arguing that the Court got it wrong in applying California's insurance law on concurrent causation. (Regent's Mot. at 6-11.) But interlocutory appeal is not a substitute for a reconsideration motion, and re-raising arguments expressing disagreement with how the Court applied the law is not a valid basis for obtaining an interlocutory appeal. *See Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*, No. 24-cv-06367-WHO, 2025 WL 3022671, at *3 (N.D. Cal. Oct. 29, 2025) (declining certification of an interlocutory appeal where movant "re-raise[d] arguments to assert its view that" the court incorrectly applied California law). Regent's argument fails for this reason alone.

Regent is also wrong on the merits. To start, California law on the application of the concurrent causation doctrine to third-party liability policies is long settled. In the California Supreme Court's 1973 decision in *Partridge*, the court recognized that

---

[5] Regent cites *Grinnell Mutual Reinsurance Co. v. Dingmann Brothers Construction*, 34 F.4th 649 (8th Cir. 2022), and *Mauro v. Ohio Security Insurance Co.*, No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022), to try to demonstrate a lack of clarity in the law.  But neither case applies California law. (*See* Regent's Mot. for Judgment on the Pleadings, ECF No. 82 (discussing and applying California law to interpretation of Regent's policies throughout).) Furthermore, neither case involved a scenario in which the underlying suit alleged injury from non-silica substances, as is the case here. These cases are far afield.

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

coverage under a third-party liability policy "is available whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause." 10 Cal. 3d at 105 n.11, 514 P.2d 123, 130 n.11. And the concurrent-causation rule in *Partridge* was reaffirmed and applied by the California Supreme Court in 2009 in *Allstate*, 45 Cal. 4th 1008, 201 P.3d 1147. There, the court considered whether a pollution exclusion precluded all coverage for environmental property damage, where the underlying action alleged damage resulting from excluded gradual releases of acid and non-excluded sudden and accidental releases as well. *Id.* at 1029, 1032, 1162, 1164. Applying *Partridge*, the court concluded the fact that gradual "subsurface leakage from the site, an excluded cause of property damage, also contributed to the contamination [was] insufficient to defeat coverage under *Partridge's* holding that liability coverage exists, whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause." *Id.* at 1032, 1164 (internal quotations omitted).

Here, Regent contends, as before, that the underlying lawsuits seek damages for bodily injuries which are "always" caused by exposure to silica in combination with non-silica substances. (Regent's Mot. at 12.) But this argument ignores that allegations in the complaints allege bodily injuries "independently caused by metals and VOCs" and further that any ambiguity or inconsistency in the complaints, as to the cause of the Underlying Plaintiffs' injuries, must be resolved in Cambria's favor. (Order at 14-15.) Regent's argument likewise ignores that "bodily injury," as defined in the policies, includes sickness, disease, and every instance of injury to the body (*see* ECF 11-2 at 144 (defining "bodily injury")), and that under California law each discrete bodily and cellular injury gives rise to a potential for coverage. *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 37, 43 (1996) (recognizing, based on medical evidence, that bodily injury and damage to lung tissue occur at the cellular level.).

Regent also argues that the concurrent-causation rule in *Partridge* only applies

- 10 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

in cases in which two independent causes simultaneously join together to produce an injury. (Regent's Mot. at 16.) But Regent misconstrues the law and the facts and allegations here. In *Allstate*, the California Supreme Court applied *Partridge* notwithstanding the fact that "each source of contamination (the two overflow events and the various subsurface leakage pathways) caused damage of its own," rejecting the insurer's argument that *Partridge* did not apply. 45 Cal. 4th at 1032, 201 P.3d at 1164. *Partridge* still applied because the different types of releases were alleged to be "substantial factors in causing the contamination" and the resulting damages were indivisible. *Id.* at 1031-33, 1064-65. The same analysis applies here. Silica, metals, and VOCs are all separate and distinct substances, and each substance is alleged to have been a substantial factor in causing the underlying plaintiffs' alleged bodily injuries. (*See* Order at 14.) The Court's Order and analysis is a faith application of *Allstate* and *Partridge*, and the Court was right to deny Regent's motion. Regent simply cannot demonstrate that every single injury to the underlying plaintiffs' bodies, down to a cellular level, over years of alleged work, was caused solely by silica or silica-related dust. *See Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 263 (2012) (insurer must prove an exclusion "completely" bars coverage to eliminate duty to defend).

Finally, Regent repeatedly argues that the language of its silica exclusion was "specifically drafted" and "plainly designed" to "explicitly override any concurrent cause doctrine." (Regent's Mot. at 8, 15.) As an initial matter, this is a new factual argument concerning underwriting and drafting history and Regent's purported unilateral intent in drafting specific language. The assertions are completely unsupported, as Regent has not produced any underwriting discovery in this case, nor drafting history, which would be necessary before Regent could assert such fact arguments to this Court. (Freeman Decl. ¶ 4, Ex. A.) Regent cannot premise its request for interlocutory appeal on an unsupported factual assertions that, at best, reflect Regent's unproven and post-hoc, unilateral intent.

- 11 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Insurance companies know how to refer to concurrent causation where they intend to do so, as is evident from Regent's own insurance policies, which, in the property coverage section (but not Regent's silica exclusion), include language stating: "Such loss or damage is excluded *regardless of any other cause or event that contributes concurrently* or in any sequence to the loss." (ECF 11-2 at 81 (emphasis added); *see also* ECF 83-2 at 62 & 63 (Zurich referring expressly to concurrent causation in asbestos exclusion and lead exclusion); ECF 80-2 at 49, 100, 185, 196, 231, 239, 243, 245, 270 (Phoenix referring expressly to concurrent causation through policy including in bacteria and war exclusions).) Regent's own case, *Julian v. Hartford Underwriters Ins. Co.*, likewise, shows that insurers know full well how to expressly refer to concurrent causation where intended. 35 Cal. 4th 747, 751, 110 P.3d 903, 905 (2005) ("Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss…."). But Regent did not include any such language in its silica exclusion, contrary to Regent's hollow assertions.

Anti-concurrent causation language has been used for decades, and was available to Regent and the other Insurers. Their failure to use such language forecloses the Insurers from now arguing that the terms of the silica exclusion should be read as express anti-concurrent-causation language. *See Safeco Ins. Co. of Am. v. Robert S.*, 26 Cal. 4th 758, 763-64, 28 P.3d 889, 893 (2001) ("Had Safeco wanted to exclude criminal acts from coverage, it could have easily done so. Insurers commonly insert an exclusion for criminal acts in their liability policies….[W]e cannot read into the policy what Safeco has omitted.").

In short, California law on concurrent causation is fully applicable here, as held by the Court in this case and the many other coverage decisions like it.

- 12 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

**D.      An Immediate Appeal Would Not Materially Advance the Ultimate Termination of this Litigation.**

Regent also fails to demonstrate that interlocutory review of the Court's Order would "materially advance the ultimate termination of this litigation." § 1292(b).

Interlocutory review that would delay, or create inefficiencies, in the resolution of the litigation does not materially advance its termination. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988). This requirement that an appeal would materially advance the termination of the litigation is only met if the appeal would "appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Or., Inc.*, 22 F.4th at 1131 (internal quotations omitted). In evaluating this requirement, courts apply "pragmatic considerations." *Beeman v. Anthem Prescription Mgmt., Inc.*, No. EDCV 04–407–VAP(SGLx), 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007).

Regent argues this "standard is readily satisfied here" because if the Ninth Circuit rules for Regent "this action will be resolved entirely." (Regent's Mot. at 19.) But if that were the standard, every  defendant which loses on a dispositive motion would meet the requirement, contrary to the Ninth Circuit's direction that certification under § 1292(b) is the "rare circumstance[]" justifying "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

Furthermore, an immediate appeal now will cause undue delay. An appeal would likely take more than a year to complete and would prejudicially delay Cambria's efforts to obtain the defense coverage to which it is entitled, particularly given that Regent has refused to recognize a present duty to defend and wants a stay of this litigation if it were allowed to appeal. This would effectively force Cambria to continue to defend itself against more than 400 underlying lawsuits with no recourse.

- 13 -

Regent also contends that interlocutory appellate review here "will have a wide-ranging consequences—helping to resolve hundreds of pending Silica Lawsuits, along with related coverage disputes, throughout the country." (Regent's Mot. at 19.) But this is wrong too. The standards Regent must meet under § 1292(b) only address the impact of an interlocutory appeal on this action, not other pending cases, with different parties, different facts, and different insurance policies.

Regent has not meet its burden to show that an interlocutory appeal would materially advance this action as required under § 1292(b).

## CONCLUSION

Regent's motion for certification of an interlocutory appeal should be denied.

Dated:  June 30, 2026                    Respectfully submitted,

                                         By: *s/ Bryan R. Freeman*

                                         Maslon LLP
                                         Bryan Freeman, Esq. (PHV)
                                         Judah Druck, Esq. (PHV)

                                         BLANK ROME
                                         John Gibbons (PHV)

                                         Saxe Doernberger & Vita, P.C.
                                         William S. Bennett, Esq.
                                         Kyle A. Rudolph, Esq.

                                         **Attorneys for Cambria**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- 14 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO REGENT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**