Bryan R. Freeman, Esq. (*Pro Hac Vice*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice*)
judah.druck@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200
Fax: (612) 642-8397

*Attorneys for Cambria*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENT INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> CAMBRIA ENTERPRISES, CAMBRIA ENTERPRISES LLC, CAMBRIA COMPANY LLC, <br><br> Defendants/Counterclaim Plaintiffs. <br><br> CAMBRIA ENTERPRISES LLC and CAMBRIA COMPANY LLC, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, NATIONAL SURETY CORPORATION, GREAT AMERICAN INSURANCE COMPANY, <br><br> Third-Party Defendants. | Case No.  2:25-cv-4142 <br><br> **CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** <br><br> Date: July 21, 2026 <br> Time: 10:00 am <br> Place: Courtroom 9b <br><br> [Filed concurrently herewith: Declaration of Bryan R. Freeman] |

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................ii

TABLE OF AUTHORITIES.................................................................................iii

INTRODUCTION .................................................................................................. 1

BACKGROUND ................................................................................................... 3

ARGUMENT......................................................................................................... 5

A.  Certification of An Interlocutory Appeal Is Highly Disfavored. .....................5

B.  Travelers' Motion Does Not Raise A Controlling Question of Law. ..............6

C.  Travelers Does Not Demonstrate A Substantial Ground for Difference of Opinion. ........................................................................................................8

   1.  The Court's *Francini I* Decision Does Not Establish A Substantial Ground for Difference of Opinion. ........................................................8

   2.  Controlling California Law Is Not Unclear, and the Court's Order Is Consistent With *John's Grill*. .............................................................11

D.  An Immediate Appeal Would Not Materially Advance the Ultimate Termination of this Litigation. .......................................................................15

CONCLUSION....................................................................................................16

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- ii -

# TABLE OF AUTHORITIES

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

**PAGE(S)**

## Cases

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
No. 16-cv-00923-BLF, 2018 WL 2761855 (N.D. Cal. June 8, 2018)..................10

*Arizona Tile, LLC v. Travelers Property Casualty Company of America*,
No. 25STCV02521 (Cal. Super. Ct. L.A. Cnty. March 11, 2026) .......................13

*Beeman v. Anthem Prescription Mgmt., Inc.*,
No. EDCV 04–407–VAP(SGLx), 2007 WL 8433884 (C.D. Cal. Aug. 2, 2007)....15

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010)...............................................................................6, 8

*DeLuca v. Farmers Ins. Exch.*,
No. 17-cv-0035-EDL, 2019 WL 4260437 (N.D. Cal. Sept. 9, 2019)..................10

*DIRECTV v. Factory Mut. Ins. Co.*,
692 F. App'x 494 (9th Cir. 2017) ...................................................................14, 15

*Ellis v. McKinnon Broad. Co.*,
18 Cal. App. 4th 1796, 23 Cal. Rptr. 2d 80 (1993)...............................................14

*Grinnell Mutual Reinsurance Co. v. Dingmann Brothers Construction*,
34 F.4th 649 (8th Cir. 2022)..................................................................................10

*Hannover American Insurance Co. v. Francini, Inc.*,
No. 2:23-cv-10047-MRA-MAA, 2026 WL 1020523 (C.D. Cal. Mar.
31, 2026)............................................................................................................9, 10

*Hanover American Insurance Co. v. Francini, Inc.*,
No. 2:23-cv-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar.
27, 2025)............................................................................................................8, 9

*Horace Mann Ins. Co. v. Barbara B.*,
4 Cal. 4th 1076 (1993)...........................................................................................10

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022)........................................................................7, 8, 15

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981)..............................................................................6, 8

*James v. Price Stern Sloan, Inc.*,
283 F.3d 1064 (9th Cir. 2002)................................................................................16

*John's Grill, Inc. v. The Hartford Fin. Servs. Group, Inc.*,
   16 Cal. 5th 1003 (2024).............................................................................................11, 12

*Mauro v. Ohio Security Insurance Co.*,
   No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022)...................................10

*Monti v. Dep't of Indus. Rels.*,
   582 F.2d 1226 (9th Cir. 1978) .................................................................................6

*Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*,
   No. 2:25-cv-04370-MRA-MAA, ECF 103, 2026 WL 1047694 (C.D. Cal. Mar.
   31, 2026)..................................................................................................................10

*Pendell v. Westland Life Ins. Co.*,
   95 Cal. App. 2d 766, 214 P.2d 392 (1950) .............................................................14

*Ray v. Cal. Dep't of Soc. Servs.*,
   No. CV 17-4239 PA (SKx), 2017 WL 10436062 (C.D. Cal. Nov. 30, 2017)........6

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011)....................................................................................8

*Santana v. Studebaker Health Care Ctr., LLC*,
   120 Cal. App. 5th 1, 343 Cal. Rptr. 3d 480 (2026)...............................................14

*Sec. Serv. Fed. Credit Union v. First Am. Title Co.*,
   No. CV 10-04824 SJO VBKX, 2012 WL 5954815 (C.D. Cal. Jan 27, 2012) .......4

*Shen v. Tricolor Cal. Auto Grp., LLC*,
   No. CV 20-7419 PA (AGRx), 2021 WL 1153361 (C.D. Cal. Feb. 11, 2021) .......6

*Shurance v. Planning Control Int'l, Inc.*,
   839 F.2d 1347 (9th Cir. 1988)................................................................................15

*Sompo Am. Ins. Co. v. LX Hausys* Am., Inc.,
   No. CV 25-2832-JFW(MAAx) (here*inafte*r "Sompo"), ECF 47, 2025 WL
   4061607  (C.D. Cal. Dec. 22, 2025)........................................................................10

*Strauss v. Sheffield Ins. Corp.*,
   No. 05CV1310-H(CAB), 2006 WL 6158770 (S.D. Cal. June 23, 2006) ...............8

*Surface Warehouse, L.P. v. Charter Oak Fire Ins. Co.*,
   No. 2:25-cv-03895-MRA (MAAx), ECF 64, 2026 WL 1048208 (C.D. Cal. Mar.
   31, 2026)..................................................................................................................10

*Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*,
   No. 24-cv-06367-WHO, 2025 WL 3022671 (N.D. Cal. Oct. 29, 2025) ..............11

*Wang v. Zymergen Inc.*,
   759 F. Supp. 3d 1002 (N.D. Cal. 2024) ...................................................................7

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

- iv -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL**

*Williams v. Alameda Cnty.*,
   657 F. Supp. 3d 1250 (N.D. Cal. 2023) ................................................................ 7

**<u>Statutes</u>**

28 U.S.C. § 1291 ......................................................................................................... 5

28 U.S.C. § 1292(b) ......................................................................................... 1, 2, 5, 6

Cal. Civ. Code § 1652 ................................................................................................ 14

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

**MASLON LLP**
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

## INTRODUCTION

For years, Travelers[1] sold Cambria millions in limits for products-completed operations insurance, promising to insure Cambria for "all bodily injury…arising out of" "[a]ny…products…sold, handled, distributed, or disposed of by [Cambria]." The Policies, themselves, show that Travelers calculated specific premiums for this products coverage—insurance important to any product manufacturer. Travelers, however, contends that its silica exclusion bars coverage for all bodily injury "arising out of or in any way related to…products or substances containing silica." The obvious problem is that *all* of Cambria's quartz products contain silica. The Court rightly recognized this fundamental conflict within Travelers' Policies, finding a "potential ambiguity" and recognizing that Cambria had a reasonable expectation that Travelers "would not issue a policy providing no coverage or so severely limiting coverage as to render it illusory." Thus, the Court denied Travelers' motion, concluding "at the present stage, Cambria has demonstrated there is a potential for coverage" and that discovery on this issue is needed.

But rather than proceed with discovery, Travelers seeks to derail straightforward discovery into its underwriting, premium calculation, and policy issuance and, instead, seeks the extraordinary step of an interlocutory appeal. Travelers' motion fails because Travelers cannot meet the high standards needed for discretionary certification under 28 U.S.C. § 1292(b) and departure from the strong and established policy against piecemeal litigation. Interlocutory appeals are highly disfavored, and certification under § 1292(b) is reserved for review of controlling interlocutory orders of serious consequence, presenting pure questions of law, where the law is unsettled and an immediate appeal will materially advance the ultimate termination of the litigation.

---

[1] Herein, Phoenix Insurance Company ("Phoenix") and Travelers Property Casualty Company of America ("TPCC") are collectively referred to as "Travelers." The Cambria Defendants are "Cambria" and the Court's March 31, 2026 Order denying the Insurers' motions for judgment on the pleadings (ECF 119) is the "Order."

- 1 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

That is not the case here. In fact, Travelers will not even acknowledge that it has a present duty to defend Cambria pursuant to the Court's determination that "Cambria has demonstrated there is potential coverage." In other words, at the same time Travelers is telling the Court that the Court's Order is "controlling" and so important that an interlocutory appeal is necessary, Travelers is telling Cambria the Order does not require Travelers to do anything. This does not compute.

Importantly, the denial of Travelers' motion for judgment on the pleadings does not raise issues of "nationwide importance" "impact[ing] parties in dozens of insurance coverage disputes" involving the many underlying lawsuits. (Travelers' Mot. at 5.) To the contrary, the illusory-coverage issue for which Travelers seeks interlocutory review is unique to Travelers and its problematic policy language. Travelers does not demonstrate that the coverage defenses of any other insurance company involved in this litigation involve the specific illusory-coverage problem created by Travelers' specific policy terms. Thus, Travelers' arguments about the supposed critical importance of the illusory-coverage issue in the Court's Order are vastly overblown, unfounded, and unique to Travelers.

Travelers also fails to demonstrate a "substantial ground for difference of opinion" on the illusory-coverage issues which would justify certification of an interlocutory appeal. § 1292(b). Travelers points to the Court's first decision in *Hanover American Insurance Co. v. Francini, Inc.*, but that decision did not address California law on illusory coverage because the exclusion at issue was not the same as Travelers' exclusion. Moreover, the initial *Francini* decision was reconsidered in this Court's subsequent ruling, meaning the first *Francini* decision does not somehow demonstrate a lack of clarity in controlling law. Ultimately, Travelers resorts to repeating the same arguments it has already advanced and which the Court rejected. Repeating previously rejected arguments does not suffice to justify certification of interlocutory appeal.

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

The clear next step as to Travelers should be discovery into Travelers' underwriting, premium calculation, and policy issuance consistent with the Court's Order. Only after that discovery is completed, and a final adjudication of the issue is reached, should an appeal be taken on a complete factual record. Travelers' motion for interlocutory appeal should be denied.

## **BACKGROUND**

The Court's ruling as to Travelers involved unique considerations based on the specific language of the silica exclusion in the primary insurance policies sold by Phoenix and the 2013-2016 umbrella/excess insurance policies sold by TPCC (collectively, the "Policies").

In direct conflict with Travelers' promise of millions in products-completed-operations limits for "'all bodily injury'…arising out of 'your product'" (*see* ECF 80-2 at 156-57), Travelers' silica exclusion states:

> This insurance does not apply to 'bodily injury'…arising out of or in any way related to the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation or respiration of silica or ***products or substances containing silica***.

(ECF 80-2 at 195; ECF 80-3 at 207; ECF 80-4 at 220; ECF 80-5 at 43; ECF 80-6 at 40, ECF 80-7 at 41.)[2]

Travelers continues to insist that its exclusion applies to "any bodily injury that is in any way related to a silica-containing substance." (Travelers' Mot. at 12.) The problem is that *all of Cambria's products contain silica*. (*See* ECF 119, Order at 16 ("The Underlying Plaintiffs allege that [a]ll stone products contain crystalline silica in varying concentration." (internal quotation omitted)).) Thus, Travelers' interpretation of its silica exclusion would completely eviscerate the products-completed operations coverage Travelers sold to Cambria. (*See, e.g.*, ECF 80-2 at

---

[2] Record page citations are to applicable ECF pagination.

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

136 (promising "Products-Completed Operations" coverage).) The policy documents themselves indicate that Travelers performed underwriting and charged Cambria specific premiums for products-completed operations insurance (at twice the cost of premises-liability coverage), representing to Cambria that it was insured for bodily injury claims arising out of the sale of its products. (*See, e.g.*, ECF 80-2 at 140 (identifying specific premiums for "PROD/C-OPS" coverage).) The implication of Travelers' position is that Cambria paid hundreds of thousands of dollars for nothing.

In light of this fundamental conflict between the promised products coverage, as stated in the policies' declarations page and policy definitions, and Travelers' exclusion, the Court denied Travelers' motion for judgment on the pleadings:

> Travelers' own suggestion that the existence of coverage turns on whether the harm is caused by any product merely containing silica, demonstrates to the Court that there is a potential ambiguity in the scope of these relevant exclusions. Cambria's objectively reasonable expectations are therefore relevant in resolving that potential ambiguity, and Cambria has a reasonable expectation that "an insurer would not issue a policy providing no coverage or so severely limiting coverage as to render it illusory." The Court cannot resolve this ambiguity or determine whether these exclusions render the policies illusory in the instant Motion, because those issues turn on facts outside the pleadings—for instance, Travelers argues that the coverage it provided "goes beyond the specific product at issue," but facts concerning the types of products Cambria obtained coverage for and whether all of those products contain silica are not properly before the Court.
>
> For these reasons, the Court concludes that, at the present stage, Cambria has demonstrated there is a potential for coverage under the Phoenix Silica Exclusion and Travelers Silica Exclusion I.

(Order, ECF 119 at 17-18 (quoting *Sec. Serv. Fed. Credit Union v. First Am. Title Co.*, No. CV 10-04824 SJO VBKX, 2012 WL 5954815, at *11 (C.D. Cal. Jan 27, 2012).)

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Travelers has resisted and blocked discovery into underwriting and policy formation information. Cambria served discovery to Travelers (and the other primary insurers) nearly a year ago, in July 2025, including requests directed to Travelers' underwriting, premium calculation, and policy issuance. (*See, e.g.*, ECF 86-9, Ex. H at pgs. 34-35, 41-42 at RFPs 4, 6, 11 Interrog. 3, 5.) But days after Cambria served discovery, Travelers moved for judgment on the pleadings and obtained a stay of discovery "pending resolution of the Insurer Parties' impending motions for judgment on the pleadings." (ECF 74.)

Following the Court's March 31, 2026 ruling (and the expiration of the Court's stay), Travelers has again sought a stay to avoid responding to Cambria's discovery. (ECF 125 at 16 (requesting that Regent, Travelers, and Zurich be given 30 days from the entry of an order on their motion for certification of an interlocutory appeal "to respond to the previously stayed discovery requests and requests for admission").) And Travelers has not responded to Cambria's discovery, despite the fact Travelers has not been granted a stay. (Declaration of Bryan Freeman ¶ 4, Ex. A.) It speaks volumes that Travelers has resisted producing even basic underwriting and policy-formation documents related to the products coverage it sold to Cambria and for which it accepted Cambria's premiums.

## **ARGUMENT**

### A.    **Certification of An Interlocutory Appeal Is Highly Disfavored.**

The Court's denial of Travelers' motion for judgment on the pleadings is not immediately appealable as a matter of right because it is not a final judgment. 28 U.S.C. § 1291. Accordingly, Travelers seeks certification of an interlocutory appeal under 28 U.S.C. § 1292(b), which permits the Court to certify appeal of an order which "involves a controlling question of law as to which there is substantial ground for difference of opinion" if an immediate appeal will "materially advance the ultimate termination of the litigation."

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Certification of interlocutory rulings for immediate appellate review is "highly disfavored" in light of the fundamental policy against piecemeal litigation. *Shen v. Tricolor Cal. Auto Grp., LLC*, No. CV 20-7419 PA (AGRx), 2021 WL 1153361, at *2 (C.D. Cal. Feb. 11, 2021); *Ray v. Cal. Dep't of Soc. Servs.*, No. CV 17-4239 PA (SKx), 2017 WL 10436062, at *2 (C.D. Cal. Nov. 30, 2017).

The procedure under § 1292(b) should be used "sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1028 (9th Cir. 1981). The statutory exception permitting interlocutory appeals is "a narrow one keyed to the need to permit litigants to effectively challenge interlocutory orders of serious, perhaps irreparable, consequence." *Monti v. Dep't of Indus. Rels.*, 582 F.2d 1226, 1228 (9th Cir. 1978) (internal quotations omitted).

As the party seeking an interlocutory appeal, Travelers has the burden to meet the requirements of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). And "even if all three requirements in section 1292(b) are satisfied, a district court still has the discretion in deciding whether or not to grant a party's motion for certification." *Shen*, 2021 WL 1153361, at *2 (internal quotations omitted).

**B.    Travelers' Motion Does Not Raise A Controlling Question of Law.**

Travelers' motion should be denied because Travelers does not seek certification of a "controlling question of law." § 1292(b).

To start, Travelers cannot contend that the Court's Order is "controlling" and important when Travelers will not even concede that the Order requires Travelers to start defending Cambria in the underlying stoneworker lawsuits. Notwithstanding the fact that the Court's Order clearly states "the Court concludes that, at the present stage, Cambria has demonstrated there is potential for coverage under the Phoenix Silica Exclusion and Travelers Silica Exclusion I" (ECF 119 at 18), Travelers has refused to provide a defense to Cambria. (ECF 125, Rule 26(f) Rpt. at 2, 5, 8 (stating Travelers' position that the Court's Order does not require a defense); Freeman Decl. ¶ 7.)

- 6 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Travelers is arguing out of both sides of its mouth, contending, on the one hand, that the Court's Order is so important that an interlocutory appeal should be taken and, on the other hand, that the Order does not require Travelers to do anything at all. Travelers' positioning is especially problematic in that Travelers is arguing that an appeal should be taken now, a stay should be issued during the appeal, and all the while Cambria must shoulder the defense of the underlying lawsuits without any means to obtain an order requiring Travelers to fulfill its duty to defend. This position is absurd.

In addition, interlocutory appeal should not be certified because, as the Ninth Circuit has recognized, "[a] controlling question of law must be one of law—not fact…." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). A pure question of law must be at issue rather than a mixed question of law and fact. *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023); *Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1010-11 (N.D. Cal. 2024) ("Interlocutory appeal is generally appropriate only for questions that the court of appeals [can] decide quickly and cleanly without having to study the record." (internal quotations omitted)).

The application of the illusory-coverage doctrine and the law regarding Cambria's reasonable expectations does not present a pure legal issue in this case. Here, as the Court's analysis recognized, the determination of whether Travelers sold illusory products coverage to Cambria first requires discovery into the facts regarding Travelers' underwriting, premium determinations, and policy issuance. The Court's determination that fact discovery was required to resolve the illusory-coverage issue presented by Travelers' exclusion is exactly right. Certification of the illusory-coverage issue presented by Travelers is simply improper at the pleadings stage.

Finally, Travelers cannot meet the "controlling question of law" standard because the illusory-coverage issue on which it seeks certification is a narrow issue unique to the products-completed operations coverage Travelers sold to Cambria and

- 7 -

for which Cambria paid specific premiums. As the Court recognized, Travelers' "inclusion of the language 'products…containing silica' and 'silica products' is significant" and in contrast to the "narrower exclusions" in the policies of the many other insurers in this litigation. (ECF 119 at 16.) Accordingly, interlocutory review of an issue unique to Travelers will not substantially advance the ultimate termination of this litigation as a whole. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026-27.

**C.      Travelers Does Not Demonstrate A Substantial Ground for Difference of Opinion.**

To determine whether there is a "substantial ground for difference of opinion" on a controlling question of law, "courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Courts find that this standard is met only when the "appeal involves an issue over which reasonable judges might differ." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citation omitted). A "party's strong disagreement with the Court's ruling is not sufficient." *Couch*, 611 F.3d at 633 (internal quotations omitted); *Strauss v. Sheffield Ins. Corp.*, No. 05CV1310-H(CAB), 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006). And courts traditionally find that a substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633; *ICTSI Or., Inc.*, 22 F.4th at 1130 ("The 'substantial grounds' prong is satisfied when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." (internal quotations omitted)). As explained below, Travelers does not come close to meeting these exacting standards.

**1.      The Court's *Francini I* Decision Does Not Establish A Substantial Ground for Difference of Opinion.**

Travelers argues that the Court's first decision in *Hanover American Insurance Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2025 WL 1090925 (C.D. Cal. Mar. 27, 2025) (hereinafter "*Francini I*"), shows that the law is unclear, presenting a conflict supporting certification of an interlocutory appeal. (Travelers' Mot. at 7, 10-

Maslon LLP
225 South Sixth Street, Suite 2900
Minneapolis, MN 55402

- 8 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

11.) Travelers is wrong for two reasons.

*First*, the *Francini I* decision did not involve an exclusion like the unique exclusion in the Travelers' Policies. Travelers characterizes its silica exclusion and the one in *Francini I* as "substantially similar." (Travelers' Mot. at 11.) But this is not true. The exclusion in *Francini I* did not purport to reach so far as to exclude coverage for any bodily injury arising out of or in any way related to "products or substances containing silica." *See Francini I*, 2025 WL 1090925, at *1 (quoting exclusion). To the contrary, the silica exclusion in *Francini I* was like "the narrower exclusions" discussed by the Court in this case, applying to the inhalation or ingestion of "silica" or "silica-related dust." *Id.* It is, thus, unsurprising that *Francini I* said nothing about the illusory-coverage doctrine. *Id.* Indeed, the policyholder in *Francini I* did not even make an illusory-coverage argument. (*See* Def.'s Mem. Supp. Opp'n Mot. J. Pleadings, *Francini I*, No. 2:23-cv-10047-MRA-MAA, ECF 50 (C.D. Cal. June 26, 2024).) Travelers cannot use a district court decision which did not even address California law on illusory coverage to show a substantial ground for difference of opinion with respect to the Court's application of the law on illusory coverage here. Travelers' argument that *Francini I* and the Court's Order in this case are "diverging opinions" should be easily rejected.

*Second*, setting aside that *Francini I* and this Court's ruling as to Travelers' Policies involved different issues and analyses, Travelers ignores that the Court issued a subsequent decision in *Hannover American Insurance Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2026 WL 1020523 (C.D. Cal. Mar. 31, 2026) (hereinafter "*Francini II*"), which reconsidered the decision in *Francini I*. In *Francini II*, the Court recognized that "[w]ith the benefit of additional briefing and argument from counsel," California law requires evaluation of whether there is a bare possibility that the underlying plaintiffs' bodily injuries were caused by a non-excluded substance. 2026 WL 1020523, at *6 (citing *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1084 (1993)). In the words of the Court, "whether silica

- 9 -

'predominates' in the Underlying Actions' complaints is irrelevant to whether the Silica Exclusion precludes coverage." *Id.* Accordingly, the *Francini II* Court denied the insurers' motion for judgment on the pleadings as to the duty to defend. *Id.* at \*8.

Notably, several other decisions from cases in the Central District have reached the same conclusion as the Court in *Francini II. See, e.g.*, *Sompo Am. Ins. Co. v. LX Hausys Am., Inc.*, No. CV 25-2832-JFW(MAAx) (hereinafter "*Sompo*"), ECF 47, 2025 WL 4061607  (C.D. Cal. Dec. 22, 2025); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA, ECF 103, 2026 WL 1047694 (C.D. Cal. Mar. 31, 2026); *Surface Warehouse, L.P. v. Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA (MAAx), ECF 64, 2026 WL 1048208 (C.D. Cal. Mar. 31, 2026). These decisions show a consistency and alignment in decision, not a substantial ground for difference of opinion under § 1292(b). Furthermore, even if *Francini I* did show that other courts have taken a different approach (it does not),[3] that would "not demonstrate a substantial difference of opinion under the meaning of § 1292(b)." *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-00923-BLF, 2018 WL 2761855, at \*3 (N.D. Cal. June 8, 2018); *DeLuca v. Farmers Ins. Exch.*, No. 17-cv-0035-EDL, 2019 WL 4260437, at \*7 (N.D. Cal. Sept. 9, 2019) ("The fact that different courts are reaching different conclusions…is not a basis to…certify the [court's] Order for interlocutory appeal.").

The Court was unquestionably correct in its application of California law on the duty to defend, and it strains credibility for Travelers to point to *Francini I* as demonstrative of unsettled law and a substantial ground for difference of opinion. (*See* Order Denying Mot. Certification Interlocutory Appeal, *Sompo*, ECF 65 (C.D.

---

[3] Travelers cites *Grinnell Mutual Reinsurance Co. v. Dingmann Brothers Construction*, 34 F.4th 649 (8th Cir. 2022), and *Mauro v. Ohio Security Insurance Co.*, No. 21-3095, 2022 WL 10319967 (3d Cir. Oct. 18, 2022), to try to demonstrate a lack of clarity in the law. But neither case applies California law. (*See* Travelers' Mot. for Judgment on the Pleadings, ECF No. 80 (discussing and applying California law to interpretation of Travelers' policies throughout).) Furthermore, neither case involved a scenario in which the underlying suit alleged injury from non-silica substances, as is the case here. These cases are far afield.

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Cal. Apr. 30, 2026) (denying motion to certify interlocutory appeal, concluding that *Francini I* does not establish a substantial ground for difference of opinion because the Court "has since reconsidered its ruling, and has now concluded that the insured 'has demonstrated the existence of a potential for coverage'").)

### 2. Controlling California Law Is Not Unclear, and the Court's Order Is Consistent With *John's Grill*.

Unable to point to a conflict or lack of clarity in the law, Travelers resorts to arguing that the Court got it wrong in applying California law on illusory coverage and the insured's reasonable expectations. (Travelers' Mot. at 12-15.) But interlocutory appeal is not a substitute for a reconsideration motion, and renewing arguments expressing disagreement with how the Court applied the law is not a valid basis for obtaining an interlocutory appeal. *See Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*, No. 24-cv-06367-WHO, 2025 WL 3022671, at *3 (N.D. Cal. Oct. 29, 2025) (declining certification of an interlocutory appeal where movant "re-raise[d] arguments to assert its view that" the court incorrectly applied California law).

Travelers argues that under *John's Grill, Inc. v. The Hartford Fin. Servs. Group, Inc.*, 16 Cal. 5th 1003 (2024), its silica exclusion must be broadly and strictly applied without regard to whether that would make its products coverage illusory. (Travelers' Mot. at 13-14.) Travelers has made this argument before (Travelers' Reply, ECF 101 at 9), and it fails on the merits. In *John's Grill*, the policyholder-restaurant sustained business-interruption losses during the COVID-19 pandemic and sought coverage under its property policy, which provided some coverage for virus-related loss or damage "*if* the virus was the result of certain specified causes of loss." 552 P.3d 1045, 1048 (Cal. 2024) (emphasis added). The insurer denied coverage because it was undisputed that the policyholder's losses were not caused by any of the specified causes of loss, and the policyholder sued, arguing that the virus coverage promised was illusory because there was no realistic possibility that it would ever sustain virus-related loss as a result of a specified cause of loss. *Id.* The

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

California Supreme Court disagreed, holding that the policy language was unambiguous, that limited virus-related coverage was provided under the policy if the cause-of-loss conditions were met, and that the policyholder had no reasonable expectation of coverage for unlimited virus-related coverage regardless of cause. *Id.* at 1048-49, 1053-59.

This case is nothing like *John's Grill*. Here, there is a clear and direct conflict in the Policies between the clearly promised products-completed operations coverage and the silica exclusion, which, according to Travelers, takes away coverage for any claims arising out of, or in any way related to, the only kind of products Cambria manufactures and sells—silica-containing quartz slabs. While in *John's Grill*, "the absence of any reasonable expectation of coverage…foreclose[d] John's Grill's claim for coverage," *id.* at 1058, here, Cambria unquestionably had a reasonable expectation that, in buying products coverage, it was actually receiving such coverage as represented on the face of Travelers' Policies:

| 1. COVERAGE AND LIMITS OF INSURANCE: | |
|---|---|
| COMMERCIAL GENERAL LIABILITY COVERAGE FORM | LIMITS OF INSURANCE |
| General Aggregate Limit (Other than Products-Completed Operations) | $  2,000,000 |
| Products-Completed Operations Aggregate Limit | $  2,000,000 |

(*See* ECF 80-2 at 136.) Indeed, Travelers' Policies themselves plainly show that Cambria paid segregated premiums for products coverage. (*See id.* at 140-41 ("DECLARATIONS PREMIUM SCHEDULE" listing premium calculation for "PROD/C-OPS").) Unlike *John's Grill*, here, there is a clear and direct conflict between the Policies' promise that Travelers would provide Cambria with millions in limits for "all 'bodily injury'…occurring away from premises you own…and arising out of 'your product'" and Travelers' contention that it has no coverage liability for any claim in any way related to Cambria's products. The Court was right to rule that this conflict and the ambiguity in the Policies, interpreted as a whole,

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

cannot be finally resolved on the pleadings and without discovery.

Notably, this Court is not the only court to deny Travelers' request for judgment on the pleadings based on a silica exclusion purporting to exclude coverage for bodily injury arising out, of or in any way related to, "products or substances containing silica." (Freeman Decl., Ex. B at 3.) In *Arizona Tile, LLC v. Travelers Property Casualty Company of America*, No. 25STCV02521 (Cal. Super. Ct. L.A. Cnty. March 11, 2026), the court overruled a demurrer to the policyholder's complaint and rejected Travelers' reliance on *John's Grill*:

> The silica exclusion must be read in the context of the policy as a whole. If Plaintiff's products all contain silica, the coverage for bodily injury arising out of Plaintiff's products would seem to conflict with the silica exclusion interpreted broadly. This would create an ambiguity about whether the silica exclusion excludes all bodily injuries arising from handling products containing silica, as [Travelers] contends. An insured would reasonably expect to obtain something for coverage it purchased.

(Freeman Decl., Ex. B at 4-5.)

Travelers also contends that the Court's Order "conflicts with other authority" holding that the reasonable expectations of the insured are not considered when a policy's language is clear and unambiguous. (Travelers' Mot. at 14.) But here, the Court rightly recognized "potential ambiguity" in Travelers' Policies. (ECF 119, Order at 17 ("Travelers own suggestion that the existence of coverage turns on whether the harm is caused by silica in the products, rather than on whether the harm is caused by any product merely containing silica, demonstrates to the Court that there is a potential ambiguity in the scope of these relevant exclusions. Cambria's objectively reasonable expectations are therefore relevant in resolving that potential ambiguity….").)

And California law recognizes that ambiguity exists where two or more contract provisions directly conflict. *See Santana v. Studebaker Health Care Ctr.,*

- 13 -

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

*LLC*, 120 Cal. App. 5th 1, 17, 343 Cal. Rptr. 3d 480, 493 (2026) (recognizing conflicting provisions in ADR agreement as "ambiguity" and citing Civ. Code § 1652 for the proposition that the ambiguity "must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clauses, subordinate to the general intent and purpose of the whole contract"); *Ellis v. McKinnon Broad. Co.*, 18 Cal. App. 4th 1796, 1802, 23 Cal. Rptr. 2d 80, 82 (1993) ("Where two clauses of an agreement appear to be in direct conflict, it is the duty of the court to reconcile such clauses so as to give effect to the whole of the instrument." (citation omitted)); *Pendell v. Westland Life Ins. Co.*, 95 Cal. App. 2d 766, 772, 214 P.2d 392, 397 (1950) (recognizing "a direct conflict between the general coverage and the special coverage" as "creat[ing] an uncertainty and ambiguity" in the insurance policy).

Here, given that every quartz product Cambria makes and sells contains silica, there is a direct and irreconcilable conflict between the Policies' express promise of coverage for "all 'bodily injury'…occurring away from premises you own…and arising out of 'your product,'" and Travelers' purported exclusion of coverage for bodily injury "arising out of or in any way related to…products or substances containing silica." (ECF 80-2 at 152 § III.3, 156-57 §§ V.16, V.21, 195.) It was perfectly appropriate for the Court to invoke and apply California law on illusory coverage under the facts and circumstances of this case.

Finally, the implication of Travelers' position should be rejected. Travelers' position, in substance, is that when an insurer accepts the insured's premiums and provides no coverage in exchange for those premiums, the insured has no recourse so long as the bar to coverage is stated in clear enough terms. This is untenable. Travelers fully understood Cambria's business, underwriting Cambria's policies and even conducting inspections of Cambria's manufacturing operations over the years. *See DIRECTV v. Factory Mut. Ins. Co.*, 692 F. App'x 494, 495 (9th Cir. 2017) ("[T]he law charges insurance companies with the duty of informing themselves as to the usages of the particular business insured, and a knowledge of such usage on

- 14 -

the part of such company will be presumed." (citation omitted)). Travelers cannot blame Cambria for the inherent and irreconcilable conflict in the 350-plus page Policies Travelers created and sold to Cambria.[4] Travelers took Cambria's premiums and promised products coverage to Cambria. The law will not sanction a result whereby Travelers need not provide the coverage Cambria purchased.

**D.    An Immediate Appeal Would Not Materially Advance the Ultimate Termination of this Litigation.**

Travelers also fails to demonstrate that interlocutory appeal would "materially advance the ultimate termination of this litigation." § 1292(b).

Interlocutory review that would delay, or create inefficiencies, in the resolution of the litigation does not materially advance its termination. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988). For certification to be appropriate, an immediate appeal must "appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Or., Inc.*, 22 F.4th at 1131 (internal quotations omitted). In evaluating this requirement, courts apply "pragmatic considerations." *Beeman v. Anthem Prescription Mgmt., Inc.*, No. EDCV 04–407–VAP(SGLx), 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007).

Travelers argues this "standard is readily met here" because if the Ninth Circuit rules for Travelers "the action against Travelers will be resolved entirely." (Travelers' Mot. at 16.) But if that were the standard, every defendant which loses on a dispositive motion would satisfy the requirement, contrary to the Ninth Circuit's direction that certification under § 1292(b) is the "rare circumstance[]" justifying "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

---

[4] Travelers tries to blame Cambria, representing that Cambria "claims '20 years' of experience in 'purchas[ing] hundreds of millions of dollars in products-liability insurance limits.'" (Travelers' Mot. at 15.) But Cambria does not now claim, nor has it ever claimed, insurance expertise, and it misrepresents the record for Travelers to suggest so much. The fact Cambria has long purchased CGL coverage hardly makes it a sophisticated purchaser of insurance.

- 15 -

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Travelers also contends that interlocutory appellate review here "will have a wide-ranging impact on resolving current and future coverage disputes as to the hundreds of underlying silica lawsuits." (Travelers' Mot. at 16.) But this is wrong too. As discussed above, the illusory-coverage issues on which Travelers seeks review are unique to the silica-exclusion in Travelers' Policies and not present in the several other coverage cases arising out of the underlying stoneworker lawsuits, even assuming those other cases were relevant to the analysis of whether interlocutory appeal is appropriate in this case (they are not).

Here, an interlocutory appeal of the Court's Order as requested by Travelers would *not* materially advance this litigation. This action involves many different insurers, in addition to Travelers. The illusory-coverage issue, for which Travelers seeks review, is unique to the Travelers' Policies. The interlocutory appeal Travelers requests would, therefore, leave substantial coverage issues unresolved. Travelers does not meet its burden to show that an interlocutory appeal would materially advance this action as required under § 1292(b).

## CONCLUSION

Travelers' motion for certification of an interlocutory appeal should be denied.

Dated:  June 30, 2026

Respectfully submitted,

By:  *s/ Bryan R. Freeman*

Maslon LLP
Bryan Freeman, Esq. (PHV)
Judah Druck, Esq. (PHV)

BLANK ROME
John Gibbons, Esq. (PHV)

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
Kyle A. Rudolph, Esq.

**Attorneys for Cambria**

MASLON LLP
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS, MN 55402

Case No.:
2:25-cv-4142

**CAMBRIA'S OPPOSITION TO TRAVELERS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**