UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 26, 2026 |
| Title | *Regent Insurance Company et al. v. Cambria Enterprises et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING THIRD-PARTY DEFENDANT NAVIGATORS INSURANCE COMPANY'S MOTION FOR RECONSIDERATION [121]**

Before the Court is Third-Party Defendant Navigators Insurance Company's Motion for Reconsideration. ECF 121. The Court read and considered the briefing related to this Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

The factual and procedural background of this case is set forth in detail in the Court's March 31, 2026, Order Granting in Part and Denying in Part the Insurers' Motion for Judgment on the Pleadings ("MJOP Order"). ECF 119. The background section set forth in the MJOP Order is incorporated as if set forth fully herein.

This is an insurance coverage dispute arising out of personal injury claims brought by stoneworkers against various manufacturers and distributors of artificial stone products. Plaintiffs Regent Insurance Company and General Casualty Company of Wisconsin (collectively, "Plaintiffs") filed this action against Cambria, Cambria Enterprises LLC, and Cambria Company LLC (collectively, "Cambria"), seeking a declaratory judgment that they owe no coverage or defense to Cambria in the Underlying Actions. ECF 11. Cambria filed a Counterclaim against Plaintiffs and a Third-Party Complaint against various other insurance companies, including Navigators Insurance Company ("Navigators"). ECF 21. Plaintiffs and the third-party defendants are collectively referred to herein as the "Insurers."

On March 31, 2026, the Court granted in part and denied in part the Insurers' Motion for Judgment on the Pleadings. ECF 119. The Court held that certain versions of a Silica Exclusion appearing in the various policies issued by the Insurers generally did not absolve the Insurers of a

duty to defend the Underlying Actions. *Id.* The exception, the Court determined, was the broader Silica Exclusion appearing in certain policies issued by Travelers Property Casualty Company of America ("Travelers Property"). *Id.* at 18–19. The exclusion appearing in those policies excludes from coverage: (1) injuries arising from silica or silica-related dust and (2) injuries arising from other substances that are part of any claim or suit that also alleges any injuries arising from silica or silica-related dust (referred to herein as the "Suit-Based Exclusion"). *Id.* at 18. The Court concluded that because the Underlying Actions all allege injuries arising from silica or silica-related dust, that the Suit-Based Exclusion bars coverage. *Id.*

On April 13, 2026, Navigators filed the instant Motion for Reconsideration, arguing that the Court failed to consider the fact that the Navigators' excess policies incorporate the Suit-Based Exclusion appearing in the Travelers Property policies. ECF 121 at 6. Cambria opposes the Motion. ECF 144.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Reconsideration, however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The movant bears the burden of demonstrating that reconsideration is proper. *See 389 Orange St. Partners*, 179 F.3d at 665.

In this district, motions for reconsideration are also governed by Local Rule 7-18, which provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 26, 2026 |
|---|---|---|---|
| Title | *Regent Insurance Company et al. v. Cambria Enterprises et al.* | | |

> after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18. Ultimately, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III. DISCUSSION

Navigators argues that the MJOP Order failed to consider a material fact presented in Navigators' motion for judgment on the pleadings: "that there is no coverage for Cambria under the Navigators excess policies because they incorporate the silica exclusions of their respective underlying Travelers Property policies." ECF 121 at 9. Navigators points out that its original motion stated that the Navigators policies incorporated the exclusions of the underlying Travelers Property policies numbered CUP-6T662984, and that if there is no coverage under the underlying Travelers Property policy, there is no coverage under the Navigators policies. *Id.* at 10 (citing ECF 77 at 13).

Cambria opposes the Motion, arguing that it repeats the same arguments made in support of the original motion and therefore fails to meet the standard for reconsideration. ECF 144 at 4. Cambria separately argues that Navigators' Motion fails on its merits because "Navigators is not entitled to create an insurance contract with multiple exclusions on the same subject, with differing scope and terms, and then pick and choose the exclusion it[] likes best in disregard of the specific exclusion used in its own policy." *Id.* at 5.

The Court concludes that Navigators has satisfied L.R. 7-18's requirements because the Court failed to consider material facts in its MJOP Order. The MJOP Order recognized that the Navigators' policies stated that "in no case will coverage be excluded by the 'controlling underlying insurance' and not excluded by this policy." ECF 119 at 7. It failed, however, to consider that the applicable "controlling underlying insurance" consisted of the very Travelers Property policies containing the Suit-Based Exclusion that the Court found barred coverage.

The MJOP Order thus produced inconsistent results as between Navigators and National Surety Corporation ("National Surety"), another excess insurance provider that identified Travelers Property as the underlying carrier. ECF 119 at 7. As to National Surety, the Court held that, because the Suit-BAsed Exclusion in the Travelers Property policies barred coverage, coverage was similarly unavailable under the National Surety excess policies. The same logic applies to the Navigators policies, which similarly provide that "in no case will coverage be excluded by the 'controlling underlying insurance' and not excluded by this policy." ECF 77-2

at 6. Because the Navigators policies incorporate the same Suit-Based Exclusion that the Court found barred coverage of the Underlying Actions, Navigators is entitled to judgment on the pleadings as to its claims.[1]

Cambria's arguments to the contrary are unavailing. The MJOP Order's failure to expressly analyze Navigators' argument regarding incorporation of the Suit-Based Exclusion was not an "implicit rejection" of that argument, but rather an oversight resulting from the number of issues and exclusions raised by the Insurers' Motion for Judgment on the Pleadings and the complexity of those issues. Insofar as Cambria argues that the Court's MJOP Order was incorrect on the merits with regard to the application of the Suit-Based Exclusion, the Court has no occasion to revisit its prior conclusion on that issue.

## IV. CONCLUSION

For the foregoing reasons, Navigators' Motion for Reconsideration [121] is **GRANTED**. The Motion for Judgment on the Pleadings [76] is **GRANTED** with respect to the three excess policies issued by Navigators. The Court's previous Order Granting in Part and Denying in Part the Insurers' Motion for Judgment on the Pleadings [119] is **VACATED** to the extent that it is inconsistent with this Order.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk mku

[1] In the MJOP Order, the Court declined to reach National Surety's arguments concerning exhaustion, having concluded that the Suit-Based Exclusion barred coverage. ECF 119 at 19 n.1. The Court now declines to reach Navigators' alternative arguments regarding exhaustion for the same reason.