UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 27, 2026 |
| Title | *Regent Insurance Co. et al v. Cambria Enterprises et al* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTIONS FOR INTELOCUTORY APPEAL AND REQUEST FOR STAY OF PROCEEDINGS [128] [131]**

Before the Court are Plaintiffs' Motions for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Request for Stay Pending Appeal. ECF 128, 131. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motions.

## I. BACKGROUND

The factual and procedural background of this case is set forth in detail in the Court's March 31, 2026, Order Denying Defendants' Motion for Judgment on the Pleadings ("MJOP Order"). ECF 119. The background section set forth in the MJOP Order is incorporated as if set forth fully herein.

In brief, this is an insurance coverage dispute arising out of personal injury claims brought by stoneworkers against various manufacturers and distributors of artificial stone products. Plaintiffs Regent Insurance Company ("Regent Insurance") and General Casualty Company of Wisconsin ("General Casualty") (collectively, "Plaintiffs" or "Regent") filed this action against Cambria, Cambria Enterprises LLC, and Cambria Company LLC (collectively, "Cambria"), seeking a declaratory judgment that they owe no coverage or defense to Cambria for more than 174 underlying personal injury actions (the "Underlying Actions"). ECF 11. Cambria filed a Counterclaim against Regent and a Third-Party Complaint against The Phoenix Insurance Company ("Phoenix"), Travelers Property Casualty Company of America ("Travelers Property") (collectively with Phoenix, "Travelers"), Zurich American Insurance Company ("Zurich"), Navigators Insurance Company ("Navigators"), National Surety Corporation ("National Surety"), and Great American Insurance Company ("Great

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 27, 2026 |
| Title | *Regent Insurance Co. et al v. Cambria Enterprises et al* | | |

American"). ECF 21. Regents, Travelers, Zurich, Navigators, National Surety, and Great American are collectively referred to herein as the "Insurers." In the Underlying Actions, the plaintiffs (the "Underlying Plaintiffs") allege that Cambria's product contained hazardous substances including respirable crystalline silica, as well as metals and volatile organic compounds, which caused injuries including silicosis and other medical conditions.

Regent filed its First Amended Complaint against Cambria on May 16, 2025. ECF 11. Cambria answered and filed its counterclaims against Regent and third-party complaint against the remaining Insurers on May 29, 2025. ECF 20, 21.

Multiple Insurers filed Notices of Related Cases, indicating that this action concerns the same Underlying Actions and policy exclusions as those at issue in *Hanover American Insurance Co. et al. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA ("*Hanover*"). ECF 12, 18. Cambria objected to those Notices. ECF 19, 22. This action was transferred to the undersigned judge pursuant to General Order 24-04. ECF 26. Several additional coverage actions were filed by other insurance providers and stone companies concerning the same Underlying Actions and similar silica and pollution policy exclusions, each of which were also noticed as related to *Hanover* and transferred to the undersigned judge. *Pacific Shore Stones, LLC et al. v. Allied Property and Casualty Co. et al.* No. 2:25-cv-04370-MRA-MAA (C.D. Cal. May 14, 2025); *Surface Warehouse, LP v. The Charter Oak Fire Insurance Company et al.*, No. 2:25-cv-03895-MRA-MAA (C.D. Cal. May 1, 2025); *Regent Insurance Company et al. v. Stone Source LLC*, No. 2:25-cv-06702-MRA-MAA (C.D. Cal. July 22, 2025) (the "Related Actions").

On August 25, 2025, the Insurers filed a joint Motion for Judgment on the Pleadings, arguing that Cambria's claims failed because coverage under the policies was barred by the Silica Exclusion appearing in the policies. ECF 76. After a hearing, on March 31, 2026, the Court granted in part and denied the Motion ("MJOP Order"). ECF 119.[1] The Court held that most of the Insurers were not entitled to judgment on the pleadings on the issue of whether the Silica Exclusion bars coverage because the Underlying Plaintiffs alleged potentially covered claims of injuries caused by substances other than silica. *Id.* at 12–18.[2] The Court acknowledged that it

[1] On the same day, the Court also denied the motions for judgment on the pleadings filed by the insurers in *Hanover* and the other Related Actions.

[2] The Court held that one version of the silica exclusion appearing in certain policies issued by Travelers Property, and incorporated by policies issued by National Surety, was broad enough to preclude coverage for the Underlying Actions. MJOP Order at 18–19. The Court therefore granted the motion with respect to those policies. *Id.* at 20. Navigators then moved for reconsideration, arguing that the broader silica exclusion was also incorporated into its excess

reached a different conclusion in its first order in *Hanover*, which held that coverage was barred by a similar silica exclusion, but determined that, based upon the allegations in the Underlying Actions and the applicable law governing the Insurers' duty to defend, the Insurers could not carry their burden of demonstrating that the Silica Exclusion categorically precludes coverage of the Underlying Actions.

Travelers filed a Motion for Certification of Interlocutory Appeal on April 23, 2026. ECF 128. Travelers seeks certification of the following question:

> When interpreting the plain and unambiguous language of Travelers' silica exclusion in the Policies, does *John's Grill, Inc. v. The Hartford Fin. Servs. Grp., Inc.*, 16 Cal. 5th 1003 (2024), preclude application of the illusory coverage doctrine?

ECF 128-1 at 6. Regent filed a separate Motion for Certification of Interlocutory Appeal on April 24, 2026. ECF 131. Navigators, Zurich, and Great American filed joinders to Regents' Motion. ECF 135, 138, 142. The Insurers request that if the Court certifies an interlocutory appeal, it stay this matter pending proceedings in the Ninth Circuit. Cambria opposes the Motions. ECF 146, 150.

## II. DISCUSSION

A district court may certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion, and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The legislative history of 28 U.S.C. § 1292(b) "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966); *see also United States ex. rel Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C.1976) ("Certification under § 1292(b) is far from the normal course of procedure.").

### A. Controlling Question of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). The Insurers argue

policies and Navigators was therefore entitled to judgment on the pleadings for the reasons explained in the MJOP Order. ECF 121. On August 26, 2026, the Court granted Navigators' Motion. ECF 157.

that the MJOP Order involves the interpretation of the policies and the existence of a duty to defend, which are questions of law to be determined by the court. ECF 131-1 at 10–11 ("If Insurers are correct that the silica exclusions at issue preclude coverage, then 'reversal' of the Court's Order would 'terminate the litigation' in whole or in part."); ECF 28-1 at 10. Pacific Shore responds that the questions identified by the Insurers raise mixed questions of law and fact that are improper for certification. ECF 150 at 10.

The Court concludes that whether the Silica Exclusion bars coverage of the Underlying Actions is a controlling question of law that has the potential to materially affect the outcome of this litigation. The Insurers generally argue that, as a matter of law, the "arising out of" language in the Exclusions is broad and precludes coverage for any and all injuries allegedly suffered by the Underlying Plaintiffs, each of whom allege exposure to silica. ECF 131-1 at 13–14. Whether the Silica Exclusion indeed has the legal effect the Insurers suggest is a controlling question of interpretation that does not require any resolution of the underlying factual issues. *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 498 F. Supp. 3d 1233, 1240 (C.D. Cal. 2020) ("As with the other provisions of an insurance policy, the interpretation of an exclusionary clause is an issue of law." (internal quotation marks omitted)); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ready Pac Foods, Inc.*, No. CV 09-3220 RSWL MANX, 2011 WL 1059284, at *3 (C.D. Cal. Mar. 18, 2011) (determining that order resolving whether insurance policies covered damages asserted was "controlling question of law"). If the broad language of the Silica Exclusions precludes coverage notwithstanding allegations that the Underlying Plaintiffs were injured by substances other than silica, then there is no dispute that the Insurers prevail as a matter of law.

### B. Substantial Grounds for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Certification is appropriate when "the appeal involves an issue over which reasonable judges might differ," or presents "novel and difficult questions of first impression." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Id.* On the other hand, the mere fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion," and "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633 (citation omitted).

In arguing that a substantial ground for difference of opinion exists, the Insurers argue that the Court previously reached a different conclusion in its first MJOP order in *Hanover* ("First *Hanover* Order"). ECF 131-1 at 14. The Insurers point out that the First *Hanover* Order did not apply the concurrent proximate doctrine, while the MJOP Order here improperly applied that doctrine to find coverage was not excluded. *Id.* at 14–15. Cambria argues that the First *Hanover* Order did not address the concurrent causation doctrine at all, and that order was reconsidered and ultimately superseded, that California law governing the duty to defend is settled, and that other decisions from courts in this district "show a consistency and alignment in decision." ECF 150 at 12–14.

The Court concludes that there is substantial ground for difference of opinion as to the proper resolution of the Insurers' motion for judgment on the pleadings. The substantial ground for difference of opinion arises, at least in part, from the apparent tension in California law between the concurrent causation doctrine, on the one hand, and the broad interpretation given to the phrase "arising out of" as it applies to exclusions. The Insurers insist that the concurrent cause doctrine is inapplicable here because "no covered causes are alleged to have existed independent of excluded causes." ECF 131-1 at 17. But as the Court recognized in both the First *Hanover* Order and in the MJOP Order, "California courts have consistently given a broad interpretation" to "arising out of" language in insurance policies, opining that it "connotes only a minimal *causal* connection or incidental relationship." *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (2006) (emphasis added). The First *Hanover* Order concluded the Underlying Actions implicated a "minimal causal connection or incidental relationship" because the recovery sought by the Underlying Plaintiffs against Francini "is based on bodily injuries, sickness, or disease caused by . . . silica or silica-dust." First *Hanover* Order at 9. That conclusion remains accurate—but neither the First *Hanover* Order, nor the cases cited by the Insurers the instant Motions, squarely address how to apply the authority requiring broad interpretation of the "arising out of" language to cases where the underlying action asserts injuries that can allegedly be caused: (1) by excluded substances (*i.e.*, silica); (2) by a combination of excluded and non-excluded substances (*i.e.*, VOCs or metals); *or* (3) independently by non-excluded substances. Such allegations strike at the heart of the tension between the "arising out of" language of the Silica Exclusion and the concurrent causation doctrine, which instructs that "coverage cannot be defeated simply because a separate excluded risk constitutes an additional cause of injury." *State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94, 97 (1973).

Insofar as the Insurers argues that the "concurrent cause doctrine" has no application because that doctrine is limited to "independent" causes of injury, ECF 131-1 at 17, there is room for disagreement among reasonable jurists as to whether the causes of injury in the Underlying Actions are truly "independent." The alleged injuries caused by silica and other substances arose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 27, 2026 |
| Title | *Regent Insurance Co. et al v. Cambria Enterprises et al* | | |

from the same artificial stone products that release silica and silica-related dust. But as the Court explained in the MJOP Order, there are allegations of injuries that can be caused *entirely* by non-excluded substances, and the potential for those substances to have caused the Underlying Plaintiffs' injuries was sufficient to deny the Insurers' Motion for Judgment on the Pleadings.

Travelers separately argues that substantial grounds for difference of opinion exists as to the Court's application of the illusory coverage doctrine to Travelers' silica exclusion. ECF 128-1 at 13. As the MJOP Order explained, the Travelers Silica Exclusion broadly covered not only injury arising out of silica or silica-related dust, but also injury "arising out of or in any way related to . . . inhalation or respiration of silica or products or substances containing silica." MJOP Order at 16. The Court held that notwithstanding that broad language, the exclusion did not entitle Travelers to judgment on the pleadings because fact issues remained as to whether that exclusion rendered the policy illusory. *Id.* at 17. According to Travelers, this conclusion conflicts with California authority holding that the illusory coverage or reasonable expectations doctrine does not apply to policy language that is "clear and unambiguous." ECF 128-1 at 14. Cambria responds that "there is a direct and irreconcilable conflict between the Policies' express promise of coverage for all bodily injury . . . arising out of your product, and Travelers' purported exclusion of coverage for bodily injury arising out of or in any way related to . . . products or substances containing silica." ECF 151 at 19. The Court concludes that reasonable jurists could disagree as to whether the noted tension between the policy provisions creates an ambiguity that would warrant application of the illusory coverage doctrine here. *AXA Rosenberg Grp. v. Gulf Underwriters*, No. C-04-0415 JCS, 2004 WL 1844846, at *8, 10 (N.D. Cal. Aug. 16, 2004) (finding "substantial ground for difference opinion" existed as to whether policy exclusion applied, where court held that application of exclusion would render coverage illusory).

Cambria argues that California law governing the duty to defend is clear, and that neither the Insurers' disagreement nor the fact that other courts have reached different conclusions satisfies a substantial ground for difference of opinion. The Court notes that the existence of conflicting decisions is neither necessary nor sufficient to establish a substantial difference of opinion justifying certification. Rather, certification may be appropriate "where reasonable jurists *might* disagree on an issue's resolution, not merely where they have *already* disagreed." *Reese*, 643 F.3d at 688 (emphasis added).

The Court finds there are compelling arguments on both sides and authority supporting both parties' positions as to the applicability of the exclusion, and the procedural history of *Hanover* and the Related Cases reflect that "fair-minded jurists might reach contradictory conclusions on" how to apply the Silica Exclusion. *Mills v. Target Corp.*, No. EDCV 20-1460 JGB (KKX), 2021 WL 12300105, at *5 (C.D. Cal. Oct. 15, 2021).

### C. Advancement of Termination of Litigation

The Insurers argue that if the Ninth Circuit finds that the Silica Exclusion bars coverage for the Underlying Actions, this action will be resolved entirely. ECF 131-1 at 19. Cambria argues that interlocutory review would delay or create inefficiencies in the resolution of the litigation and prejudicially delay Cambria's efforts to obtain defense coverage to which it is entitled. ECF 150 at 18.

The Court agrees that "if the Ninth Circuit determines, on appeal, that the Court has erred with respect to" whether the Silica Exclusion bars coverage, "such a ruling may be dispositive of the entire case, thereby avoiding potentially protracted and expensive litigation." *AXA Rosenberg Grp. v. Gulf Underwriters*, No. C-04-0415 JCS, 2004 WL 1844846, at *10 (N.D. Cal. Aug. 16, 2004) (granting certification on issue of whether policy exclusions apply). Because the scope and applicability of the Silica Exclusion will directly determine the availability of coverage under the policies, there can be no doubt that the appellate resolution will "materially advance" the litigation. Although it may not conclusively resolve every claim against every defendant here, the Ninth Circuit's decision "may" affect several defendants and claims, which is "sufficient to advance materially the litigation." *Reese*, 643 F.3d at 688; *see also Wheeler v. Hilo Med. Ctr., Inc.*, No. CIV 09-00533 JMS/KSC, 2010 WL 4273095, at *2 n.3 (D. Haw. Oct. 21, 2010) ("[A]n early appeal may avoid the need for further proceedings in the district court or may ease significantly the difficulty and complexity of conducting the trial of the unadjudicated claims, thereby supporting immediate review." (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*: Civil 3d § 2659 (1998)). This is particularly true given that the Related Actions each raise substantially similar questions regarding the application of silica exclusions to the same Underlying Actions. Because those questions affect a wide swathe of cases before the Court, the interests of judicial economy and uniformity would be greatly served by their early resolution.

***

For the foregoing reasons, the Court finds that all three prerequisites of § 1292(b) are satisfied.

## III. <u>REQUEST TO STAY</u>

A district court may stay a case pending interlocutory appeal. *See* 28 U.S.C. § 1292(b). Filing an interlocutory appeal does not automatically stay proceedings in the district court, but a district court may grant a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). In deciding whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04142-MRA-MAA | Date | August 27, 2026 |
| Title | *Regent Insurance Co. et al v. Cambria Enterprises et al* | | |

to stay proceedings, it is appropriate to consider: "(1) whether serious legal questions are raised on appeal, and (2) whether the balance of hardships tips in the moving party's favor." *Consumer Fin. Prot. Bureau v. D & D Mktg., Inc.*, No. CV 15-9692 PSG (EX), 2017 WL 5974248, at *6 (C.D. Cal. Mar. 21, 2017) (citing *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112 (9th Cir. 2008)).

The Court concludes that proceedings in this case should be stayed until the Ninth Circuit decides whether to hear this appeal (and if it does, until it issues the final disposition). For the reasons explained above, the Court is satisfied that, at a minimum, the Insurers have demonstrated that "serious legal questions are raised" to be addressed on appeal. *Golden Gate*, 512 F.2d at 1116. Moreover, "[a]ppellate resolution will provide certainty on the certified legal issue sooner rather than later," and "[s]uch certainty will allow the litigation to turn to the remaining issues in an orderly fashion." *Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891, at *5 (N.D. Cal. Nov. 26, 2014).

For these reasons, the Court finds that a stay of proceedings is appropriate pending interlocutory appeal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [128] [131] are **GRANTED**. The Court certifies for appeal its March 31, 2026, Order Denying Plaintiffs' Motion for Judgment on the Pleadings [119]. All proceedings in this action shall be **STAYED** pending a decision by the United States Court of Appeals for the Ninth Circuit as to whether it shall permit such an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). If the Court of Appeals permits an interlocutory appeal, all proceedings shall be stayed, and this matter shall be administratively closed pending resolution of that appeal. The parties shall notify this Court within ten (10) days of any decision by the Court of Appeals as to: (1) whether the Court of Appeals shall permit the appeal; and (2) resolution of the appeal.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku